IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| KIERAN RAVI BHATTACHARYA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:19-CV-00054-NKM-JCH |
| | ) |
| RECTOR AND VISITORS OF THE | ) |
| UNIVERSITY OF VIRGINIA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STAY DISCOVERY PENDING FILING AND RESOLUTION OF MOTION TO DISMISS**

Defendant, the Rector and Visitors of the University of Virginia ("Defendant"), by counsel, requests a limited stay of the discovery deadlines in this Court's Pretrial Order (Dkt. No. 4) pending the filing and resolution of Defendant's Motion to Dismiss. Defendant requests a stay in order to preserve the substance of the sovereign immunity defense that Defendant will assert in its Motion. This request for a brief stay is reasonable and supported by fact and law.

**RELEVANT FACTS AND PROCEDURAL BACKGROUND**

Plaintiff filed this action, pro se, on September 16, 2019. (*See* Dkt. No. 1). The Complaint asserts claims under the First and Fifth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983. Upon Plaintiff's request dated September 24, 2019, Defendant agreed to waive formal service of process ("Waiver of Service"). (Dkt. No. 2.) As stated in the Waiver of Service, Defendant has 60 days from September 24, 2019 to respond to the Complaint. (*Id*.) Defendant thus

calculates that a responsive pleading is due November 23, 2019.[1]  By or before November 23, Defendant expects to file a Motion to Dismiss under Federal Rule 12(b)(1) based on Defendant's absolute sovereign immunity under the Eleventh Amendment to the United States Constitution. Defendant also expects to assert defenses under Federal Rule (12)(b)(6).

On October 1, 2019, this Court entered a Pretrial Order ("Order").  (Dkt. No. 4.)  The Order sets the parties' upcoming discovery and pretrial deadlines, including but not limited to their Rule 26(f) conference (to occur within 14 days of the Order), initial disclosures (within 30 days of the order), and expert disclosures (Plaintiff's to occur within 75 days of the Order and Defendant's to occur 90 days after the Order).  (*Id*.)  The Order gives the parties 10 days to request changes to the proposed discovery schedule.  (*Id*.)  Pursuant to the Order and Federal Rule 26(f), counsel for Defendant and Plaintiff, pro se, conferred by phone on October 8, 2019. Although the parties agreed in principal to certain discovery terms, Plaintiff abruptly ended the Rule 26(f) conference before the parties could complete their conference, including a discussion of the discovery schedule.  Plaintiff terminated the conference because Defendant did not accede to Plaintiff's settlement demand, which caused Plaintiff to lose interest in planning for discovery and shifted Plaintiff's attention to filing an amended complaint.

When the parties spoke again by phone on October 9, Plaintiff stated that he had changed his mind and would no longer be filing an amended complaint.  Defendant then attempted to engage Plaintiff in a continued Rule 26(f) conference.  Specifically, Defendant proposed that the parties delay discovery until Defendant had a chance to raise—and the Court had a chance to resolve—Defendant's Eleventh Amendment sovereign immunity defense.  Defendant explained that the defense would dispose of the entire matter if accepted by the Court.  However, Plaintiff

---

[1] According to the CM/ECF docket entry for the Waiver of Service, a responsive pleading is not due until December 2, 2019.  (Dkt. No. 2.)

refused to consider a delayed discovery schedule, and alternatively refused to an agreed motion to stay discovery. Despite the parties' collaborative October 8 phone conference, Plaintiff also declined to continue planning for discovery by phone and insisted on an in-person conference.[2]

## LEGAL STANDARD

The power to stay discovery is committed to a district court's discretion. *Chaudhry v. Mobil Oil. Corp.*, 186 F.3d 502, 504-505 (4th Cir. 1999) (applying abuse of discretion standard to order staying discovery); *See also M & M Med. Supplies & Servs., Inc. v. Pleasant Valley Hosp., Inc.*, 981 F.2d 160, 163 (4th Cir. 1992) (applying abuse of discretion standard to order limiting discovery). This Court has stayed discovery proceedings in order to resolve dispositive motions, especially when they assert immunity. *See, e.g.*, *Delk v. Younce*, No. 7:24cv00643, 2016 U.S. Dist. LEXIS 43412 at *2-6 (W.D. Va. Mar. 31, 2016) (Moon, J.) (stay of discovery "based on the specter of [defendants'] qualified immunity defense" lifted only to develop factual record in summary judgment proceeding); *Cooper v. Lee Cty. Bd. of Supervisors*, 966 F. Supp. 411, 416 (W.D. Va. 1997) (Jones, J.) (lifting discovery stay only after ruling on immunity issue); *See also Shelton v. Angelone,* 148 F. Supp. 2d 670, 674 (W.D. Va. 2001) (Turk, J.) (lifting discovery stay after ruling on dispositive motions).

## ARGUMENT

Defendant requests a stay of the Pretrial Order's discovery deadlines pending the filing and resolution of Defendant's Motion to Dismiss under Federal Rule 12(b)(1) and (6). Defendant

---

[2] Plaintiff's demand for an in-person Rule 26(f) conference has stymied the parties' progress toward a discovery plan. Due to Plaintiff's history of aggressive and erratic behavior—which prompted the University of Virginia Police Department to issue Plaintiff a four-year 'Trespass Warning' in early 2019, (*See* Dkt. No. 1, Ex. 54,) and which Plaintiff demonstrates by audio recording in Exhibit 46.B to the Complaint—counsel for Defendant is reluctant to attend an in-person conference, especially because Plaintiff is not represented by counsel.

respectfully submits that a limited stay is appropriate because it will preserve the sovereign immunity defense, will not cause prejudice to Plaintiff, and will support judicial economy.

First, granting a limited stay will protect the substance of the sovereign immunity defense. The defense, in short, is that the Eleventh Amendment bars this § 1983 action because Defendant is a state agency that has not consented to be sued for constitutional torts. This immunity is well-established by the United States Supreme Court. *See Alden v. Me.*, 527 U.S. 706, 712-13 (1999) (Eleventh Amendment bars suits by citizens against non-consenting states in state or federal court); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (§ 1983 does not permit suit against state agencies). More than a mere defense to liability, sovereign immunity is a shield against suit itself. *Alden*, 527 U.S. at 713 (1999) ("[I]mmunity from suit is a fundamental aspect of [ ] sovereignty"); *See Delk*, 2016 U.S. Dist. LEXIS at *2 (Moon, J.) (qualified immunity is "immunity from suit and its corresponding burdens in discovery") (citing *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)). Thus, the United States Supreme Court has held that immunity issues should be resolved "at the earliest possible stage in litigation" because requiring an immune party to engage in discovery would effectively abrogate the immunity. *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009) (discussing qualified immunity); *See Delk*, 2016 U.S. Dist. LEXIS at *2 (Moon, J.) (staying discovery is "a logical decision" when immunity from suit is at issue). Because Defendant has a viable sovereign immunity defense, this Court should resolve the issue before subjecting Defendant to discovery.

A stay of discovery is necessary to preserve the immunity issue because the Pretrial Order requires Defendant to engage in discovery almost immediately. The Order requires Defendant to provide initial disclosures by or before October 31, several weeks before Defendant must file its Motion to Dismiss. (*See* Dkt. Nos. 2, 4). In addition, Plaintiff will be free to

4

propound discovery requests as soon as October 15, which is more than one month before Defendant must assert its defenses. *See* Fed. R. Civ. P. 26(d)(1) (discovery period commences on date of Rule 26(f) conference); (Dkt. No. 4 (Rule 26(f) conference to be completed by October 15)). Although Defendant attempted in good faith to negotiate a delayed discovery schedule with Plaintiff, Plaintiff terminated one conference, declined to continue conferring by phone, and in any event refused to move the Court's proposed deadlines. Thus, a Court-ordered stay is Defendant's only recourse to avoid the imposition of the current discovery schedule, which would otherwise effectively deprive Defendant of its constitutionally protected right not to be sued in federal court without its consent. *See Pearson*, 555 U.S. at 231-32 (right not to be sued includes right not to engage in discovery).

Second, a limited stay will not cause prejudice to Plaintiff. Plaintiff's claims do not present matters of particular urgency. Most of the events described in Plaintiff's Complaint occurred almost one year ago, and the only immediate relief Plaintiff seeks is readmission to the School of Medicine "on or around November 4, 2019." (Dkt. No. 1, Prayer for Relief, ¶ d). Because that date is less than one month away and the parties have only just begun litigating, the requested relief is wholly unworkable. Moreover, the fact that Plaintiff asked Defendant to waive formal service, knowing that it would significantly delay the response deadline, shows that Plaintiff's litigation interests are not urgent. Finally, Defendant seeks a limited stay of discovery that would promptly end once the Court resolves the immunity defense. For these reasons, Plaintiff will not face prejudice if the Court grants Defendant's motion.

Third, a stay will promote judicial economy. Defendant's Motion to Dismiss will assert defenses that may dispose of this entire action, precluding the need for discovery or related pleadings. Thus, Defendant respectfully submits that granting a brief stay will relieve the court

5

from the burden of adjudicating potential discovery disputes that may arise before the Court resolves the Motion to Dismiss.

## CONCLUSION

For all of the above reasons, Defendant respectfully requests that the Court grant a limited stay of all discovery deadlines contained in the Pretrial Order until Defendant files and the Court resolves the Motion to Dismiss.

Respectfully submitted,

**RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA**

*/s/ Madeline M. Gibson*

|  |  |
|---|---|
| MARK R. HERRING<br>Attorney General of Virginia<br><br>SAMUEL T. TOWELL<br>Deputy Attorney General | Madeline M. Gibson (VSB No. 87561)<br>Assistant Attorney General<br>Office of the Virginia Attorney General<br>202 North 9th Street<br>Richmond, Virginia 23219<br>Telephone: (804) 692-0551<br>Facsimile: (804) 371-2087<br>Email: mgibson@oag.state.va.us<br><br>*Counsel for the Rector and Visitors of the University of Virginia* |

6

Case 3:19-cv-00054-NKM-JCH   Document 6   Filed 10/11/19   Page 6 of 7   Pageid#: 186

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of October, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and will deliver the foregoing to the following pro se plaintiff and non-CM/ECF user at the following addresses:

Kieran Ravi Bhattacharya:

70 Hale Pili Way
Haiku, HI 96708
(via U.S. Mail)

Campus View Student Condominiums
510 Davis Mills Dr., Apt. 101
Harrisonburg, VA 22801
(via UPS Next Day Air)

/s/ Madeline M. Gibson
Madeline M. Gibson (VSB No. 87561)
Assistant Attorney General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0551
Facsimile: (804) 371-2087
Email: mgibson@oag.state.va.us

*Counsel for the Rector and Visitors of the University of Virginia*