IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| KIERAN RAVI BHATTACHARYA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No.: 3:19-CV-00054 |
| JAMES B. MURRAY, JR., et. al., | ) ) ) ) |
| Defendants. | ) ) |

**FEDERAL RULE OF EVIDENCE 502(d) ORDER**

Plaintiff Kieran Ravi Bhattacharya and Defendants request and submit without objection an Order consistent with Rule 502(d) of the Federal Rules of Evidence. Because such an Order will facilitate efficient e-discovery in this case, the Court grants this request and Orders as follows:

1.  **No Waiver by Disclosure.** This order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a party (the "Disclosing Party") discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

2.  **Notification Requirements; Best Efforts of Receiving Party.** Within twenty-one days of disclosure, a Disclosing Party must notify the party receiving the Protected Information ("the Receiving Party") that it has disclosed that Protected Information without intending a waiver by the

1

disclosure and must explain why the Protected Information is privileged. Within five days of such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph (c)—(i) return, or in the case of electronically stored information, delete, the Protected Information; (ii) destroy all copies (electronic and paper) of the Protected Information and expunge all documents reflecting the contents of the Protected Information; and (iii) provide a written certification that it will cease further review, dissemination, and use of the Protected Information.

In addition, if counsel for a Receiving Party party receives material in a production that in their own independent personal judgment appears likely to be subject to a claim of privilege from a Disclosing Party, counsel for the non-producing party will stop reading and segregate such material and promptly notify counsel for the producing party of the material likely to be privileged so that the producing party may request its return consistent with the terms of this paragraph.

3.   **Contesting Claim of Privilege or Work Product Protection.** If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must—within five business days of receipt of the notice of disclosure—move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

4.   **Stipulated Time Periods.** The parties may stipulate to extend the time periods set forth in paragraphs (2) and (3).

5.     **Burden of Proving Privilege or Work Product Protection.** The Disclosing party has the burden—upon a challenge pursuant to paragraph (3)—of establishing the privileged or protected nature of the Protected Information.

**IT IS SO ORDERED**

ENTERED this   16th   day of June, 2021.

                                                                                    Honorable Joel C. Hoppe
                                                                                     United States Magistrate Judge

4843-0075-7485.1

We ask for this:

*s/      Michael J. Lockerby*
Michael J. Lockerby (VSB No. 24003)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone: (202) 672-5300
Facsimile: (202) 672-5399
Email: mlockerby@foley.com
*Counsel for Plaintiff, Kieran Ravi Bhattacharya*


and

*/s/ Madeline M. Gibson*
Madeline M. Gibson (VSB No. 87561)
Assistant Attorney General
Calvin C. Brown (VSB No. 93192)
Assistant Attorney General
Office of the Attorney General
Commonwealth of Virginia
202 North Ninth Street
Richmond, Virginia 23219
Telephone: (804) 692-0551
Facsimile: (804) 371-2087
Email: mgibson@oag.state.va.us
Email: cbrown@oag.state.va.us
*Counsel for Defendants*

4843-0075-7485.1