IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

|  |  |  |
|---|---|---|
| **KIERAN RAVI BHATTACHARYA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 3:19-CV-00054-NKM-JCH |
| | ) | |
| **JAMES B. MURRAY, JR.,** *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**STIPULATED ORDER REGARDING DISCOVERY OF
DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

The "Parties"—Plaintiff and Defendants—by counsel, respectfully submit this Stipulated Order Regarding Discovery of Electronically Stored Information ("ESI") in the above-captioned matter. Except as expressly stated herein, nothing in this Stipulated Order affects the Parties' discovery obligations or rights under the Federal Rules or Local Rules of this Court.

1. Preservation of Discoverable Information.  The Parties and their counsel shall take reasonable measures to identify, retain, and preserve all documents and sources of ESI in their possession, custody, or control, that contain data, files, and communications relevant to the claims and defenses in this action from all reasonably accessible sources.  The Parties are not required to preserve information from data sources that are not reasonably accessible.  The Parties have notified individuals believed to have relevant documents and ESI of the need to preserve all existing and relevant data, files, and communications.

2. Format of Document Production.  The Parties agree that documents shall be produced electronically in single-page, text-searchable PDF or TIFF image format, with a footer including a sequentially ascending Bates number and confidentiality designation if necessary.

4814-9732-4013

Excel and PowerPoint files and other files that do not easily convert to PDF or single-page TIFF format will be produced in native format. Similarly, a Party may make a reasonable request to receive specific documents in their native format, and upon receipt of such a request, the producing Party shall produce the document in its native format, absent good cause not to comply with the request. The Parties agree to produce ESI on CD, DVD, hard drive, by FTP, or other such common media for storing electronic data. The Parties shall meet and confer in good faith to ensure that the format of each Party's production is compatible with the technical requirements of the receiving Party's document review tool. For efficiency in production and review, the Parties may produce ESI that is de-duplicated globally or across custodians if all duplicated versions are preserved. In addition, parent-child relationships (i.e., the association between an attachment and its parent document) that have been maintained in the ordinary course of business will be preserved. To the extent production in these formats presents unanticipated challenges, the parties will confer as to the most appropriate form for production before seeking relief from the court.

3.      <u>Metadata</u>.  The Parties are not required to produce metadata or other embedded information contained in ESI; provided, however, that any emails that are produced will, at a minimum, reflect the following information on their face: To, From, Cc, Subject Line, and Date and Time Sent. A Party may make a reasonable request for the metadata of specific ESI, and upon receipt of such a request, the Parties shall confer in good faith to devise a plan to produce such ESI, if it exists, in a usable and convenient form which does not unduly burden the producing Party. Nothing in this Order requires the Parties to create or supply metadata that is not maintained in the usual course of business, and the Parties are not required to preserve

metadata fields that are frequently updated in the ordinary course of business, such as last-opened dates.

4. <u>Searching for ESI</u>.  If any Party intends to employ an electronic search to locate discoverable ESI, the producing Party shall disclose to the requesting Party reasonably in advance of production the proposed custodians and search terms and any anticipated technological deficiencies or difficulties which might affect the producing Party's ability to conduct a complete electronic search for ESI.  The Parties agree to meet and confer in good faith in order to reach agreement on custodians and search terms.  The fact that a document may have been identified by application of search terms shall not prevent any Party from withholding or redacting from production such document for lack of responsiveness, privilege, or any other permissible objection.

5. <u>Paper Documents</u>.  All hard copy documents ("Paper Documents") shall be produced as static images.  The images will be in black-and-white, single page, PDF format or 300 DPI, TIFF images with corresponding OCR text.  The Parties will meet and confer in response to reasonable requests for production of specific images in color.  Producing Paper Documents in this form does not change their character from Paper Documents into ESI.  Each Paper Document will contain a footer including a sequentially ascending Bates number and confidentiality designation if necessary.  The Parties may meet and confer to discuss whether metadata for Paper Documents should be exchanged.

6. <u>Native Files</u>.  Spreadsheets, databases, presentation files, audio/video files, and other file types that do not render to image well should be produced in their native format. They should be produced as they are maintained in the course of business.

7. <u>Redactions</u>.  To the extent that a document is produced in redacted form, any redactions shall be clearly indicated on the face of the document where information has been redacted, and a metadata field shall indicate that the document contains redactions.  Where a responsive document contains both redacted and non-redacted content, the producing party shall produce the remainder of the non-redacted portions of the document.  The production of a document in a redacted form does not affect the producing party's obligation to properly document and substantiate the assertion of privilege over the content on a privilege log.  If the redaction is due to a purpose other than privilege, the redaction shall state the reason.  Redacted documents shall be produced in PDF or TIFF image.  Redacted documents need not be produced in native format in the first instance.  The Parties, however, reserve their respective rights to request production of redacted documents in native format upon a showing of good cause, with the understanding that relevant portions of native files to be replaced with "[REDACTED]" or a similar mark as necessary.

8. <u>Outside Productions</u>.  Notwithstanding the production specifications set forth in this Order, to the extent Parties produce documents that were produced in other legal proceedings or from non-parties, the producing party may elect to produce that information in the form it was provided to the producing party.

9. <u>Inadvertent Production of Privileged Information</u>.  Pursuant to Federal Rule of Civil Procedure 26(b)(5) and Federal Rule of Evidence 502(b), the inadvertent production of privileged or work-product-protected ESI does not necessarily constitute a waiver of privilege or immunity.

10. <u>Privilege Log</u>.  The Parties agree that for all documents that are withheld (or

4814-9732-4013

redacted) on privilege or work product grounds, the following information will be provided in a word processing document or Excel spreadsheet:

    (a)    Privilege log reference number;

    (b)    Bates range of document (if applicable);

    (c)    Author(s) (designating which, if any, are attorneys);

    (d)    Recipient(s), including copyee(s) (designating which, if any, are attorneys);

    (e)    Description of the documents (or redacted portion of the document) as set forth in Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure; and

    (f)    Privilege claimed.

Privileged attorney-client communications and work product post-dating the filing of the first complaint in this action need not be placed on a privilege log.

    11.    <u>Modification</u>. This Stipulated Order may be modified by a Stipulated Order of the Parties or by the Court for good cause shown.

It is SO ORDERED this __16th__ day of __June__, 2021.

                                              _____
                                              Honorable Joel C. Hoppe
                                              United States Magistrate Judge

4814-9732-4013

Date:  June 2, 2021

Respectfully submitted,

| | |
|---|---|
| KIERAN RAVI BHATTACHARYA | JAMES B. MURRAY, JR., *et al.*, |
| | |
| By: *s/ Michael J. Lockerby* | By: *s/ Madeline M. Gibson* |
|       Counsel |       Counsel |
| | |
| Michael J. Lockerby (VSB No. 24003) | Madeline M. Gibson (VSB No. 87561) |
| FOLEY & LARDNER LLP | Assistant Attorney General |
| Washington Harbour | Calvin C. Brown (VSB No. 93192) |
| 3000 K Street, N.W., Suite 600 | Assistant Attorney General |
| Washington, D.C. 20007-5109 | OFFICE OF THE ATTORNEY GENERAL |
| Telephone: (202) 672-5300 | Commonwealth of Virginia |
| Facsimile: (202) 672-5399 | 202 North Ninth Street |
| Email: mlockerby@foley.com | Richmond, Virginia 23219 |
| | Telephone: (804) 692-0551 |
| | Facsimile: (804) 371-2087 |
| | Email: mgibson@oag.state.va.us |
| *Counsel for Plaintiff,* | Email: cbrown@oag.state.va.us |
| *Kieran Ravi Bhattacharya* | |
| | *Counsel for Defendants* |

4814-9732-4013