**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

|  |  |  |
|---|---|---|
| KIERAN RAVI BHATTACHARYA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:19-CV-54-NKM-JCH |
| | ) | |
| | ) | |
| JAMES B. MURRAY, JR., et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFNDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff's Motion for leave to file a second amended complaint should be denied. Defendants oppose the Motion primarily because the proposed amendments fail to state a claim and leave to amend would therefore be futile. First, the claims against the new parties are time-barred. Second, one of the new parties Plaintiff seeks to add is a private person who cannot be sued under §1983. Third, the §1983 conspiracy claim Plaintiff seeks to add against existing parties fails for the same reason the Court rejected it the first time: 1) Plaintiff does not allege joint action between the individually named Defendants, and 2) employees of the same university cannot legally form a conspiracy.

In addition to failing to state a claim, the proposed amendments are also prejudicial to the extent Plaintiff attempts to add new allegations solely to support his existing First Amendment claim. Allowing Plaintiff leave to add a host of new allegations to support an existing claim that has already withstood a Federal Rule 12(b)(6) motion to dismiss would serve no apparent purpose

other than forcing Defendants to expend more resources in responding to those allegations, which is inefficient and does not promote judicial economy.

## BACKGROUND

Plaintiff's Proposed Second Amended Complaint ("Proposed Complaint") contains three new defendants, two new counts, and many new allegations. Plaintiff seeks to add Assistant Dean for Medical Education Lesley Thomas ("Dean Thomas") and Senior Associate Dean for Education Randolph Canterbury ("Dean Canterbury") in their official capacities to the existing First Amendment count. *See* Dkt. No. 149-1. Plaintiff also seeks to add a state law defamation count against Angel Hsu ("Dr. Hsu"), Plaintiff's ex-girlfriend and a graduate of the University of Virginia ("UVA") School of Medicine. *See id*. Additionally, Plaintiff seeks to add a § 1983 civil conspiracy count against Dr. Hsu and existing Defendants, including former Assistant Professor Sara Rasmussen ("Dr. Rasmussen"), Associate Dean for Admissions and Student Affairs John Densmore ("Dean Densmore"), who is now named in his individual capacity in addition to his official capacity, Assistant Dean for Medical Education Christine Peterson ("Dean Peterson"), and Associate Professor Nora Kern ("Dr. Kern") (collectively, "Individually Named Defendants"). *See id*.

The new allegations, which span approximately thirty additional pages in the Proposed Complaint, primarily discuss Plaintiff's three involuntary hospitalizations for psychiatric care in January 2017 and November 2018 and Plaintiff's former relationship with Dr. Hsu from 2016 to 2018. *See* Dkt. No. 149-1. Plaintiff does not claim the allegations consist of newly discovered facts, but rather admits to intentionally omitting them from his Original and First Amended Complaints. *See* Dkt. No. 149 at 6.

In his Motion for leave, Plaintiff explains that the purpose of the proposed amendments is "to provide further support for the core First Amendment claim" in light of Defendants' assertion in their Answer to the First Amended Complaint ("Amended Complaint") that Plaintiff was not suspended or banned from UVA grounds because of his comments and questions at an October 25, 2018 microaggression panel discussion. *See* Dkt. No. 149 at 5. However, Plaintiff concedes that the Court already found his First Amendment claim sufficient to withstand a Federal Rule 12(b)(6) dismissal motion. *See id.*; *see also* Dkt. No. 129.

## LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure requires a district court to freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend is not automatic, and the decision to grant leave is "within the sound discretion of the district court." *Bank of Wash. v. Pearson*, 863 F.2d 322, 327 (4th Cir. 1988). Furthermore, "the district court's discretion to deny leave is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." *Fidelity Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986), *cert. denied*, 479 U.S. 1064 (1987). "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Davidson v. Randall*, 912 F.3d 666, 690 (4th Cir. 2019) (quoting *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010)).

## ARGUMENT

I.     **THE COURT SHOULD DENY LEAVE TO ADD NEW PARTIES OR CLAIMS BECAUSE THE AMENDMENTS WOULD BE FUTILE.**

Plaintiff's request for leave to add three new parties and two new claims should be denied on futility grounds. A district court may find an attempt to amend a complaint futile when the

proposed amended complaint fails to state a claim as required by Federal Rule 12(b)(6). *See US. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) ("[A] district court may deny leave if amending the complaint would be futile—that is, 'if the proposed amended complaint fails to satisfy the requirements of the federal rules.'") (quoting *United States ex rel. Fowler v. Caremark RX, LLC*, 496 F.3d 730, 740 (7th Cir. 2009)). Much like an implausibly pleaded claim, a statute of limitations bar requires the dismissal of a claim under Rule 12(b)(6). *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 953-54 (4th Cir. 1995) (affirming sua sponte dismissal of claim on limitations grounds because the face of the complaint plainly revealed the existence of the defense). Plaintiff does not state a claim with respect to the new parties or claims for multiple reasons.

      A.     The Statute Of Limitations Bars A First Amendment Claim Against Dean Canterbury.

"Section 1983 claims brought in this court are governed by Virginia's two-year limitations period for personal injury claims." *Harvey v. Landauer*, No. 7:18-cv-00097, 2020 U.S. Dist. LEXIS 69680, at *24 (W.D. Va. Apr. 17, 2020) (citing *Lewis v. Richmond City Police Dep't.*, 947 F.2d 733, 735 (4th Cir. 1991)). However, federal law governs the date a cause of action accrues, which in this case is "when the plaintiff knows or has reason to know of his injury." *Id*. (quoting *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 389 (4th Cir. 2014)). Therefore, Plaintiff's cause of action accrued, and the statute of limitations began to run, when he knew or should have known that he suffered harm to his First Amendment rights. *See id*.

The face of the Proposed Complaint shows that Plaintiff knew or had reason to know of his alleged First Amendment injuries at or near the time they occurred, which was more than two years before he sought leave to amend. Indeed, the injuries that Plaintiff complains of, including a professionalism concern card, mandatory medical clearance as a condition for returning to class,

involuntary hospitalization, suspension from the School of Medicine, and a no trespass order, occurred more than two years ago in October, November, and December of 2018 and early January 2019. *See generally* Dkt. No. 149-1. Although Plaintiff claims not to have known about the concern card right away, he became aware of it on November 28, 2018, right before the Academic Standards and Achievement Committee ("ASAC") meeting to discuss Plaintiff's enrollment status. *See* Dkt. No. 149-1, ¶ 143. Accordingly, Plaintiff's cause of action against Dean Thomas and Dean Canterbury accrued more than two years before he sought leave to add them as defendants and the claims are therefore time-barred.

Furthermore, Plaintiff cannot avail himself of Federal Rule 15, which extends the statute of limitations under certain circumstances, because those circumstances do not exist here. Federal Rule 15(c)(1)(C) permits an amendment to relate back to the date of the original pleading only when "the amendment changes the party or the naming of the party against whom a claim is asserted . . ." Fed. R. Civ. P. 15(c)(1)(C). However, although the rule "permits a plaintiff to name a new defendant in place of an old one, [it] does not permit a plaintiff to name a new defendant in addition to the existing ones. *Schieszler v. Ferrum College*, 233 F. Supp. 2d 796, 800 (W.D. Va. 2002) (quoting *Onan v. Cty. of Roanoke*, 52 F.3d 321, 1995 U.S. App. LEXIS 9085, at *6-*7 (4th Cir. Apr. 21, 1995)). Because Plaintiff seeks to add Dean Canterbury and Dean Thomas in addition to the existing Defendants rather than in place of any of them, the proposed amendments do not relate back, the claims are time-barred, and leave to add Dean Thomas and Dean Canterbury would be futile. *See Harvey*, 2020 U.S. Dist. LEXIS 69680, at *22-*26 (denying leave to amend because the § 1983 claim was barred by the statute of limitations).

B.      Leave To Add A § 1983 Civil Conspiracy Claim Would Be Futile.

Plaintiff seeks to add a new civil conspiracy claim against the Individually Named Defendants and new party Dr. Hsu under § 1983, alleging that they conspired to deprive Plaintiff of his First Amendment right to free speech. Dkt. No. 149-1, ¶ 206. To state a §1983 conspiracy claim, Plaintiff must satisfy a demanding pleading standard:

> To establish a conspiracy claim under § 1983, a plaintiff must present evidence that the defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the] deprivation of a constitutional right. This burden is weighty. While they need not produce direct evidence of a meeting of the minds, plaintiffs mut come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective. The evidence must, at least, reasonably lead to the inference that the defendants positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan.

*Penley v. McDowell Cty. Bd. of Educ.*, 876 F.3d 646, 658 (4th Cir. 2017) (citations, internal quotation marks, and alterations omitted). The face of the Proposed Complaint reveals that Plaintiff does not make the required showing and it would therefore be futile to allow the amendment.

To start, Plaintiff does not allege that "each member of the alleged conspiracy shared the same conspiratorial objective" to punish Plaintiff for exercising his right to free speech. *See Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). With respect to the Individually Named Defendants, Plaintiff merely alleges that they reacted to Plaintiff's speech in different ways at around the same time, such as by interacting with Plaintiff at a panel discussion (Dr. Rasmussen), meeting with Plaintiff, attending  ASAC meetings, and sending a recording of Plaintiff's comments to a school counselor (Dean Peterson), meeting with Plaintiff about his academic performance and walking Plaintiff to CAPS for counseling (Dean Densmore), and issuing a concern card (Dr. Kern). But those allegations of parallel conduct do not support a reasonable inference that the Individually Named Defendants had a joint agreement to punish Plaintiff for his speech. As the Fourth Circuit

recently held with respect to a §1983 conspiracy claim, "where a conspiracy is alleged, the plaintiff must plead facts amounting to more than 'parallel conduct and a bare assertion of conspiracy.'" *Barrett v. PAE Gov't Servs.*, 975 F.3d 416, 434 (4th Cir. 2020) (quoting *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007))). Moreover, Plaintiff's allegations that Dean Densmore and Dean Peterson communicated with each other about Plaintiff by email do not reveal a joint plan either.

With respect to Dr. Hsu, Plaintiff does not allege that Dr. Hsu even knew about Plaintiff's speech at the panel discussion, let alone that she conspired with the Individually Named Defendants to punish him for it. *See generally* Dkt. No. 149-1. Indeed, the allegations show that Dr. Hsu's purported motive was only to punish Plaintiff for breaking up with her rather than to punish him for his views on microaggression. *See* Dkt. No.149-1, ¶¶ 95, 157, 172. Even assuming, *arguendo*, that Dr. Hsu engaged in such a conspiracy, the First Amendment does not prohibit retaliation for a break-up. And, as explained in Part I.C., *infra*, the conspiracy claim against Dr. Hsu is barred by the two-year statute of limitations that applies to all § 1983 claims because the cause of action accrued between October 2018 and January 2019, which is more than two years before Plaintiff sought leave to add Dr. Hsu as a defendant.

Even if the Proposed Complaint stated the elements of a conspiracy claim, which it does not, the intracorporate conspiracy doctrine once again protects the remaining alleged co-conspirators—the Individually Named Defendants who were all employed by UVA at the time and who were acting in their capacities as faculty and administrators in the School of Medicine. "The intracorporate conspiracy doctrine protects individual defendants who are employees of a corporation and were acting in their capacities as employees in connection with the alleged conspiracy." *Bhattacharya v. Murray*, No. 3:19-cv-00054, 2021 U.S. Dist. LEXIS 63973, at *54

(W.D. Va. Mar. 31, 2021) (citing *Buschi v. Kirven*, 775 F.2d 1240, 1252 (4th Cir. 1985)). Plaintiff's conclusory allegations that the Individually Named Defendants had "an independent personal stake" in their alleged actions involving Plaintiff are not supported by the facts, as the Court previously held in its Memorandum Opinion dismissing Plaintiff's first attempt at a conspiracy claim. *See Bhattacharya*, 2021 U.S. Dist. LEXIS 63973, at \*54; *see also Greenville Pub. Co. v. Daily Reflector, Inc.*, 496 F.2d 391, 399 (4th Cir. 1974) (a plaintiff must allege "an independent personal stake in achieving the corporation's illegal objective" to make corporate officers separate from a corporation).  Moreover, the additional allegations about Dean Densmore and Dean Peterson in the Proposed Complaint continue to show that they acted in their roles as faculty and administrators charged with supporting students' welfare.

In sum, Plaintiff's second attempt to plead a conspiracy claim still fails to state a plausible claim and leave to amend would be futile.

C.       Leave To Add Claims Against Dr. Hsu Would Be Futile.

Defendant seeks leave to add a defamation claim and a § 1983 conspiracy claim against Dr. Hsu, who is not presently a defendant in this action. Although the undersigned counsel do not represent Dr. Hsu, who was a medical student during the events giving rise to this lawsuit rather than a UVA employee, multiple pleading errors compel Defendants to oppose leave to add Dr. Hsu.  Opposing leave to amend is particularly urgent with respect to the unsupported conspiracy claim, which involves the Individually Named Defendants.

Leave to add a §1983 civil rights conspiracy claim against Dr. Hsu would be futile for two reasons: 1) the applicable statute of limitations have long since expired, and 2) Dr. Hsu is a private person who did not act under color of state law. As explained in Part I.A., *supra*, the limitations period for a § 1983 claim is two years, and Dr. Hsu's involvement in the alleged conspiracy

occurred Between October and November of 2018, which was more than two and a half years before Plaintiff sought leave to add Dr. Hsu as a defendant. *See generally* Dkt. No. 149-1. Therefore, the conspiracy claim is time-barred.

In addition, Plaintiff is a private person who cannot be held liable under § 1983. Although private persons act "under color of state law" for purposes of § 1983 if they "willfully participate in joint action with a state official," *Scott v. Greenville Cnty.*, 716 F.2d 1409, 1422 (4th Cir. 1983), Plaintiff fails to allege such joint action by Dr. Hsu and any UVA Defendant. Rather, Plaintiff's conspiracy claim against Dr. Hsu rests on conclusory allegations that are not enough to support an inference that Dr. Hsu conspired to punish Plaintiff for exercising his free speech rights. Furthermore, Plaintiff does not allege that Dr. Hsu even knew about Plaintiff's speech or that her alleged conspiratorial motive was at all speech-related. *See* Dkt. No. 149-1, ¶¶ 95, 157, 172 (alleging Dr. Hsu sought vengeance against Plaintiff for breaking up with her).

Leave to add a defamation claim against Dr. Hsu would also be futile because the claim is time-barred. Virginia law requires that a defamation action be brought within one year after the cause of action accrues. Va. Code § 8.01-247.1. Accordingly, a defamation claim is time-barred if it is brought more than one year after the allegedly defamatory statements were published. *See id.*; *Cominelli v. Rector & Visitors of the Univ. of Va.*, 589 F. Supp. 2d 706, 718 (W.D. Va. 2008), *aff'd*, 362 Fed. Appx. 359 (4th Cir. 2010) (dismissing defamation claim brought more than one year after an alleged defamatory email was sent). As alleged in the Proposed Complaint, Dr. Hsu made the alleged defamatory statements in October and November 2018 as part of an alleged attempt to punish Plaintiff for breaking up with Dr. Hsu. Therefore, the one-year limitations period expired in 2019 and the defamation claim is time-barred.

Furthermore, as with Dean Thomas and Dean Canterbury, Rule 15(c)(1)(C) does not permit the time-barred claims to relate back to the filing of the Original Complaint because Plaintiff seeks to add Dr. Hsu in addition to the existing Defendants rather than in place of an old one. See Part I.A., *supra*.

For all these reasons, leave to add claims against Dr. Hsu would be futile because the Proposed Complaint fails to state a claim upon which relief can be granted. [1]

II.     **THE COURT SHOULD DENY LEAVE TO ADD MORE ALLEGATIONS TO AMPLIFY THE EXISTING FIRST AMENDMENT CLAIM BECAUSE THE AMENDMENTS WOULD BE PREJUDICIAL TO DEFENDANTS.**

Justice does not require the Court to permit Plaintiff to add allegations to a claim that has already withstood a Rule 12(b)(6) dismissal motion, especially because doing so will not advance Plaintiff's case and will require Defendants to spend more time and expense investigating and responding to many of the new allegations. *See e.g.*, *Queens v. West Dev. Corp. v. Honeywell Int'l Inc.*, No. 10-4876-PGS, 2013 U.S. LEXIS 5802, at *23 (D. NJ. Jan. 15, 2013) (denying leave to add unnecessary allegations to a claim that already satisfies the pleading standard). The Court already ruled that Plaintiff's Amended Complaint stated a prima facie First Amendment Retaliation claim so there is no need to amplify the pleading with additional allegations. *See* Dkt. No. 129. In fact, Plaintiff's only stated need for adding new allegations is to counter the assertions in Defendants' Answer, which Plaintiff can do through discovery, at the summary judgment stage, or at trial. But to attempt to counter Defendants' Answer by unnecessarily adding to the Amended Complaint is a backwards and inefficient use of an initial pleading. What is more, Plaintiff's failure

---

[1] Notably, Dr. Hsu has an active "no contact" restraining order against Plaintiff due to Plaintiff's harassing and threatening behavior, which begs the question whether Plaintiff's request to add time-barred claims against Dr. Hsu is merely an attempt to circumvent a court order and continue harassing Dr. Hsu by levying meritless claims against her in a United States court.

to include the new allegations in either of his first two Complaints despite having known about them casts serious doubt on their necessity.

At bottom, allowing Plaintiff to add unnecessary amendments will serve little to no purpose for Plaintiff and will force Defendants to spend time and resources investigating the validity of the allegations at the Answer stage without the benefit of full discovery on the matters. Thus, on balance, allowing leave to amend would be prejudicial to Defendants and should be denied.

## CONCLUSION

For all the above-stated reasons, the Court should deny Plaintiff's Motion for leave to file a Second Amended Complaint.

Respectfully submitted,

/s/ Madeline M. Gibson

MARK R. HERRING
Attorney General of Virginia

SAMUEL T. TOWELL
Deputy Attorney General

MARSHALL H. ROSS
Senior Assistant Attorney General/
Trial Section Chief

Madeline M. Gibson (VSB No. 87561)
Calvin C. Brown (VSB No. 93192)
Brittany A. McGill (VSB No. 92401)
Assistant Attorneys General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0551
Facsimile: (804) 371-2087
mgibson@oag.state.va.us
cbrown@oag.state.va.us
bmcgill@oag.state.va.us
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of June, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will deliver a notice of electronic filing to all counsel of record in this case.

/s/ Madeline M. Gibson
Madeline M. Gibson (VSB No. 87561)
Assistant Attorney General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0551
Facsimile: (804) 371-2087
Email: mgibson@oag.state.va.us

*Counsel for Defendants*