AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| Kieran Ravi Bhattacharya | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:19-cv-54 |
| James B. Murray, Jr., et al. | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Custodian of Records, Metropolitan Psychiatric Services, P.C., 411 8th St NE, Charlottesville, VA 23902

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
   See Attachment A

| Place: Virginia Office of the Attorney General<br>202 N. 9th Street<br>Richmond, VA 23219 | Date and Time:<br><br>08/04/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  07/13/2021

*CLERK OF COURT*
                                                              OR
_____                         /s/ Brittany A. McGill
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* James B. Murray, Jr.,Whittington W. Clement, Robert M. Blue, etc. (All Defendants) , who issues or requests this subpoena, are:
Brittany A. McGill, 202 N. 9th Street, Richmond, VA 23219, BMcGill@oag.state.va.us, (804) 786-0082

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:19-cv-54

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### INSTRUCTIONS

1.      Please furnish all responsive documents in your possession, custody, or control or in the possession, custody or control of your employees, representatives, or agents. Without limitation of the term "control," a Document is deemed to be in your control if you have the right to secure the Document or a copy thereof from another person or public or private entity having actual possession thereof, or if you have the practical ability to obtain the Document from a third-party, irrespective of any legal entitlement to the Document. If any original Document requested is not in your possession, custody, or control, then you are required to produce the best available copy, and to state, to the best of your knowledge, the name and address of the person in possession and/or control of the original. The fact that a Document is in possession of another person or entity does not relieve you of the obligation to produce your copy of the Document, even if the two Documents are identical. In addition, any copy of a Document shall be produced if it differs in any respect from the original (e.g., by reason of handwritten notes or comments having been added to copy which do not appear on the original or otherwise).

2.      If at any time you had possession, custody, or control of a document responsive to these requests and if such document, or portion of such document, has been lost, destroyed, purged or otherwise is not presently in your possession, custody, or control, then: (a) identify the document; (b) state the date of its loss, destruction, purge or separation from your possession or control; (c) state the circumstances surrounding its loss, destruction, purge or separation from your possession or control; and ( d) state its present or last known location, including the name, address and telephone number of each person believed to have possession of such document.

3.      If, in responding to this Subpoena, you encounter any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

4.      Whenever in this Subpoena you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

   (a)      if you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

   (b)      if you are withholding the document on the ground that production is unduly burdensome, describe the burden or expense of the proposed discovery.

(c)     if you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in ¶ 4(a) and ¶ 4(b), please state the reason for withholding the document.

5.     When a document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction notation must be clearly visible on the redacted document.

6.     The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. Words in the masculine, feminine or neuter form shall include each of the other genders.

7.     If the requested documents are maintained in a file, the file folder label is included in the request for production of those documents. If maintained in electronic format, the file name, folder and any other path names or categorizing information is included in the request for production of those documents.

8.     All documents that are required to be produced in response to this Subpoena shall be produced in the following manner:

(a)     All documents maintained by you in an electronic format should be produced in an electronic format; and if such documents are maintained by you in a searchable electronic format, they should be produced in a searchable electronic format. If producing any document in an electronic form creates an undue burden for you, you are to contact defendants' counsel to discuss that burden before the production date indicated on the subpoena with enough time to ensure that you can meet that production date.

(b)     JPG files and photographs shall be produced in JPG format.

(c)     Parent-child relationships (association between an attachment and its parent document) shall be preserved. The attachment(s) shall be produced immediately after the parent document.

(d)     All electronically stored information shall be produced with all metadata associated with the original document intact.

(e)     Spreadsheets and data shall be produced in native format, preferably Excel with column headers.

(f)     Counsel is available to meet and confer as to the production format.

## DEFINITIONS

1.  The terms "you" or "your" refer to the Metropolitan Psychiatric Services, PC. and any officer, employee, agent, representative, or other individual or entity, acting on behalf of or at the direction of the Metropolitan Psychiatric Services, PC.

2.  "Relate to" or "relating to" shall mean consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual matter with the matter discussed.

3.  "Document" and "documents" includes all writings of any kind, including typed, handwritten, or other, and all forms, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. The terms "document" and "documents" specifically include electronic documents and data.

4.  All undefined terms shall be interpreted according to their plain and commonsense meaning.

## REQUESTED DOCUMENTS, ELECTRONICALLY STORED INFORMATION AND THINGS

All documentation in your care, custody or control including, but not limited to, all medical records, narrative reports, doctor's notes, therapists' notes, nurses' notes, chronological records of visits, histories, test results, x-ray reports, medications, patient registration and/or information forms, bills and charges for services, insurance forms and all other documents, including any documents sent to or received from any attorney or any other doctor, hospital or other healthcare provider pertaining or relating to examination of or care or treatment rendered to Kieran Ravi Bhattacharya, DOB: 06/20/1996, at any time in the past.

NOTICE TO HEALTH CARE ENTITIES

A COPY OF THIS SUBPOENA DUCES TECUM HAS BEEN PROVIDED TO THE INDIVIDUAL WHOSE HEALTH RECORDS ARE BEING REQUESTED OR HIS COUNSEL. YOU OR THAT INDIVIDUAL HAS THE RIGHT TO FILE A MOTION TO QUASH (OBJECT TO) THE ATTACHED SUBPOENA. IF YOU ELECT TO FILE A MOTION TO QUASH, YOU MUST FILE THE MOTION WITHIN 15 DAYS OF THE DATE OF THIS SUBPOENA.

YOU MUST NOT RESPOND TO THIS SUBPOENA UNTIL YOU HAVE RECEIVED WRITTEN CERTIFICATION FROM THE PARTY ON WHOSE BEHALF THE SUBPOENA WAS ISSUED THAT THE TIME FOR FILING A MOTION TO QUASH HAS ELAPSED AND THAT:

NO MOTION TO QUASH WAS FILED; OR

ANY MOTION TO QUASH HAS BEEN RESOLVED BY THE COURT OR THE ADMINISTRATIVE AGENCY AND THE DISCLOSURES SOUGHT ARE CONSISTENT WITH SUCH RESOLUTION.

IF YOU RECEIVE NOTICE THAT THE INDIVIDUAL WHOSE HEALTH RECORDS ARE BEING REQUESTED HAS FILED A MOTION TO QUASH THIS SUBPOENA, OR IF YOU FILE A MOTION TO QUASH THIS SUBPOENA, YOU MUST SEND THE HEALTH RECORDS ONLY TO THE CLERK OF THE COURT OR ADMINISTRATIVE AGENCY THAT ISSUED THE SUBPOENA OR IN WHICH THE ACTION IS PENDING AS SHOWN ON THE SUBPOENA USING THE FOLLOWING PROCEDURE:

PLACE THE HEALTH RECORDS IN A SEALED ENVELOPE AND ATTACH TO THE SEALED ENVELOPE A COVER LETTER TO THE CLERK OF COURT OR ADMINISTRATIVE AGENCY WHICH STATES THAT CONFIDENTIAL HEALTH RECORDS ARE ENCLOSED AND ARE TO BE HELD UNDER SEAL PENDING A RULING ON THE MOTION TO QUASH THE SUBPOENA. THE SEALED ENVELOPE AND THE COVER LETTER SHALL BE PLACED IN AN OUTER ENVELOPE OR PACKAGE FOR TRANSMITTAL TO THE COURT OR ADMINISTRATIVE AGENCY.