# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| **KIERAN RAVI BHATTACHARYA** | ) <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) |
| v. | ) Civil Action No.: 3:19-CV-00054 <br> ) |
| **JAMES B. MURRAY, JR., et. al.,** | ) <br> ) <br> ) |
| **Defendants.** | ) <br> ) <br> ) |

## PLAINTIFF'S MOTION TO QUASH SUBPOENA DUCES TECUM (CORRECTED)

This Motion is being filed as a replacement to Dkt. 160, which is a duplicate filing of Dkt. 159 and submitted in error.

Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 45, Plaintiff Kieran Ravi Bhattacharya ("Mr. Bhattacharya"), by counsel, moves to quash or modify the subpoena *duces tecum* issued to the University of Alabama System by Defendants in the above-captioned matter. In support of his Motion to Quash, Mr. Bhattacharya respectfully states as follows:

1. On July 15, 2021, Defendants issued an amended subpoena *duces tecum* upon the University of Alabama System (the "Subpoena") in connection with the above-referenced case. A copy of the Subpoena is attached as Exhibit 1.

2. The Subpoena seeks discovery that is beyond the permissible scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1) in that the documents sought are ***not*** "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  The Subpoena requests an impermissibly broad array of documents, including documents relating to club membership, disciplinary records, financial aid records, academic records, criminal files, and healthcare records.  The records requested were not cited by, nor known to Defendants at the time that they suspended Plaintiff from UVA Med School and thus do not serve to explain or justify their retaliation against Mr. Bhattacharya for his questions and comments at the AMWA Microaggression Panel Discussion.  By no stretch of the imagination can UVA Med School try to justify suspending Mr. Bhattacharya based upon anything that Defendants might try to dig up from his undergraduate club memberships or financial aid records, among other documents sought.

3. In addition, the Subpoena requests the "patient file" from both the University of Alabama Student Health Center ("SHC") and the University of Alabama – University Medical Center (UMC).  The SHC and the UMC are healthcare providers that are required to comply with state and federal privacy laws, including Alabama Code § 27-21A-25, Subpart E of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), and 42 C.F.R. Part 2.

4. Pursuant to Alabama Code § 27-21A-25, HIPPA (42 U.S.C. 1320-d), and 42 C.F.R. § 164.502, the University of Alabama SHC and UMC are prohibited from disclosing Protected Health Information, defined to include all "individually identifiable health information[.]"  42 U.S.C. § 1320d-6.  Individually identifiable health information includes information that "relates to the individual's past, present or future physical or mental health or condition; the provision of health care to the individual; or the past, present, or future payment for the provision of health care to the individual[.]"  45 C.F.R. § 160.103.  The Subpoena requests "The University of Alabama Student Health Center's ("SHC") patient file for Kieran Ravi Bhattacharya (DOB June 20, 1996),

2

including but not limited to all documents and health care records concerning, involving, or relating to the mental and physical health care and treatment of Mr. Bhattacharya[.]" The same is requested from the UMC. The documents requested clearly constitute Protected Health Information as defined in 45 C.F.R. § 160.103.

5. Federal Rule of Civil Procedure 45(3)(A)(iii) provides that, upon timely motion, this Court *must* quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Accordingly, this Court must quash or modify the subpoena to the extent that it seeks Protected Health Information.

6. Accordingly, Plaintiff respectfully requests that this Court quash the Subpoena because it seeks documents and information that are protected by state and federal privacy laws and not within the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(1).

Date: July 30, 2021

Respectfully Submitted,

KIERAN RAVI BHATTACHARYA

By: */s/ Michael J. Lockerby*
                Counsel

Michael J. Lockerby (VSB No. 24003)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone: (202) 672-5300
Facsimile: (202) 672-5399
E-mail: mlockerby@foley.com

*Counsel for Plaintiff,*
*Kieran Ravi Bhattacharya*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July 2021, I electronically filed the foregoing PLAINTIFF'S MOTION TO QUASH SUBPOENA DUCES TECUM (CORRECTED) with the Clerk of the Court using the CM/EMF system and will send the foregoing via email to the following counsel of record for Defendants:

>Madeline M. Gibson, Esq.
>Assistant Attorney General
>Calvin C. Brown, Esq.
>Assistant Attorney General
>Brittany A. McGill, Esq.
>Assistant Attorney General
>Office of the Virginia Attorney General
>Commonwealth of Virginia
>202 North Ninth Street
>Richmond, Virginia 23219
>Email: mgibson@oag.state.va.us
>Email: cbrown@oag.state.va.us
>Email: BMcGill@oag.state.va.us

By: */s/*
      Counsel

Michael J. Lockerby (VSB No. 24003)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone: (202) 672-5300
Facsimile: (202) 672-5399
E-mail: mlockerby@foley.com

*Counsel for Plaintiff, Kieran Ravi Bhattacharya*

4845-2876-5940