UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| KIERAN RAVI BHATTACHARYA | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 3:19-CV-00054 |
| JAMES B. MURRAY, JR., et. al., | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO QUASH SUBPOENA DUCES TECUM**

Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 45, Plaintiff Kieran Ravi Bhattacharya ("Mr. Bhattacharya"), by counsel, moves to quash or modify the subpoena *duces tecum* issued to CVS #1556 ("CVS") by Defendants in the above-captioned matter.

In support of his Motion to Quash, Mr. Bhattacharya respectfully states as follows:

1. On August 13, 2021, Defendants issued a subpoena *duces tecum* upon CVS Store 1556 (the "Subpoena") in connection with the above-referenced case. A copy of the Subpoena is attached as Exhibit 1.

2. CVS is a healthcare provider that is required to comply with state and federal privacy laws, including Virginia Code § 32.1-127.1:03, Subpart E of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), and 42 C.F.R. Part 2.

3. Pursuant to Virginia Code § 32.1-127.1:03, HIPPA (42 U.S.C. § 1320-d), and 42 C.F.R. § 164.502, CVS is prohibited from disclosing Protected Health Information, defined to include all "individually identifiable health information[.]" 42 U.S.C. § 1320d-6. Individually identifiable health information includes information that "relates to the individual's past, present

or future physical or mental health or condition; the provision of health care to the individual; or the past, present, or future payment for the provision of health care to the individual[.]" 45 C.F.R. § 160.103. The Subpoena requests "All prescription drug records or documents showing the proprietary or generic name of the drug prescribed, listing the dosage of the drug prescribed and its frequency of use or administration, and identifying the prescriber of the drug, for all prescriptions submitted to or filled by your pharmacy for Kieran Ravi Bhattacharya, DOB 06/20/1996, at any time in the past." The documents requested clearly constitute Protected Health Information as defined in 45 C.F.R. § 160.103.

4. 45 C.F.R. 164.512(e) provides that, in the absence of a court order, a covered entity may disclose protected health information only if "The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request[.]" Paragraph (e)(1)(iii) provides that "a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documentation demonstrating that: (A) The party requesting such information has made a good faith attempt to provide written notice to the individual. . .(B) The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and (C) The time for the individual to raise objections to the court or administrative tribunal has elapsed, and: (1) No objections were filed; or (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution."

5. CVS has not received the satisfactory assurances required to disclose the requested information, as Mr. Bhattacharya is hereby asserting his timely objection and no court order exists by which disclosures can be made. No order would be appropriate here, because the requested information exceeds the permissible scope of discovery pursuant to Federal Rule of Civil Procedure 26, as detailed in Paragraphs 7 and 8 below.

6. Federal Rule of Civil Procedure 45(3)(A)(iii) provides that, upon timely motion, this Court *must* quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Accordingly, this Court should quash or modify the subpoena to the extent that it seeks Protected Health Information.

7. In addition, the Subpoena seeks discovery that is beyond the permissible scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1) in that the documents sought are *not* "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The health records requested were not cited by nor known to Defendants at the time that they suspended Plaintiff from UVA Med School. As a result, they cannot serve to explain or justify Defendants' retaliation against Mr. Bhattacharya for his questions and comments at the AMWA Microaggression Panel Discussion. *See Gilmore v. Jones*, No. 3:18-CV-00017, 2021 WL 68684, at *6 (W.D. Va. Jan. 8, 2021) (noting that in defending a defamation claim, "only information relevant to the Defendants' state of mind or intent at the time of publication could be relevant to a showing of actual malice" and declining to compel production of documents without temporal limitations as to what may shed light on state of mind); *Scates v. Shenandoah Memorial*

*Hospital*, Civil Action No. 5:15-cv-32, 2016 WL 7379260, at *3 (W.D. Va. Apr. 18, 2016) (limiting discovery requests for medical records that "cover too broad a period" than would be necessary to demonstrate preexisting conditions to defend an emotional distress claim).

8. In this case, the lack of relevancy of the requested records is further demonstrated by the Declaration of Kieran Ravi Bhattacharya attached as Exhibit 2.

9. Accordingly, Plaintiff respectfully requests that this Court quash the Subpoena because it seeks documents and information that are protected by state and federal privacy laws and not within the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(1).

Date: August 27, 2021

Respectfully submitted,

KIERAN RAVI BHATTACHARYA

By: */s/ Michael J. Lockerby*
        Counsel

Michael J. Lockerby (VSB No. 24003)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone: (202) 672-5300
Facsimile: (202) 672-5399
E-mail: mlockerby@foley.com

*Counsel for Plaintiff,*
*Kieran Ravi Bhattacharya*

4848-2529-5352