# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| KIERAN RAVI BHATTACHARYA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:19-CV-00054 |
| ) | |
| JAMES B. MURRAY, JR., et. al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DECLARATION OF KIERAN RAVI BHATTACHARYA

I, Kieran Ravi Bhattacharya, hereby state as follows under penalty of perjury:

1. I make this Declaration to advise the Court of certain facts, of which I have personal knowledge, relevant to Plaintiff's Motion to Quash Defendants' Subpoena to CVS in Charlottesville. The subpoena calls for production of the following:

> All prescription drug records or documents showing the proprietary or generic name of the drug prescribed, listing the dosage of the drug prescribed and its frequency of use or administration, and identifying the prescriber of the drug, for all prescriptions submitted to or filled by your pharmacy for **Kieran Ravi Bhattacharya, DOB: 06/20/1996,** at any time in the past.

2. My understanding, based on Defendants' Answer to ¶ 7 of the First Amended Complaint, is that Defendants now claim that my November 29, 2018 suspension from UVA Med School was related to a January 2017 hospitalization and what the proposed Second Amended Complaint refers to as the "November 14, 2018 and the November 19, 2019 Forced Psychiatric Evaluation." When I was discharged from each of those hospitalizations, my discharge was not contingent upon taking any prescription medications or receiving any form of outpatient treatment.

1

3. Each time, those who examined and released me found me not to be a danger to myself; not to be a danger to others; and not unable to care for myself. Nor was I found to have ever exhibited homicidal ideations; nor was I found to have ever exhibited suicidal ideations. Nor was I found to have any history of or propensity for violence or suicide.

4. Contrary to one of many false statements about me made by Defendants' counsel during the August 23, 2021 discovery dispute hearing, I have never experienced auditory hallucinations of any type for any reason. I have also never communicated orally or in writing to any individual, including any health care professional, that I have experienced auditory hallucinations of any type. Accordingly, I was never at any point ordered to receive any type of outpatient treatment or ordered to take any type of prescription medications following discharge from any of these hospitalizations. Additionally, since being discharged from Poplar Springs Hospital on November 26, 2018, I have never been prescribed or taken any prescribed psychiatric medications of any type, and I have never received any type of psychiatric, psychological, or counseling care for any reason—voluntarily or involuntarily—since November 26, 2018. The only prescription medications that I have received on multiple occasions since November 26, 2018 was Valaciclovir, which was prescribed to treat symptoms of genital herpes in 2018 and 2019. I have not been prescribed any other medications since November 26, 2018, and I have not been prescribed or received prescriptions of any medications in 2020 or 2021. Furthermore, I had never been prescribed any psychiatric medications of any type by anyone for any reason before the January 2017 hospitalization, and I am strongly convinced that my voluntary decision to take certain psychiatric medications in 2017 and 2018 was the worst personal decision that I have ever made.

4814-1322-7512.4

5. The issue of prescription drugs did not come up at the November 28, 2018 ASAC meeting that resulted in my suspension from UVA the following day, November 29, 2018. However, it was later reported to me that the issue had been raised by UVA's counsel in subsequent oral communications with David Heilberg, a criminal defense attorney in Charlottesville who briefly represented me during the ASAC suspension appeal process in December 2018. Mr. Heilberg told me that the issue had been raised in a communication from Lynne Fleming, UVA counsel who had been present at the November 28, 2018 ASAC meeting. By way of background, the November 29, 2018 Suspension Letter (FAC Ex. 53) (Dkt. #33-53) advised me that I had the option of appealing the suspension if I filed my appeal within 14 days. I did so by email dated December 4, 2018 (FAC Ex. 54) (Dkt. #33-54), to which Dean Densmore responded by email later that day (FAC Ex. 55) (Dkt. #33-55) acknowledging that the appeal process had been initiated and that additional information would be provided to me relating to the appeal, which was supposed to take place "as soon as possible (ordinarily within 14 days)." (FAC Ex. 56) (Dkt. #33-56). Thereafter, however, I was unsuccessful in my efforts to get Ms. Fleming to provide the medical student file that I needed to prosecute my appeal until December 20, 2018.

6. In the interim, I had retained David Heilberg to represent me in connection with the appeal. On December 11, 2018, David Heilberg reported to me by phone that Ms. Fleming had told him that UVA Med School was willing to treat the suspension as a withdrawal and allow the possibility of reenrollment in August 2019 if I agreed to, among other requirements, submit routine bloodwork to demonstrate satisfactory concentrations of lithium in my bloodstream and to and to sign a limited confidentiality agreement to prevent any type of disclosure of this perpetual requirement. I did not agree to this perpetual blood offering to demonstrate certain blood concentrations of this alkali metal nor to the accompanying limited confidentiality agreement.

4814-1322-7512.4

I declare under penalty of perjury that the foregoing is accurate to the best of my knowledge, information, and belief.

_____
Kieran Ravi Bhattacharya

**27 August, 2021**
_____
Date