UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| **KIERAN RAVI BHATTACHARYA**, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 3:19-CV-00054 |
| **JAMES B. MURRAY, JR., et. al.,** | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION TO QUASH SUBPOENA DUCES TECUM

Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 45, Plaintiff Kieran Ravi Bhattacharya ("Mr. Bhattacharya"), by counsel, moves to quash or modify the subpoena *duces tecum* issued to Verizon Wireless, LLC ("Verizon Wireless") by Defendants in the above-captioned matter.

In support of his Motion to Quash, Mr. Bhattacharya respectfully states as follows:

1. On August 13, 2021, Defendants issued a subpoena *duces tecum* upon Verizon Wireless (the "Subpoena") in connection with the above-referenced case. A copy of the Subpoena is attached as Exhibit 1.

2. Verizon is an entity providing communication services to the public and as such is required to comply with the Stored Communications Act. *See Quon v. Arch Wireless Operating Co.*, 529 F.3d 892, 903 (9th Cir. 2008), rev'd and remanded on other grounds by *City of Ontario, Cal. v. Quon*, 560 U.S. 746 (2010); *Special Markets Ins. Consultants, Inc. v. Lynch*, No. 11 C 9181, 2012 WL 1565348, at *2 (N.D. Ill. May 2, 2012); *Mintz v. Mark Bartelstein & Assocs., Inc.*, 885 F. Supp. 2d 987, 993 (C.D. Cal. 2012). The Stored Communications Act states that an entity

providing an "electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service ...." 18 U.S.C. § 2702(a)(1). Notably, the Stored Communications Act contains no exceptions for civil discovery subpoenas and governmental entities. *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 611 (E.D. Va. 2008).

3. As an entity providing communication services to the public, Verizon Wireless cannot disclose the contents of any text messages unless Defendants are "an addressee or intended recipient of such communication or an agent of such addressee or intended recipient," 18 U.S.C. § 2702(b)(1), or unless Verizon obtains "the lawful consent of the originator or an addressee or intended recipient of such communication." *Mintz v. Mark Bartelstein & Assocs., Inc.,* 885 F. Supp. 2d 987, 993 (C.D. Cal. 2012) (quoting 18 U.S.C. § 2702(b)(3)). Plaintiff has not given consent to Verizon Wireless to release such information, and if Defendants are seeking any text messages or similar records of which any Defendants was a recipient, Defendants would not need to subpoena them.

4. Moreover, the Subpoena seeks discovery beyond the permissible scope provided by Federal Rule of Civil Procedure 26(b), in that the documents sought are not "relevant to any party's claim or defense and proportional to the needs of the case[.]"

5. As a preliminary matter, "[t]he rules governing non-party subpoenas are coextensive with the general rules governing all civil discovery; thus, a non-party cannot be required to produce any material that a party to the litigation would not also be required to produce." *Liberato v. Armor Corr. Health Servs., Inc.*, No. 3:19CV00042, 2020 WL 2564681, at *2 (W.D. Va. May 20, 2020) (citing *Cook v. Howard*, 484 F. App'x 805, 812 (4th Cir. 2012) (*per curiam*)). Rule 26 of the Federal Rules of Civil Procedure allows discovery of any nonprivileged

matter that is relevant to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26.

6.  First, Defendants request records that are irrelevant and overbroad in terms of the time period that they cover. Defendants request all records for phone number (808) 344-9928, (808) 984-3619,[1] and any account or phone number in the name of Kieran Bhattacharya "from and including August 1, 2016 to December 31, 2019[.]" Exhibit 1 at 4. Defendants claim that their "acts [in suspending Plaintiff] were justified based on Plaintiff's conduct and are legally excused." Answer at 19. The stated purpose of the November 28, 2018 ASAC meeting was to discuss Mr. Bhattacharya's questions and comments at the AMWA Microaggression Panel Discussion, which was the only specific conduct referenced in the November 29, 2018 Suspension Letter (other than the November 28, 2018 ASAC meeting itself). Therefore, only records relevant to the motivations behind the suspension are within the scope of discovery. Plaintiff attended UVA Medical School only between the dates of August 4, 2016 and November 29, 2018, after which Defendants effected the suspension that is central to this lawsuit. However, Defendants request records for more than ***two years before*** any specific conduct related to his suspension occurred and more than ***13 months after*** his suspension. Any text messages and other records covering such an expansive time period before specific conduct related to and after his November 29, 2018 suspension have no relation to the stated bases for Plaintiff's November 2018 suspension from UVA Medical School. *See Gilmore v. Jones*, 2021 WL 68684, at *6 (W.D. Va. Jan. 8, 2021) (noting that in defending a defamation claim, "only information relevant to the Defendants' state of mind or intent at the time of publication could be relevant to a showing of actual malice" and declining to compel production of documents through present day); *Scates v. Shenandoah Memorial Hospital*, Civil Action No.

---

[1] The telephone number (808) 984-3619 is not one that has ever been assigned to Mr. Bhattacharya.

5:15-cv-32, 2016 WL 7379260, at *3 (W.D. Va. Apr. 18, 2016) (limiting discovery requests for medical records that "cover too broad a period" than would be necessary to defend an emotional distress claim).

7. Second, Defendants request records that are irrelevant and overbroad as to subject matter. Defendants request "all records. . .including, but not limited to, any and all text messages, call logs, text message logs, recordings, and phone messages of any kind" for phone number (808) 344-9928, (808) 984-3619, and any account or phone number in the name of Kieran Bhattacharya "from and including August 1, 2016 to December 31, 2019[.]" Exhibit 1 at 4. The requested records are in no way limited to ensure that they relate to the subject matter of the case. *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir.), *cert. denied*, 140 S. Ct. 672 (2019) (stating when discovery is sought from nonparties, "its scope must be limited even more . . . even if they have information that falls within the scope of party discovery").

8. Finally, Defendants' request is duplicative and needlessly involves Verizon Wireless. For "a subpoena directed to a nonparty, the court must also consider three additional factors. First, the court must consider whether the requesting party 'need[s]' the information sought, meaning that the information 'likely (not just theoretically) ... offer[s] some value over and above what the requesting party already has.' Second, the court must consider whether the requesting party can obtain the same or comparable information 'that would also satisfy its needs' from other sources. And third, the court must consider whether the request will impose a 'cognizable burden[ ]' on the nonparty." *Gilmore v. Jones*, 2021 WL 2709669, at *7 (internal citations omitted).

9. Here, Mr. Bhattacharya, at Defendants' previous request, has directly provided to Defendants text messages and call logs from October 24, 2018 to January 3, 2019 that are in his

possession, custody, and control, subject to and without waiving his objections, relating to Roxanne Bhattacharya, Angel Hsu, UVA, any agent or employee of UVA, or any Defendant. Additionally, Mr. Bhattacharya, at Defendants' previous request, has directly provided text messages and phone calls from October 24, 2018 to January 3, 2019 unrelated to the aforementioned individuals and entities. Finally, any further text messages and records between Plaintiff and Defendants can be directly obtained by Defendants if Defendants were the recipient. It is difficult to see how any text messages or call logs beyond these requested and provided would be relevant.

Date:  August 27, 2021

Respectfully submitted,

KIERAN RAVI BHATTACHARYA

By: */s/ Michael J. Lockerby*
         Counsel

Michael J. Lockerby (VSB No. 24003)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone: (202) 672-5300
Facsimile: (202) 672-5399
E-mail: mlockerby@foley.com

*Counsel for Plaintiff,
Kieran Ravi Bhattacharya*

4833-6587-5448.2