IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| **KIERAN RAVI BHATTACHARYA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 3:19-CV-54-NKM-JCH |
| ) | |
| ) | |
| **JAMES B. MURRAY, JR., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO QUASH SUBPOENA DUCES TECUM TO CVS

Defendants, by and through their undersigned counsel, state as follows in opposition to Plaintiff Motion to Quash the subpoena duces tecum ("Subpoena") issued to CVS # 1556 ("CVS") (ECF No. 178):

### RELEVANT FACTS AND PROCEDURAL HISTORY

1. Upon information and belief, Plaintiff was prescribed prescription medication to treat a mental health condition while he attended medical school at the University of Virginia ("UVA") School of Medicine.

2. On August 13, 2021, Defendants issued the Subpoena to CVS, requesting the production of pharmaceutical records related to Plaintiff. A copy of the Subpoena is filed as ECF No. 178-1.

3. Plaintiff argues that CVS is prohibited from producing the requested records pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 C.F.R. § 164.502, and Va. Code § 32.1-127.1:03. Mot. to Quash, ECF No. 178, at ¶ 3.

4. Plaintiff also asserts that the Subpoena seeks discovery beyond the permissible scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1) ("Rule 26"). *Id.* at ¶¶ 7-8.

## ARGUMENT

### I. The Subpoena Complies with HIPAA, Including 45 C.F.R. § 164.502

The HIPAA regulation governing the disclosure of protected health information is found at 45 C.F.R.§ 164.502.[1] Pursuant to that regulation, health care entities may release protected health information as permitted by 45 C.F.R. §164.512. *See* 45 C.F.R. § 164.502(a)(1). Because the Subpoena complies with 45 C.F.R. §164.512, CVS may produce the subpoenaed records.

Health care entities may disclose protected health information when the health care entity receives "satisfactory assurance" that the patient has been given notice of the subpoena, or the party seeking disclosure made a reasonable effort to obtain a protective order. 45 C.F.R. § 164.512(e)(1)(ii). "Satisfactory assurance" of notice to a patient requires written notice and documentation that: (1) the party requesting disclosure has provided written notice to the patient; (2) the notice provided sufficient information about the case to permit the patient to object to the disclosure; (3) the time for the patient to object has expired; and (4) the patient did not object, or all objections have been resolved. 45 C.F.R. § 164.512(e)(1)(iii).

CVS received satisfactory assurance that Defendants provided notice to Plaintiff of the Subpoena as defined by the regulation. The "Notice[s] to Health Care Entities" on the Subpoena expressly confirms said notice. *See* ECF No. 178-1, at 7. The Subpoena contains sufficient

---

[1] Plaintiff cites HIPAA as 42 U.S.C. § 1320d. Mot. to Quash, ECF No. 178, at ¶ 3. That statute provides several definitions, including the definition of "individually identifiable health information," "health care provider," and "health information." The applicable HIPAA regulations are outlined in 45 C.F.R. 164.500, *et seq.*

information about the case to permit Plaintiff to object, as it includes instructions on moving to quash, and Plaintiff has in fact done so. *See id.*, at 3. Upon resolution of the Motion to Quash, Defendants will provide appropriate certification of the resolution to CVS in accordance with 45 C.F.R. § 164.512(e)(1)(iii).

Thus, neither HIPPA nor 45 C.F.R.§ 164.502 prevent CVS from producing the requested records.

## II.     The Subpoena Complies with Virginia Code § 32.1-127.1:03

Plaintiff also asserts that Va. Code § 32.1-127.1:03 prohibits CVS from producing its records. Mot. to Quash, ECF No. 178, at ¶ 3. However, pursuant to Va. Code § 32.1-127.1:03(D)(2), health care entities may release records upon receipt of a subpoena that complies with Va. Code § 32.1-127.1:03(H). Since the Subpoena meets the applicable procedural and good cause provisions of that statute, CVS should produce the pharmacy records.

### a. The Subpoena Complies with the Procedural Requirements of Va. Code § 32.2-127.103(H)

The attorney issuing the subpoena must provide a copy of the subpoena to the other party's counsel simultaneously with the issuance of the subpoena. Va. Code § 32.1-127.1:03(H)(1). The return date on the subpoena must be at least 15 days from the date of the subpoena. *Id.* Additionally, the subpoena must contain the "Notice to Health Care Entities" provided in Va. § 32.1-127.1:03(H)(2).

Defendants' subpoena to CVS complies with § 32.1-127.1:03(H). A copy of Defendants' Notice of Subpoenas Duces Tecum to Plaintiff is attached as <u>Exhibit 1</u>. The return date on the Subpoena is August 31, 2021, 18 days after it was issued. *See* ECF No. 178-1, at 1. The Subpoena also contained the required "Notice to Health Care Entities." *See id.*, at 7.

> b. *Good Cause Exists to Compel Production of the CVS Records Under Va. Code § 32.1-127.1:03(H)(6)*

When a patient moves to quash a subpoena, the Court must determine if good cause exists to compel production over the patient's objection. Va. Code § 32.1-127.1:03(H)(6).

> "[T]he court…shall consider (i) the particular purpose for which the information was collected; (ii) the degree to which the disclosure of the records would embarrass, injure, or invade the privacy of the individual; (iii) the effect of the disclosure on the individual's future health care; (iv) the importance of the information to the lawsuit or proceeding; and (v) any other relevant factor."

*Id.*

Good cause exists to disclose a complete copy of the CVS records because they are highly relevant to the claims and defenses in this lawsuit. Plaintiff's First Amendment claim is based on allegations that Defendants retaliated against him for the views he expressed at a panel discussion by requiring him to obtain medical clearance from a UVA counselor before returning to class, suspending him from medical school, and issuing a No Trespass Order. Am. Comp., ECF No. 33, at ¶¶ 96-100, 117, 142, 144. Defendants deny taking any action against Plaintiff because of his expressed views and intend to prove that Plaintiff faced those consequences because of numerous, escalating incidents of aggressive and inappropriate behavior, possibly triggered by Plaintiff's failure to take his medication as prescribed, ultimately resulting in two involuntary hospitalizations during which Plaintiff was determined to be suffering from a mental health crisis. *See* Ans. to Am. Compl., ECF No. 135, at ¶¶ 7, 119. Plaintiff denies the reality of his behavioral problems and accuses Defendants of misrepresenting his behavior to justify their allegedly unconstitutional actions. *See generally* Proposed Second Amended Complaint, ECF 149-1. Upon information and belief, the CVS records will support the basis for Defendants' actions by showing that Plaintiff's failure to take his medication contributed to a mental health decline in late 2018, causing

4

increasingly serious behavioral problems that threatened the safety of the university community and patients.

Specifically, and upon information and belief, the records are expected to show that Plaintiff was prescribed medication to control his psychotic and manic symptoms and that Plaintiff refused to take his medication as prescribed before and/or during his display of concerning behaviors in the UVA community in the fall of 2018. Furthermore, at least by January 2017, some faculty of the medical school and at least one Defendant knew about Plaintiff's history of untreated mental illness, related concerning behaviors, and the fact that Plaintiff was prescribed medication to manage his symptoms. That knowledge factored into some of the interactions that occurred between Plaintiff and Defendants that contributed to the events at issue in this case.

The information is also expected to show that Plaintiff is an unreliable reporter of his mental health condition and treatment. For example, Plaintiff asserts that he was not required to take medication as a condition of his release from the involuntary hospitalizations. *See* ECF No. 178-2, at ¶¶ 2, 4. However, Plaintiff's declaration omits the fact that, according to reports from Plaintiff, his family, and his treating providers, Plaintiff was not taking his medication as prescribed during the events at issue in this case.[2]

In sum, the records are expected to be highly relevant to the claims and defenses in this action. Therefore, to support their defense, Defendants seek access to prescription records related to Plaintiff's mental health during his matriculation at medical school to accurately and fairly demonstrate the circumstances surrounding what Plaintiff wrongly alleges to be violations of his First Amendment right to free speech.

---

[2] Plaintiff also makes allegations against former UVA counsel and alleges that the School of Medicine was willing to reenroll him upon the condition that he take lithium and be subjected to blood testing. *See* ECF No. 178-2, at ¶¶ 5-6. Defendants deny these allegations.

Defendants have no other way of obtaining the information contained within the CVS records because Plaintiff has refused to sign a release authorizing Defendants to obtain any of his medical records. Furthermore, to the extent any copies of CVS records exist within records kept by Plaintiff's other medical providers, the records are likely to be incomplete. At bottom, Defendants should have the opportunity to pharmacy records containing information relevant to their defense because Plaintiff's mental health is at issue in this case. *See Vannoy v. FRB of Richmond*, No. 3:13-CV-797, 2014 U.S. Dist. LEXIS 80133, at *15 (E.D. Va. June 10, 2014) (citing *Doe v. Marsh*, 899 F.Supp. 933, 935 (N.D.N.Y. 1995) (ordering disclosure of health records because plaintiff "may not have it both ways and claim damages yet seek to conceal evidence which may very well pertain to his claim")).

Disclosure of the CVS records is not likely to significantly embarrass, injure or invade Plaintiff's privacy, as he has already publicly discussed his mental health, involuntary hospitalizations, and medication regimen by filing the proposed Second Amended Complaint and the declaration attached to the Motion to Quash.[3] Additionally, the Court may limit the use and distribution of the CVS records in its order to maintain Plaintiff's privacy; a protective order is already in place.

Accordingly, there is good cause to order the disclosure of the CVS records over Plaintiff's objection pursuant to Va. Code § 32.1-127.1:03(H)(6).

### III.   Discovery of the CVS Records is Permissible Pursuant to Rule 26

Plaintiff also asserts that the Subpoena seeks discovery beyond the permissible scope of discovery under Rule 26. Mot. to Quash, ECF No. 178, at ¶ 7. Specifically, Plaintiff contends that

---

[3] Plaintiff also publicly filed a copy of the Subpoena, showing his name, date of birth, and pharmacy's name, without any redactions. *See* ECF No. 178-1.

6

the CVS records "were not cited by nor known to Defendants at the time that they suspended Plaintiff…." *Id.* To the contrary, least one defendant knew that Plaintiff had a history of untreated mental illness and non-compliance with his prescription regimen during the events alleged in the First Amended Complaint. Nevertheless, Defendants are entitled to obtain these records regardless of whether they previously knew about them.

Rule 26 allows the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." F.R.C.P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

As discussed in the good cause analysis, *supra*, the CVS records relate to the claims and defenses of this highly contested First Amendment case, and Defendants have no other way of obtaining them. Again, one or more Defendants knew that Plaintiff had been prescribed medication for a mental health condition and that Plaintiff had a history of not taking his medication as prescribed. That knowledge justified the actions that Plaintiff now alleges were constitutional violations.

Plaintiff cannot have it both ways. He cannot allege that Defendants misrepresented his behavior and mental state, and then prevent Defendants from gathering information to support their defense of those allegations. CVS has not complained of any burden associated with production of the subpoenaed records. Therefore, Defendants are entitled to discovery of the CVS files pursuant to Rule 26.

## **CONCLUSION**

For the above-stated reasons, the Court should deny Plaintiff's Motion to Quash. Defendants respectfully request the Court enter an order compelling CVS to release the records requested in the Subpoena.

Respectfully submitted,

*/s/ Brittany A. McGill*

| | |
|---|---|
| MARK R. HERRING<br>Attorney General of Virginia<br><br>SAMUEL T. TOWELL<br>Deputy Attorney General<br><br>MARSHALL H. ROSS<br>Senior Assistant Attorney General/<br>Trial Section Chief | Brittany A. McGill (VSB No. 92401)<br>Madeline M. Gibson (VSB No. 87561)<br>Calvin C. Brown (VSB No. 93192)<br>Assistant Attorneys General<br>Office of the Virginia Attorney General<br>202 North 9th Street<br>Richmond, Virginia 23219<br>Telephone: (804) 786-0082<br>Facsimile: (804) 371-2087<br>bmcgill@oag.state.va.us<br>mgibson@oag.state.va.us<br>cbrown@oag.state.va.us<br>*Counsel for Defendants* |

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 2nd day of September, 2021, the foregoing was filed in the CM/ECF system, to be forwarded electronically to:

Michael J. Lockerby (VSB No. 24003)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone: (202) 672-5300
Facsimile: (202) 672-5399
Email: mlockerby@foley.com
*Counsel for Plaintiff*

                                                              */s/ Brittany A. McGill*
                                                              Brittany A. McGill (VSB No. 92401)
                                                              Assistant Attorney General
                                                              Office of the Virginia Attorney General
                                                              202 North 9th Street
                                                              Richmond, Virginia 23219
                                                              Telephone:  (804) 786-0082
                                                              Facsimile:   (804) 371-2087
                                                              Email: bmcgill@oag.state.va.us
                                                              *Counsel for Defendants*