IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| **KIERAN RAVI BHATTACHARYA,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 3:19-CV-54-NKM-JCH |
| **JAMES B. MURRAY, JR., et al.,** | ) |
| **Defendants.** | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO QUASH SUBPOENA DUCES TECUM TO VERIZON WIRELESS, LLC**

Defendants, by and through their undersigned counsel, state as follows in opposition to Plaintiff's Motion to Quash a subpoena duces tecum issued to Verizon Wireless, LLC ("Verizon subpoena")[1] (ECF No. 179):

**RELEVANT FACTS AND PROCEDURAL HISTORY**

1. Upon information and belief, while and after Plaintiff attended the University of Virginia ("UVA") School of Medicine, he used cell phone number (808) 344-9928 with service provider Verizon and/or Cellco Partnership, d/b/a Verizon Wireless ("Cellco").

2. Upon information and belief, cell phone number (808) 984-3619 is also affiliated with Plaintiff.

---

[1] As discussed *infra*, the Verizon subpoena was not served. Defendants later replaced the unserved Verizon subpoena with a subpoena duces tecum to Cellco Partnership ("Cellco subpoena") and properly served the Cellco subpoena. Except for the entity names, the Verizon and Cellco subpoenas are identical and seek the exact same information. Accordingly, Defendants infer that Plaintiff's Motion to Quash the Verizon subpoena also applies to the Cellco subpoena and Defendants address their argument herein to both subpoenas.

3. On August 13, 2021, Defendants issued a subpoena duces tecum to Verizon, requesting the production of records related to Plaintiff and the above listed telephone numbers. *See* ECF No. 179-1.

4. Defendants did not serve the Verizon subpoena and no longer intend to serve it.

5. On August 30, 2021, Defendants issued a subpoena duces tecum to Cellco Partnership requesting production of the same documents requested in the Verizon subpoena. Exhibit 1, Cellco subpoena.

6. Plaintiff argues that the Stored Communications Act prohibits Verizon from producing the contents of any text messages. Mot. to Quash, ECF No. 179, at ¶¶ 3-4.

7. Plaintiff also asserts that Defendants seek discovery beyond the permissible scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1) ("Rule 26"). *Id.* at ¶¶ 4-9.

## ARGUMENT

Plaintiff is wrong on both accounts. The Stored Communications Act does not prevent Cellco or Verizon from producing the subpoenaed information, and the discovery sought by the subpoenas is relevant to the claims and defenses in this case.

### I. The Stored Communications Act does not Prevent Cellco/Verizon from Producing the Content of Communications with the Named Defendants and Other UVA Officials

Plaintiff argues that the Stored Communications Act generally prevents Cellco/Verizon from producing the content of electronic communications such as text messages in response to a subpoena. *Id.* at ¶ 2; 18 U.S.C. § 2702(a)(1). He concedes, however, that the Stored Communications Act, permits Cellco/Verizon to produce the content of electronic communications with Defendants. *Id.* at ¶ 3; 18 U.S.C. § 2702(b)(1). Accordingly, the limitations placed upon Cellco/Verizon by the Stored Communications Act do not provide justification for

quashing the subpoena as a whole. Instead, Defendants are entitled to receive all electronic communications with the named Defendants and with any other UVA officials.

## II. Discovery of the Cellco/Verizon Records is Permissible Pursuant to Rule 26

Plaintiff also asserts that the subpoena seeks discovery beyond the permissible scope of discovery under Rule 26. Mot. to Quash, ECF No. 179, at ¶¶ 4-9. *Id.* To the contrary, the Subpoena requests discoverable information that is relevant to the claims and defenses in this matter.

Rule 26 allows the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." F.R.C.P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

The Cellco/Verizon records are highly relevant to the claims and defenses in this lawsuit. Specifically, and upon information and belief, Defendants expect the records to show that Plaintiff made repeated, harassing phone calls to a fellow medical student and at least one UVA official in November or December 2018, which was part of a pattern of concerning behavior that led to Plaintiff's suspension and ban from grounds. Evidence of those repeated, harassing phone calls is expected to support the defense that Plaintiff faced disciplinary action because of serious behavioral issues rather than for speech-related reasons, which Plaintiff wrongly asserts in his First Amendment claim. Furthermore, upon information and belief, the phone records will provide Defendants with evidence of communications between Plaintiff and other individuals about the events at issue in this case and information to investigate such communications further. Finally,

3

calls and text messages related to Plaintiff's mental health, such as those to UVA faculty, UVA counseling services, mental health professionals, Plaintiff's roommates and family members, and Dr. Hsu, may support Defendants' observations that Plaintiff was behaving unprofessionally and, relatedly, that Plaintiff had an untreated mental health condition causing serious behavioral problems.[2]

Plaintiff asserts that the subpoena improperly requests records "for more than two years before any specific conduct related this suspension occurred and more than 13 months after his suspension," Mot. to Quash, ECF No. 179, at ¶ 6, and "[t]he requested records are in no way limited to ensure that they relate to the subject matter of the case," *id.* at ¶ 7. However, Plaintiff attempts to impose a double standard for discovery on Defendants, as Plaintiff's own discovery requests seek thousands of documents without *any* limitation on time and/or subject matter. Exhibit 2, Pl.'s First Discovery Requests, at 9-10, 12-13, 15-16 (Document Request Nos. 2, 3, 12, 13, 16, 23); Exhibit 3, Pl.'s Second Discovery Requests, at 9-10 (Document Request Nos. 66-67). Plaintiff has also asked Defendants to produce documents and admit statements relating to specific events that occurred well before Plaintiff faced any of the discipline he challenges in this lawsuit. Exhibit 2 at 10-11, 15-16, 18, 20, 24 (Document Request Nos. 4, 7, 25, 28-30, 34, 44; Request for Admission Nos. 2-4);[3] Exhibit 3, at 10-11 (Document Request No. 69, Request for Admission No. 15). Additionally, Plaintiff has issued third-party subpoenas requesting the production of materials

---

[2] As discussed in Defendants' oppositions to the other Motions to Quash filed in this case, Plaintiff's mental health is at issue. Defendants' observations of Plaintiff's mental health in 2017 and 2018 was a factor in the actions Plaintiff now alleges were constitutional violations. Plaintiff accuses Defendants of misrepresenting Plaintiff's mental health.

[3] Document Request No. 25 and Requests for Admission Nos. 2-4 relate to a Professionalism Concern Card issued in May 2018. *See* Ex. 1, at 5. Request Nos. 28-30 involve an "unauthorized medical procedure" allegedly performed by Dr. Hsu and an alleged Professionalism Concern Card in November 2017. Proposed Second Am. Compl., ECF No. 149-1, at ¶ 61.

4

from time periods before and after his enrollment at the Medical School and third-party subpoenas requesting the production of records without limitation to subject matter. Exhibit 4, Subpoena Duces Tecum to Dr. Angel Hsu, at 7; Exhibit 5, Subpoena Duces Tecum to Mazin Elsarrag, M.D., at 7; Exhibit 6, Subpoena Duces Tecum to Catherine Richard, at 7; Exhibit 7, Subpoena Duces Tecum to Yusef Ali, at 7; Exhibit 8, Subpoena Duces Tecum to John T. Morgan, at 7.

Plaintiff cannot have it both ways. He cannot conduct discovery with respect to events that happened years before the October 25, 2018 Panel Discussion and more than a year after his November 29, 2018 suspension while requiring Defendants to limit their discovery to a shorter time. Likewise, he cannot conduct discovery of topics unrelated to the discipline he challenges in this lawsuit while limiting Defendants' discovery to only those topics. Furthermore, the time period in the Verizon and Cellco subpoenas, August 1, 2016 through December 31, 2019, is narrowly tailored to seek relevant information because it merely spans Plaintiff's tenure as a UVA medical student and the period after Plaintiff's suspension and ban from grounds when he discussed those events at length on multiple platforms, which likely includes his cell phone.

Lastly, Cellco/Verizon has not complained of any burden associated with the production of the subpoenaed records.

Thus, Defendants are entitled to discovery of the Cellco/Verizon records pursuant to Rule 26.

## **CONCLUSION**

For the above-stated reasons, the Court should deny Plaintiff's Motion to Quash. Defendants respectfully request the Court enter an order compelling Cellco/Verizon to produce the requested records.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | */s/ Brittany A. McGill* |
| MARK R. HERRING<br>Attorney General of Virginia | Brittany A. McGill (VSB No. 92401)<br>Madeline M. Gibson (VSB No. 87561)<br>Calvin C. Brown (VSB No. 93192) |
| SAMUEL T. TOWELL<br>Deputy Attorney General | Assistant Attorneys General<br>Office of the Virginia Attorney General<br>202 North 9th Street |
| MARSHALL H. ROSS<br>Senior Assistant Attorney General/<br>Trial Section Chief | Richmond, Virginia 23219<br>Telephone: (804) 786-0082<br>Facsimile: (804) 371-2087<br>bmcgill@oag.state.va.us<br>mgibson@oag.state.va.us<br>cbrown@oag.state.va.us<br>*Counsel for Defendants* |

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 9th day of September, 2021, the foregoing was filed in the CM/ECF system, to be forwarded electronically to:

Michael J. Lockerby (VSB No. 24003)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone: (202) 672-5300
Facsimile: (202) 672-5399
Email: mlockerby@foley.com
*Counsel for Plaintiff*

              /s/ Brittany A. McGill
              Brittany A. McGill (VSB No. 92401)
              Assistant Attorney General
              Office of the Virginia Attorney General
              202 North 9th Street
              Richmond, Virginia 23219
              Telephone: (804) 786-0082
              Facsimile: (804) 371-2087
              Email: bmcgill@oag.state.va.us
              *Counsel for Defendants*