**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

| | | |
|---|---|---|
| **KIERAN RAVI BHATTACHARYA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **3:19-CV-00054-NRM-JCH** |
| **JAMES B. MURRAY JR.,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

<u>**MR. BHATTACHARYA'S FIRST DISCOVERY REQUESTS**</u>

Pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 36, Plaintiff Kieran Ravi Bhattacharya hereby requests that Defendants, within thirty (30) days of service or such other time period as ordered by the Court and in accordance with the definitions and instructions below:

1.      respond to the following requests for documents ("Mr. Bhattacharya's First Document Requests") by producing and permitting Bhattacharya, including his attorneys and agents, to inspect and copy responsive documents at the offices of Foley & Lardner LLP, Washington Harbour, 3000 K Street, N.W., Suite 600, Washington, D.C. 20007;

2.      admit the truth of the following requests for admission ("Mr. Bhattacharya's First RFAs"); and

3.      answer fully and separately, in writing and under oath, the following interrogatories ("Mr. Bhattacharya's Interrogatories").

<u>**DEFINITIONS**</u>

For the purposes of Defendants' answers to Mr. Bhattacharya's First Document Requests, Mr. Bhattacharya's First RFAs, and Mr. Bhattacharya's Interrogatories (collectively, "Mr. Bhattacharya's First Discovery Requests") the following definitions shall apply:

4819-5370-8756.4

1.      "Document(s)" means any and all documents, tangible things, and writings of any kind as defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and includes, without limitation, agreements, purchase orders, invoices, receipts, accounting records, contracts, bills of lading, shipping records, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, telex, faxes, minutes, contracts, reports, studies, statements, summaries, interoffice and intra-office Communications, notations of any sort of conversations, telephone calls, meetings or other Communications, computer printouts, tape recordings, audiotapes, videotapes, charts, graphs, and electronic, mechanical or electronic records, compact discs, computer discs, computer tapes, computer software, electronically stored media, and any other form of stored information.

2.      "Communication(s)" means any contact or exchange of information between two or more Persons, including, without limitation, by such means as electronic mail, letters, memoranda, reports, computer transmissions, text messages, instant messages, telegrams, telexes, and fax messages including all attachments to or enclosures therewith, and including transcriptions or summaries of conversations, voicemail messages or interviews.

3.      "Relating to" or "relate(s) to" are used in their broadest sense and means referring to, describing, evidencing, containing, supporting, rebutting, reflecting, refuting, negating, pertaining to, comprising, memorializing, identifying, verifying, and/or in any way involving or having a logical connection to the subject matter of the request, in whole or in part.

4.      "Identify" (with respect to Communications).  When referring to Communications, "identify" means to state, to the extent known, the (i) name(s), address(es), and last known place(s) of employment of the parties to the Communication; (ii) the subject matter of the Communication;

2

(iii) the location(s) of the Communication; (iv) the mode of Communication, (e.g., written, by telephone, meeting, etc.); and (v) the date of the Communication.

5.      "Identify" (with respect to Documents).  When referring to Documents, "identify" means to state, to the extent known or reasonably ascertainable, the (i) type of Document; (ii) its general subject matter; (iii) the date of the Document; and (iv) its author(s), addressee(s), and recipient(s).  If the foregoing information is not available, state whether it is (i) missing or lost, (ii) destroyed, (iii) transferred, voluntarily or involuntarily, to others, or (iv) otherwise disposed of and, in each instance, explain the circumstances surrounding the authorization for such disposition thereof and state the date or approximate date thereof.

6.      "Identify" (with respect to Persons).  When referring to a person, "identify" means to state, to the extent known or reasonably ascertainable, the person's full name and current or last known address.  When referring to a natural person, "identify" means, additionally, to provide the individual's present or last known place of employment.  Once a person has been identified in accordance with the foregoing definition, only the name of that person need be listed in response to subsequent discovery requests calling for the identification of such person.

7.      "Person(s)" means any natural person, firm, association, organization, partnership, business, trust, corporation, or entity.

8.      "You" or "Your" refers to each of Defendants—the University Defendants, the UVA Med School Defendants, and the Individual Co-Conspirators—as those terms are defined herein.

9.       "Mr. Bhattacharya" refers to Plaintiff Kieran Ravi Bhattacharya.

10.     "Rector" refers to James B. Murray Jr., Rector of the Board of Visitors of the University of Virginia.

11.     "Vice Rector" refers to Whittington W. Clement, Vice Rector of the Board of Visitors of the University of Virginia.

12.     "UVA Med School" refers to the University of Virginia School of Medicine.

13.     "Members of the Board of Visitors of the University of Virginia" refers to Robert M. Blue; Mark T. Bowles; L.D. Britt, M.D., M.P.H.; Frank M. Conner III; Elizabeth M. Cranwell; Thomas A. Depasquale; Barbara J. Fried; John A. Griffin; Louis S. Haddad; Robert D. Hardie; Maurice A. Jones; Babur B. Lateef, M.D.; Angela Hucles Mangano; C. Evans Poston Jr.; James V. Reyes; and Peter C. Brunjes.

14.     "Ms. Fielding" refers to Melissa Fielding, Deputy Chief of Police of the University of Virginia.

15.     "Mr. Longo" refers to Timothy Longo, Sr., Interim Chief of Police of the University of Virginia.

16.     "Ms. Graham" means Gloria Graham, Esq., Former Associate Vice President, Safety and Security, of the University of Virginia.

17.     "University Defendants" refers to the Rector, Vice Rector, Members of the Board of Visitors of the University of Virginia, Mr. Longo, and Ms. Fielding.

18.     "Dean Densmore" refers to John J. Densmore, M.D., Ph.D., Associate Dean for Admissions and Student Affairs, University of Virginia School of Medicine.

19.     "Dr. Tucker" refers to Jim B. Tucker, M.D., Chair of the Academic Standards and Achievement Committee, University of Virginia School of Medicine.

20.     "UVA Med School Defendants" refers to Dean Densmore and Dr. Tucker.

21.     "Dean Peterson" refers to Christine Peterson, M.D., Assistant Dean for Medical Education, University of Virginia School of Medicine.

4819-5370-8756.4

22.     "Professor Kern" refers to Nora Kern, M.D., Assistant Professor of Urology, University of Virginia School of Medicine.

23.     "Professor Rasmussen" refers to Sara K. Rasmussen, M.D., Ph.D., Associate Professor, University of Virginia School of Medicine.

24.     "Individual Co-Conspirators" refers to Dean Peterson, Professor Kern, and Professor Rasmussen collectively.

25.     "Sean Reed" means Sean W. Reed, M.D., Associate Professor of the University of Virginia School of Medicine.

26.     "Dean Canterbury" means Randolph J. Canterbury, M.D., Senior Associate Dean for Education at UVA Med School.

27.     "Panel Discussion" refers to the October 25, 2018 panel discussion on "microaggression" sponsored by the newly formed UVA Med School chapter of the American Medical Women's Association.

28.     "Defendants" refer to the University Defendants, the UVA Med School Defendants, and the Individual Co-Conspirators collectively.

29.     "ASAC" or the "Committee" refers to UVA Med School's Academic Standards and Achievement Committee.

30.     "Policy" means UVA Med School's Policy on Academic and Professional Enhancement.

31.     "Professionalism Concern Card" has the meaning set forth in the Policy.

32.     The "First Professionalism Concern Card" means the May 4, 2018 10:52 a.m. Professionalism Concern Card against Mr. Bhattacharya attached as **Exhibit 10** to the First Amended Complaint.

5

33.     The "Second Professionalism Concern Card" means the October 25, 2018 9:04 p.m. Professionalism Concern Card against Mr. Bhattacharya attached as **Exhibit 13** to the First Amended Complaint.

34.     "Dr. Hsu" means Angel Hsu, M.D., formerly a student at UVA Med School.

35.      "Person(s)" means any natural person, firm, association, organization, partnership, business, trust, corporation, or entity.

36.     "You" or "Your" refers to each of Defendants—the University Defendants, the UVA Med School Defendants, and the Individual Co-Conspirators—as those terms are defined herein.

4819-5370-8756.4

## <u>INSTRUCTIONS</u>

1.      Mr. Bhattacharya's First Discovery Requests shall be deemed to seek responses as of the date hereof and shall also be deemed to be continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure so as to require further and supplemental responses such that if additional information relating in any way to Mr. Bhattacharya's First Discovery Requests becomes known to You that in any way modifies your responses to Mr. Bhattacharya's First Discovery Requests up to and including the time of trial, You shall immediately furnish to Bhattacharya your revised responses incorporating all such modification(s).

2.      If Defendants claim that any one of Mr. Bhattacharya's First Discovery Requests is overly broad, unduly burdensome, irrelevant, or otherwise objectionable, You must specifically state the nature of your objection and all grounds therefor.  You must respond to that portion of the discovery request which is unobjectionable and specifically identify the respect in which the discovery request is allegedly overly broad, unduly burdensome, irrelevant, or otherwise objectionable.

3.      When any copy of any Document responsive to Mr. Bhattacharya's First Discovery Requests is not identical to the original or any copy thereof by reason of any notes, comments, markings, alterations, or material contained thereon, deleted therefrom, or attached thereto, or otherwise, all such non-identical copies shall also be produced.

4.      Documents shall be produced in all respects as they are maintained in the ordinary course of business, including file folders or other identifying information, and identified or segregated to correspond to the particular numbered request to which they are considered responsive.

4819-5370-8756.4

5.     If any Document or information is withheld on the basis of a claim of privilege or immunity, within the time required by Rule 26(C), with respect to each such Document, communication, or other information, state (i) the date of the Document or Communication for which privilege or immunity is claimed, (ii) the author(s) and recipient(s) of the Document or the parties to the Communication for which privilege or immunity is claimed, (iii) the nature of the claimed privilege or immunity, (iv) the nature of the information for which privilege or immunity is claimed, and (v) the specific number(s) of Mr. Bhattacharya's First Discovery Requests to which the document is responsive.

6.     If any Document the production or identification of which is required by Bhattacharya's First Discovery Requests has been destroyed, discarded, or lost, or is no longer in existence or within Your possession, custody, or control, provide the following information:  (i) the date of the Document (or if the precise date is not known or ascertainable, the best approximation thereof); (ii) its title; (iii) the name and position of each Person who prepared or assisted in preparing the Document; (iv) the name and position of each Person to whom the Document was addressed or who has seen, has had possession or custody of, or has received disclosure of the contents of the Document or any copy thereof; (v) the subject matter of the Document; the (vi) specific number(s) of Mr. Bhattacharya's First Discovery Requests to which the Document would have been responsive; (vii) the date it was destroyed, discarded, or lost or when it otherwise left Your possession, custody, or control; (viii) the method of and reason for its destruction, discard, or loss, if any; (ix) the identity of the Document's last custodian and of each person responsible for the Document's destruction, discard, or loss, if any; and (x) the identity of any person whom you reasonably believe has, had, or may have present possession, custody, or control of the Document.

4819-5370-8756.4

7.      If you cannot answer an interrogatory in full after exercising due diligence to secure the information, answer to the extent possible and explain Your inability to provide a complete answer and state whatever information or knowledge You have about the unanswered portion of any interrogatory.

8.      For each of Mr. Bhattacharya's First RFAs that You do not admit in full, You must specifically admit all elements of that request for admission that can be admitted and qualify or deny the remainder.

9.      If You cannot truthfully admit or deny one or more of Mr. Bhattacharya's First RFAs due to a lack of information or knowledge, You must certify that You have made a reasonable inquiry and that the information both known by and available to You is insufficient to enable You to admit or deny the request for admission.

10.      If You fail to admit any of Mr. Bhattacharya's First RFAs the truth of which is later proven by Mr. Bhattacharya, pursuant to Federal Rule of Civil Procedure 37(c)(2), Mr. Bhattacharya will be entitled to recover his reasonable expenses, including attorneys' fees, incurred in making such proof.

11.      Unless otherwise specified, the "Relevant Time Period" for Mr. Bhattacharya's First Discovery Requests is August 4, 2016 through February 3, 2020.

## REQUESTS FOR PRODUCTION

**Document Request No. 1:**

All Documents identified in response to Mr. Bhattacharya's Interrogatories and Mr. Bhattacharya's First RFAs.

**Document Request No. 2:**

All Communications between any Defendant and Mr. Bhattacharya.

9

**Document Request No. 3:**

All Communications and other Documents in which Mr. Bhattacharya is named.

**Document Request No. 4:**

Communications between or among UVA Med School students, faculty, and administration and with anyone else relating to Mr. Bhattacharya's statements and conduct during the November 2016 election town halls at UVA Med School, including such communications to which any one of the following Persons was a party: Dean Peterson and Dean Canterbury.

**Document Request No. 5:**

Communications between or among UVA Med School students, faculty, and administration and with anyone else relating to Mr. Bhattacharya's statements and conduct during the October 25, 2018 AMWA Microaggression Panel Discussion, including such communications to which any one of the following Persons was a party:

      a.      John T. ("J.T.") Morgan;

      b.      Dean Densmore;

      c.      Joanne C. Mendoza, M.D.;

      d.      Yusuf Ali;

      e.      Elizabeth B. Bradley, Ph.D.

      f.      Anonymous Student #1 referenced in Plaintiff's Initial Disclosures;

      g.      Anonymous Student #2 referenced in Plaintiff's Initial Disclosures;

      h.      Dr. Tucker;

      i.      Dean Peterson;

      j.      Dr. Hsu;

k.      Professor Rasmussen;

l.      Professor Kern;

m.      Catherine L. ("Katie") Richard, LPC;

n.      Associate Dean Mason;

o.      Brielle Gerry, M.D.;

p.      Assistant Dean Thomas; and

q.      Dean Canterbury.

**Document Request No. 6:**

UVA Med School's Policy on Academic and Professional Enhancement (the "Policy").

**Document Request No. 7:**

Dean Canterbury's Communications:

a.      with UVA Med School students, faculty, and administration relating to Mr. Bhattacharya's statements and conduct during the November 2016 election town halls at UVA Med School;

b.      with UVA Med School students, faculty, and administration relating to Mr. Bhattacharya's statements relating to Mr. Bhattacharya's statements and conduct during the October 25, 2018 AMWA Microaggression Panel Discussion;

c.      relating to Mr. Bhattacharya; and

d.      with Mr. Bhattacharya, including a November 27, 2018 email.

**Document Request No. 8:**

Assistant Dean Thomas's Communications:

a.      relating to Mr. Bhattacharya's statements and conduct during the November 2016 election town halls at UVA Med School;

4819-5370-8756.4

b.      relating to Mr. Bhattacharya's statements and conduct during the October

25, 2018 AMWA Microaggression Panel Discussion;

c.      with and among ASAC members relating to Mr. Bhattacharya;

d.      relating to the November 14, 2018 ASAC Meeting;

e.      relating to the November 28, 2018 ASAC Meeting; and

f.      relating to the presence of University of Virginia police at the November

28, 2018 ASAC Meeting.

**Document Request No. 9:**

Communications requesting the presence of University of Virginia Police at the

November 28, 2018 ASAC Meeting.

**Document Request No. 10:**

All Documents and Communications relating to the October 26, 2018 3:11 p.m. Listening

post – General Evaluation and the October 26, 2018 4:59 p.m. Listening post – General

Evaluation, including Documents sufficient to Identify the Person(s) responsible for such

postings.

**Document Request No. 11:**

Communications that Dean Densmore had with UVA Med School students, faculty, and

administration and with anyone else relating to Mr. Bhattacharya's statements and conduct

during the October 25, 2018 AMWA Microaggression Panel Discussion.

**Document Request No. 12:**

Communications between or among UVA's Med School students, faculty, and

administration and with anyone else relating to Mr. Bhattacharya's medical history and medical

4819-5370-8756.4

treatment, including such communications to which any one of the following Persons was a party:  Dean Peterson, Dean Densmore, Dean Canterbury, and Dr. Hsu.

**Document Request No. 13:**

Communications that Dean Densmore had with UVA Med School students, faculty, and administration and with anyone else relating to Mr. Bhattacharya's medical history and medical treatment.

**Document Request No. 14:**

Dean Densmore's Communications with Mr. Bhattacharya, including:

  a.  Dean Densmore's October 26, 2018 email to Mr. Bhattacharya;

  b.  Dean Densmore's meetings with Mr. Bhattacharya on November 1, 2018, November 14, 2018, and November 19, 2018;

  c.  Dean Densmore's email exchanges with Mr. Bhattacharya on November 14, 2018, November 15, 2018, November 16, 2018, November 18-19, 2018, November 26, 2018, November 27, 2018, December 4, 2018 – January 3, 2019, and July 12, 2019.

**Document Request No. 15:**

Any audio or video recordings of the Communications referenced in the foregoing Document Requests No. 14.

**Document Request No. 16:**

Dean Densmore's Communications with UVA Med School students, faculty, and administration and with anyone else relating to Mr. Bhattacharya.

13

**Document Request No. 17:**

Communications with and within the University of Virginia Medical Center and Counseling and Psychological Services ("CAPS") relating to Mr. Bhattacharya, including the statements attributed to him by Catherine Richard on November 14, 2018.

**Document Request No. 18:**

Documents sufficient to show the following with respect to UVA Med School's Academic Standards and Achievement Committee ("ASAC"):

    a.    Any guidelines, policies, or compliance training with respect to the First Amendment;

    b.    Any guidelines, policies, or compliance training with respect to due process; and

    c.    Any guidelines, policies, or compliance training with respect to the use of "counseling," psychological evaluation, and medication for students who express views on social or political topics contrary to those of other students, faculty, and administration at UVA Med School.

**Document Request No. 19:**

Communications with and among ASAC members relating to Mr. Bhattacharya, the October 25, 2018 AMWA Microaggression Panel Discussion, and Dr. Hsu.

**Document Request No. 20:**

All Documents related to any discussion of Mr. Bhattacharya at the November 14, 2018 ASAC Meeting.

4819-5370-8756.4

**Document Request No. 21:**

All Documents related to any discussion of Mr. Bhattacharya at the November 28, 2018 ASAC meeting.

**Document Request No. 22:**

All Documents related to the November 29, 2018 Suspension Letter attached as **Exhibit 53** to the First Amended Complaint

**Document Request No. 23:**

All Documents and Communications relating to the formation and activities of the UVA Med School Chapter of the American Medical Women's Association ("AMWA").

**Document Request No. 24:**

All Documents and Communications relating to the October 25, 2018 AMWA Microaggression Panel Discussion.

**Document Request No. 25:**

All Documents and Communications relating to the First Professionalism Concern Card.

**Document Request No. 26:**

All Documents and Communications relating to the Second Professionalism Concern Card.

**Document Request No. 27:**

All Documents related to Dean Peterson's Communications with Dean Densmore, Professor Kern, Professor Rasmussen, Dr. Hsu, and others relating to Mr. Bhattacharya and her interactions with Mr. Bhattacharya—including her October 25, 2018 email exchange with Mr. Bhattacharya, her October 31, 2018 meeting with Mr. Bhattacharya, and a potential November 19, 2018 meeting with Mr. Bhattacharya.

**Document Request No. 28:**

All Documents and Communications related to the Professionalism Concern Card that Dean Peterson lodged with respect to Dr. Hsu, including Documents and Communications related to the conduct at issue and the extent to which UVA Med School provided notice to Dr. Hsu of the issuance of the Professionalism Concern Card and discussed it with her as required by the Policy.

**Document Request No. 29:**

Dean Densmore's Communications with Dr. Hsu relating to:

    a.     Dr. Hsu's unauthorized performance of a medical procedure on Mr. Bhattacharya;

    b.     Dr. Hsu's personal relationship with Mr. Bhattacharya;

    c.     Mr. Bhattacharya's political views;

    d.     the October 25, 2018 AMWA Microaggression Panel Discussion;

    e.     discussions of Mr. Bhattacharya by ASAC; and

    f.     efforts to have Mr. Bhattacharya evaluated by CAPS or a psychiatrist or involuntarily committed.

**Document Request No. 30:**

All Documents and Communications related to:

    a.     Dr. Hsu's performance of an unauthorized medical procedure on Mr. Bhattacharya;

    b.     Mr. Bhattacharya's decision to break up with Dr. Hsu the night before the October 25, 2018 AMWA Microaggression Panel Discussion and Dr. Hsu's subsequent statements that she had broken up with him;

16

      c.      Dr. Hsu's communications with Dean Peterson, other Defendants, and others relating to Mr. Bhattacharya, the October 25, 2018 AMWA Microaggression Panel Discussion, Mr. Bhattacharya's mental state, and ASAC meetings and deliberations involving Mr. Bhattacharya;

      d.      Dean Peterson's text messages to Dr. Hsu the evening of November 28, 2018;

      e.      whether Dr. Hsu's cooperation with Dr. Peterson would result in Mr. Bhattacharya merely being suspended rather than expelled from UVA Med School;

      f.      Dr. Hsu's efforts to obtain an ex parte preliminary protective order against Mr. Bhattacharya—including Dr. Peterson's attempt to involve herself in judicial proceedings initiated by Dr. Hsu; and

      g.      Dr. Hsu's Communications with Dean Peterson relating to Dean Peterson's attempt to submit a letter on September 20, 2019 in support of Dr. Hsu's efforts to obtain a two-year final protective order against Mr. Bhattacharya.

**Document Request No. 31:**

All Documents and Communications related to:

      a.      Ms. Richard's November 14, 2018 "evaluation" of Mr. Bhattacharya for purposes of determining whether—following complaints about Mr. Bhattacharya's statements and conduct during the October 25, 2018 AMWA Microaggression Panel Discussion—an Emergency Custody Order ("ECO") should be issued requiring Mr. Bhattacharya's immediate psychiatric hospitalization;

17

b.      The allegedly "sexist, demeaning remarks" that Mr. Bhattacharya made to Ms. Richard during the November 14, 2018 "evaluation" that, in Ms. Richard's professional judgment, warranted an ECO;

c.      The basis for Ms. Richard's November 14, 2018 report that Dr. Hsu was "adamant that there were no safety concerns" involving Mr. Bhattacharya;

d.      Ms. Richard's threats to report Mr. Bhattacharya to Dean Densmore if Mr. Bhattacharya would not complete his November 14, 2018 "counseling" session with her; and

e.      Ms. Richard's involvement in judicial proceedings initiated by Dr. Hsu against Mr. Bhattacharya.

**Document Request No. 32:**

All Documents related to Assistant Dean Mason's November 14, 2018 "evaluation" of Mr. Bhattacharya for purposes of determining whether—following complaints about Mr. Bhattacharya's statements and conduct during the October 25, 2018 AMWA Microaggression Panel Discussion—an "Emergency Custody Order" should be issued requiring Mr. Bhattacharya's immediate psychiatric hospitalization.

**Document Request No. 33:**

All Documents related to the November 27, 2018 e-mail from Karen L. Painter to Mr. Bhattacharya encouraging him to be evaluated by CAPS.

**Document Request No. 34:**

All Documents and Communications relating to Dr. Moak's relationship with and evaluation of Mr. Bhattacharya as his Clinical Performance Development (CPD) mentor during the Spring 2018 semester.

4819-5370-8756.4

**Document Request No. 35:**

All Documents and Communications relating to the factual basis for the November 14, 2018 1:24 p.m. notes by Lindsay N. Carlson, M.D. in Mr. Bhattacharya's medical records to substantiate his involuntary hospitalization following the Emergency Custody Order signed by Catherine Richard, LPC—including the "sexist, demeaning remarks" that Mr. Bhattacharya allegedly made to Ms. Richard to which Dr. Carlson referred.

**Document Request No. 36:**

All Documents and Communications relating to Dr. Carlson's decision to rapidly tranquilize Mr. Bhattacharya during the November 14, 2018 Emergency Custody Order proceeding for refusing testing.

**Document Request No. 37:**

All Documents and Communications relating to the "treatment" that Mr. Bhattacharya received from Katherine Murray, M.D. during Mr. Bhattacharya's November 14 -16, 2020 involuntary hospitalization following his November 14, 2018 "evaluation" by Catherine L. Richard.

**Document Request No. 38:**

All Documents and Communications relating to the November 15, 2018 correspondence to the Special Justice that Mr. Bhattacharya dictated and that Nurse Courtney Schempp transcribed.

**Document Request No. 39:**

All Documents and Communications relating to the November 19, 2018 "treatment" of Mr. Bhattacharya by Margaret K. Sande, M.D.

4819-5370-8756.4

**Document Request No. 40:**

All Documents and Communications relating to the information obtained from Dr. Hsu and Mr. Bhattacharya's mother on which Drs. Stafford, Rosen, and Wolfe based their November 19, 2019 assessment of Mr. Bhattacharya.

**Document Request No. 41:**

All Documents and Communications relating to Dr. Stafford's decision to rapidly tranquilize Mr. Bhattacharya during the November 19, 2018 Emergency Custody Order proceeding for refusing testing.

**Document Request No. 42:**

All Documents and Communications relating to the factual basis for Dr. Wolfe's November 19, 2018 claim that lack of bed availability necessitated Mr. Bhattacharya's transfer from the University of Virginia Medical Center Emergency Department to Poplar Springs Hospital in Petersburg, Virginia.

**Document Request No. 43:**

All Documents and Communications relating to the "No Trespass Order" issued by the University of Virginia Police against Mr. Bhattacharya.

**Document Request 44:**

All Documents and Communications relating to any "No Trespass Order" issued by the University of Virginia Police against anyone in 2017, 2018, or 2019.

**Document Request No. 45:**

Mr. Longo's Communications relating to Mr. Bhattacharya.

**Document Request No. 46:**

Ms. Fielding's Communications relating to Mr. Bhattacharya.

20

**Document Request No. 47:**

Ms. Fielding's Communications with Mr. Bhattacharya—including telephone conversations on December 30, 2018, January 15, 2019, July 13, 2019, and July 18, 2019, and correspondence and email exchanges on January 2, 2019, January 3, 2019, January 15, 2019, July 13, 2019, and July 18, 2019.

**Document Request No. 48:**

All Documents reflecting any Communications by Mr. Bhattacharya in the unspecified "chat room" referenced in Ms. Fielding's July 18, 2019 e-mail to Mr. Bhattacharya.

**Document Request No. 49:**

Ms. Graham's Communications relating to Mr. Bhattacharya.

**Document Request No. 50:**

Ms. Graham's Communications with Mr. Bhattacharya.

**Document Request No. 51:**

Documents sufficient to show the identity of the department, office, or Person(s) to which or to whom the following telephone numbers were assigned in 2019: 434-924-6303, 434-243-3609, and 434-243-3610.

**Document Request No. 52:**

All Documents related to telephone calls to Mr. Bhattacharya's father or mother from 434-924-6303.

**Document Request No. 53:**

All Documents related to telephone calls to Mr. Bhattacharya's father or mother from 434-243-3609.

4819-5370-8756.4

**Document Request No. 54:**

All Documents related to telephone calls to Mr. Bhattacharya's father or mother from 434-243-3610.

**Document Request No. 55:**

Documents and Communications relating to Defendants' insistence that Mr. Bhattacharya be required to:

  a. submit routine bloodwork to UVA Med School to demonstrate satisfactory concentrations of lithium in his blood as a prerequisite for the opportunity to re-enroll at UVA Med School in August 2019; and

  b. sign a limited confidentiality agreement to prevent Mr. Bhattacharya from publicly disclosing the foregoing requirement.

**Document Request No. 56:**

Documents sufficient to show UVA Med School policies and procedures relating to the attendance at ASAC meetings involving academic or professional discipline by UVA Med School administrators who are not voting members of ASAC.

**Document Request No. 57:**

Documents sufficient to show UVA Med School policies and procedures relating to the attendance at ASAC meetings involving academic or professional discipline by UVA Med School faculty members who are not voting members of ASAC.

**Document Request No: 58:**

Documents sufficient to show UVA Med School policies and procedures relating to the attendance at ASAC meetings involving academic or professional discipline by UVA Med School students who are not voting members of ASAC.

**Document Request No: 59:**

All Documents on which UVA Med School bases its claim that it can condition a student's continuing attendance on submission to mental health evaluation and counseling.

**Document Request No. 60:**

All Documents and Communications relating to the "medical clearance process" referenced in Dean Canterbury's November 27, 2018 email to Mr. Bhattacharya.

**Document Request No. 61:**

Documents sufficient to show the purpose of the "Technical Standards Committee" and to Identify its members during the Relevant Time Period.

**Document Request No. 62:**

Documents sufficient to show Mr. Bhattacharya's alleged violations of behavioral standards upon which ASAC based its decision to suspend Mr. Bhattacharya at its November 28, 2018 meeting.

**Document Request No. 63**:

All Documents related to the November 18, 2018 telephone call from Mr. Bhattacharya at 803-344-9928 to the UVA Med School "Dean on Call" at 434-924-0000 regarding Dr. Hsu's stalking of Mr. Bhattacharya.

**Document Request No. 64**:

All Documents related to the November 14, 2018 through November 21, 2018 telephone conversations between Roxanne Bhattacharya and various individuals at the University of Virginia (including the University of Virginia Medical Center and UVA Med School).

4819-5370-8756.4

## REQUESTS FOR ADMISSION

**Request for Admission No. 1:**

UVA Med School's Policy on Academic and Professional Enhancement states: "Any breach of professionalism resulting in a recorded observation, e.g., Professionalism Concern Card, letter, written report, etc., must be addressed with the student by their [sic] college dean and documentation of the discussion must be recorded."

**Answer:**


**Request for Admission No. 2:**

Before November 28, 2018, UVA Med School did not notify Mr. Bhattacharya of the existence or issuance of the First Professionalism Concern Card.

**Answer:**


**Request for Admission No. 3:**

Before November 28, 2018, UVA Med School did not discuss the First Professionalism Concern Card with Mr. Bhattacharya.

**Answer:**


**Request for Admission No. 4:**

Before November 28, 2018, UVA Med School did not document any discussion with Mr. Bhattacharya of the First Professionalism Concern Card.

**Answer:**


24

**Request for Admission No. 5:**

Before November 28, 2018, UVA Med School did not notify Mr. Bhattacharya of the existence or issuance of the Second Professionalism Concern Card.

**Answer:**


**Request for Admission No. 6:**

Before November 28, 2018, UVA Med School did not discuss the Second Professionalism Concern Card with Mr. Bhattacharya.

**Answer:**


**Request for Admission No. 7:**

Before November 28, 2018, UVA Med School did not document any discussion with Mr. Bhattacharya of the Second Professionalism Concern Card.

**Answer:**


**Request for Admission No. 8:**

In October and November 2018, UVA Med School did not permit members of ASAC who submitted a Professionalism Concern Card from participating as a voting member of ASAC on matters involving discipline relating to the subject of such Professionalism Concern Card.

**Answer:**

4819-5370-8756.4

**Request for Admission No. 9:**

General Policies III.A. of the ASAC Operating Procedures states as follows:

> Official votes may be taken when a quorum (greater than 50% of voting members) is present.  All motions, except for a motion for dismissal, are passed by majority of voting members present.  A motion for dismissal requires a two-thirds majority of voting members present.  ASAC members with a conflict of interest regarding a particular student shall recuse themselves from voting or participating in discussions or deliberations pertaining to the student, and shall absent themselves during any such discussions or deliberations.  Conflicts of interest include, but are not limited to, a family relationship; a coaching, mentorship or advisory relationship; a doctor-patient relationship; a business associate; a close personal or working relationship with a student's family member; or any other relationship that might be construed as compromising the committee member's objectivity in any manner.

**Answer:**


## INTERROGATORIES

**Interrogatory No. 1:**

1.      With respect to any of Mr. Bhattacharya's First RFAs the truth of which You deny, in whole or in part:

    a.      Identify all facts upon which Your denial is based;

    b.      Identify all Documents upon which Your denial is based; and

    c.      Identify all Persons having knowledge of the factual basis for your denial.

**Answer:**

Dated:  June 1, 2021                              Respectfully submitted,

                                                  KIERAN RAVI BHATTACHARYA

                                                  By: /s/ *Michael J. Lockerby*
                                                          Counsel


                                                  Michael J. Lockerby (VSB No. 24003)
                                                  Whitney Swart (admitted *pro hac vice*)
                                                  FOLEY & LARDNER LLP
                                                  Washington Harbour
                                                  3000 K Street, N.W., Suite 600
                                                  Washington, D.C. 20007-5109
                                                  Telephone:  (202) 672-5300
                                                  Facsimile:  (202) 672-5399
                                                  Email:  mlockerby@foley.com
                                                  Email:  wswart@foley.com


                                                  *Counsel for Plaintiff, Kieran Ravi*
                                                  *Bhattacharya*

27

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of **MR. BHATTACHARYA'S FIRST DISCOVERY REQUESTS** was served on the following counsel of record, on this 1st day of June, 2021, via electronic mail:

> Madeline M. Gibson, Esq.,
> Assistant Attorney General
> Calvin C. Brown, Esq.,
> Assistant Attorney General
> Office of the Attorney General
> Commonwealth of Virginia
> 202 North Ninth Street
> Richmond, Virginia 23219
> Email: mgibson@oag.state.va.us
> Email: cbrown@oag.state.va.us

/s/ Michael J. Lockerby
Michael J. Lockerby

4819-5370-8756.4