AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
_____
*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | OR | *[signature]* |
|---|---|---|
| _____ | | _____ |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 3:19-cv-00054-NKM-JCH   Document 185-6   Filed 09/09/21   Page 3 of 7   Pageid#: 1699

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

1. **"You,"** or **"Your,"** refers to Catherine (or "Katie") Richard, and shall include any current or former agents and representatives.

2. **"Communication(s)"** is used in the broadest possible sense and means any contact or exchange of information, including, without limitation, by such means as oral, written, electronic, or other transfer of information, ideas, opinions, or thoughts from or to any person, thing, or entity, including discussions, conversations, meetings, conferences, correspondence, memoranda, reports, text messages, instant messages, telephone calls or messages, electronic mail or computer transmissions, facsimile transmissions, or any other form of transmittal of information of any kind including all attachments to or enclosures therewith, and including transcriptions or summaries of conversations, voicemail messages, or interviews.

3. **"Document(s)"** is used in the broadest possible sense and means, without limitation, any and all documents, tangible things, and writings of any kind as defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes any and all originals and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, of any and all of the following: **Electronically Stored Information** (as defined below) electronic mail, computer-stored or computer-readable data, computer programs, computer printouts, correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, purchase orders invoices, orders, acknowledgements, receipts, bills, statements, accounting records, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, advertisements, newspaper clippings, tables, tabulations, financial statements, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packaging materials, plans, photographs, pictures, film, microfilm, telegrams, telexes, facsimiles, tapes, transcripts, recordings, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary versions, drafts, or revisions of any of the foregoing, any document which has or contains any attachment, enclosure, comment, notation, addition, insertion, or marking of any kind which is not a part of another document, or any document which does not contain a comment, notation, addition, insertion, or marking of any kind which is part of another document, is to be considered a separate document.

4. **"Electronically Stored Information"** or **"ESI"** as used herein shall mean the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. ESI includes, by way of example only, computer programs (whether private, commercial or work-in-

progress), programming notes or instructions, activity listing of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PDF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic information consists in an active file, deleted file, or file fragment. ESI includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including EPROM, PROM, RAM and ROM, on or in any other vehicle for digital information storage and/or transmittal. ESI also includes the file, folder tabs, and/or containers and labels appended to or associated with any physical storage device associated with each original and/or copy.

      5.    **"Including"** means including, but not by way of limitation.

      6.    **"Person"** means any natural person (living or deceased), or any entity, including a sole proprietorship, firm, partnership, corporation, business trust, association, joint venture, or any other organization or entity, and includes any respective former or present officer, director, partner, employee, or agent of any kind.

      7.    **"Possession," "custody,"** or **"control"** of the documents means possession, custody or control by Plaintiff or Plaintiff's attorneys, representatives, agents, and all other persons acting or purporting to act on Plaintiff's behalf.

      8.    **"Referring," "relating,"** or **"regarding"** are used in their broadest sense and mean evidencing, memorializing, comprising, connected with, mentioning, identifying, verifying, describing, containing, supporting, rebutting, negating, enumerating, involving or in any way concerning, pertaining, reflecting upon, resulting from a stated subject matter whether in whole or in part or directly or indirectly, and/or in any way involving or having a logical connection to the subject matter of the request, in whole or in part.

      9.    The singular number and masculine gender as used herein shall embrace, and be read and applied as, the plural or the feminine or the neuter, as the circumstances may make appropriate and to make the interrogatory inclusive rather than exclusive.

      10.    Unless otherwise defined herein, each word or term shall have the meaning ascribed to it in Webster's Ninth New Collegiate Dictionary.

## **INSTRUCTIONS**

      1.    These Requests seek Documents current as of the date of service and to the full extent permitted under the Federal Rules of Civil Procedure. The directives of Rule 45 of the Federal Rules of Civil Procedure are incorporated herein by reference and made a part hereof.

      2.    Each Request shall operate and be construed independently. Unless otherwise indicated, no paragraph limits the scope of any other paragraph.

      3.      Produce each Document in its entirety without abbreviation or redaction, including all non-identical copies and drafts of a Document.

      4.      If any Document is known to exist but cannot be produced, identify that Document as precisely as possible and state the reasons for the inability to produce it.

      5.      If any Document, or portion thereof, is withheld under a claim of privilege or work product, furnish a list identifying each Document for which a privilege is claimed, together with the following information for each such Document: the name and address of each author of the Document:

    a. the name and address of each author of the Document;
    b. the name and address of each sender of the Document;
    c. the name and address of each Person to whom the original or copies were sent;
    d. the name and address of each Person who has seen or participated in communications about the Document;
    e. the date of the Document;
    f. a description of the nature and subject matter of the Document;
    g. the subject line of the Document, if it has one;
    h. the paragraph of the Request to which the Document relates; and
    i. the privilege claimed and the basis asserted therefor.

      6.      The Documents requested include those in Your possession, custody, or control, and include those in the possession, custody, or control of Your accountant(s), attorney(s), or any other person or entity acting on Your behalf.

      7.      Pursuant to Rule 34(c) of the Federal Rules of Civil Procedure, You must produce the requested Documents or things as they are kept in the usual course of business, or organized and labeled to correspond to the categories set forth below.

      8.      If You are unable to respond fully to any Request, explain why Your response is incomplete, the efforts You have made to obtain the information, and the source from which all responsive information may be obtained to the best of Your knowledge and belief.

      9.      If any Document or Communication requested herein has been destroyed or discarded, state as to each such Document or Communication: (a) the nature of the Document or Communication; (b) the identity of the person or Persons who destroyed or discarded it; (c) the full circumstances of its destruction or discarding; and (d) the reason or reasons that the Document or Communication was destroyed or discarded.  Produce all Documents and Communications that concern the destruction of each such Document or Communication.

      10.      Documents produced in response to these Requests should reflect in some manner the numbered request to which they are responsive.

## **REQUESTS TO PRODUCE**

1. All documents, correspondence, records, or materials – including e-mails, text messages, voicemails, letters, transcripts, evaluations, recommendations, and other electronically stored information – in your care, custody, or control that contain communications between you and UVA Medical School students, faculty, and/or administration regarding Kieran Bhattacharya from the period of October 25, 2018 to February 3, 2020.

2. All documents, correspondence, records, or materials – including e-mails, text messages, voicemails, letters, transcripts, evaluations, recommendations, and other electronically stored information – in your care, custody, or control that contain communications between you and Kieran Bhattacharya from the period of October 25, 2018 to February 3, 2020.

3. All documents, correspondence, records, or materials – including e-mails, text messages, voicemails, letters, transcripts, evaluations, recommendations, and other electronically stored information – in your care, custody, or control that contain communications between you and Angel Hsu from the period of October 25, 2018 to February 3, 2020, except to the extent the documents constitute Hsu's protected health information.

4. All documents, correspondence, records, or materials – including e-mails, text messages, voicemails, letters, call logs, transcripts, evaluations, recommendations, or other electronically stored information – in your care, custody, or control regarding the American Medical Women's Association ("AMWA") Microaggression Panel Discussion on October 25, 2018.

5. All documents, correspondence, records, or materials – including e-mails, text messages, voicemails, letters, call logs, transcripts, evaluations, recommendations, filings, or other electronically stored information – in your care, custody, or control regarding judicial proceedings where Angel Hsu was a party, except to the extent the documents are covered by attorney-client privilege or work product protection.