UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| KIERAN RAVI BHATTACHARYA </br></br> Plaintiff, </br></br> v. </br></br> JAMES B. MURRAY, JR., et. al., </br></br> Defendants. | ) ) ) ) ) ) ) ) Civil Action No.: 3:19-CV-00054 ) ) ) ) ) ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO QUASH
<u>SUBPOENA DUCES TECUM TO CVS</u>**

Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 45, Plaintiff Kieran Ravi Bhattacharya ("Mr. Bhattacharya"), by counsel, respectfully states as follows for his Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion to Quash Subpoena Duces Tecum to CVS #1556 ("CVS") (Dkt. #183) ("Defendants' Opposition").

The subpoena to CVS (Dkt. #178-1) (the "Subpoena") would require the disclosure of privileged information in contravention of Federal Rule of Civil Procedure 43(3)(A)(iii), Virginia Code § 32.1-127.1:03, Subpart E of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), and 42 C.F.R. Part 2. It is also beyond the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1).

Defendants' Opposition is correct that, when a patient moves to quash a subpoena, the Court must determine whether good cause exists to compel production over the patient's objection. Va. Code § 32-1.127.1:03(H)(6). Defendants' Opposition fails to establish the requisite good cause. According to Defendants' Opposition, Mr. Bhattacharya was suspended from UVA Med

1

School after he exhibited aggressive and inappropriate behavior "possibly triggered by Plaintiff's failure to take his medication as prescribed[.]" (Dkt. #183 at 4.) Conspicuously absent from Defendants' Opposition is *any* citation to the record to support their claim that Mr. Bhattacharya was prescribed medication and failed to take it as directed. Defendants claim to know these alleged facts "upon information and belief" and "according to reports from Plaintiff, his family, and his treating providers[,]" but provide no greater specificity or corroboration for these statements. (*Id.* at 5.) Defendants further allege that "some of the faculty of the medical school and at least one Defendant knew . . . that Plaintiff was prescribed medication to manage his symptoms." (*Id.* at 5 and 7.) Critically, Defendants do not even identify the individuals who claim to have this knowledge, let alone provide supporting declarations to that effect. In contrast, Mr. Bhattacharya's assertion that he was not required to take medication as a condition of release *is* supported by a signed declaration, under penalty of perjury. (Dkt. #178-2.)

Twice in November 2018, Defendants subjected Mr. Bhattacharya to involuntary psychiatric evaluations in the hope of corroborating their assertion that his questions and comments at the October 2018 AMWA Microaggression Panel Discussion were the product of untreated mental illness. Both times, those who evaluated and "treated" Mr. Bhattacharya found otherwise, concluding that he was not a threat to himself or others. His release was not contingent upon taking any prescription medications, including the drugs that a non-physician—former UVA counsel Lynne Fleming—later tried to "prescribe." (Dkt. #178-2 at 3.)

Defendants' failure to cite the records reflecting Mr. Bhattacharya's release speaks volumes about whether there is any *legitimate* basis for the "information and belief" upon which Defendants' Opposition is based. Certainly Dean Canterbury (whom Plaintiff seeks to add as a Defendant in the Second Amended Complaint) expressed the view to Dean Thomas (whom

2

Plaintiff also seeks to add as a Defendant in the Second Amended Complaint) in an October 29, 2018 email that Mr. Bhattacharya "exhibited unprofessional behavior twice in the post-election town halls." (Document No. UVA00002505.) In a November 20, 2018 email exchange with Dean Densmore, Dean Canterbury lamented the fact that what the Second Amended Complaint calls the November 14, 2018 Forced Psychiatric Evaluation resulted in Mr. Bhattacharya's being held for less than 48 hours. Specifically, Dean Canterbury said, "It's a shame they released him…" Thereafter, the two discussed taking the issue to UVA's Threat Assessment Team (which Dean Canterbury called "good idea"), which ultimately resulted in the No Trespass Order that prevented Mr. Bhattacharya from appealing his suspension. (Document No. UVA00002547.)

From Defendants' Opposition, it is unclear whether Dean Canterbury, Dean Thomas, Dean Densmore, Lynne Fleming, or some other unidentified individual is the source of Defendants' claimed "information and belief." Regardless, Defendants' unsubstantiated claims that certain individuals—whose identity is known only to Defendants—knew that Mr. Bhattacharya was not taking his medication as prescribed and that medication was necessary to prevent him from making "unprofessional" comments about the 2016 election, microaggression theory, or other topics is not sufficient to demonstrate good cause. Defendants' Subpoena, and the unsupported factual bases upon which Defendants attempt to justify it, amount to nothing more than a fishing expedition to obtain highly private Protected Health Information in the hope that the records will provide an *ex post facto* justification for Mr. Bhattacharya's suspension. The Subpoena to CVS represents an abuse of the discovery process. Accordingly, Mr. Bhattacharya respectfully requests that the Court enter an order quashing the Subpoena to CVS Store #1556.

Date:  September 16, 2021                    Respectfully submitted,

                                                  KIERAN RAVI BHATTACHARYA

By:     *s/ Michael J. Lockerby*
                  Counsel

Michael J. Lockerby (VSB No. 24003)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone:  (202) 672-5300
Facsimile:  (202) 672-5399
Email:  mlockerby@foley.com

*Counsel for Plaintiff, Kieran Ravi Bhattacharya*

4