IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| KIERAN RAVI BHATTACHARYA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 3:19-CV-00054-NKM-JCH |
| JAMES B. MURRAY, JR., et. al., | ) |
| Defendants. | ) |

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO QUASH
SUBPOENA DUCES TECUM TO VERIZON WIRELESS

Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 45, Plaintiff Kieran Ravi Bhattacharya ("Mr. Bhattacharya"), by counsel, respectfully states as follows for his Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion to Quash Subpoena Duces Tecum to Verizon Wireless, LLC (Dkt. #185) ("Defendants' Opposition").

According to Defendants' Opposition, the entity from which they seek certain telephone records is not Verizon, at which their August 13, 2021 subpoena was directed, but rather Cellco partnership d/b/a Verizon Wireless, upon which they served a subpoena on August 30, 2021. Defendants may have corrected the misnomer in the original subpoena, but otherwise it is as unwarranted, overbroad, and improper as the "corrected" version on file with the Court as Dkt. #185-1 (the "Subpoena").

Of the two telephone numbers at which the Subpoena is directed, Defendants' Opposition asserts that only one—(808) 344-9928—was actually used by Mr. Bhattacharya. The Subpoena is also directed at another telephone number—(808) 984-3619—that, according to Defendants'

1

Opposition, is "[u]pon information and belief … also affiliated with Plaintiff." What is the English translation of "affiliated with Plaintiff"? It means that it is the work telephone number of Mr. Bhattacharya's father, Debasis Bhattacharya. Defendants already know this. On December 30, 2018, someone claiming to be from the University of Virginia Police Department called Mr. Bhattacharya's father from telephone number (434) 924-6303 demanding to know his son's whereabouts, suggesting that his son may need further mental health evaluation, and telling him that his son may be criminally involved with some type of "alt-right, stormfront" extremist group. Mr. Bhattacharya's father received other such calls on January 15, 2019 and February 1, 2019 from telephone numbers (434) 243-3609 and (434) 243-3610. Defendants have no legitimate need to subpoena telephone records of Mr. Bhattacharya's father to try to defend the First Amendment violations at issue in this case.

As for the requested records for the cell phone number that Plaintiff actually used, compliance with the subpoena would violate the Stored Communications Act. In addition, the requested "records, including but not limited to, any and all text messages, call logs, text message logs, recording, and phone messages of any kind" are beyond the permissible scope of discovery under Federal Rule of Civil Procedure 26(b)(1).

Defendants mischaracterize Mr. Bhattacharya's arguments in his Motion to Quash by stating that "[h]e concedes, however, that the Stored Communications Act, permits Cellco/Verizon to produce the content of electronic communications with Defendants." (Dkt. #185 at 2). Mr. Bhattacharya makes no such concession, nor would such a concession be a proper statement of the law. Because "Cellco/Verizon" is subject to the Stored Communications Act, it cannot disclose the contents of any text messages unless Defendants are "an addressee or intended recipient of such communication or an agent of such addressee or intended recipient" (18 U.S.C. § 2702(b)(1)) or

unless it obtains "the lawful consent of the originator or an addressee or intended recipient of such communication." Mintz v. Mark Bartelstein & Assocs., Inc., 885 F. Supp. 2d 987, 993 (C.D. Cal. 2012) (quoting 18 U.S.C. § 2702(b)(3)).

Plaintiff—who is the "originator" only with respect to calls and messages from (808) 344-9928Mr. Bhattacharya—has not given consent to Cellco/Verizon to release such information. Defendants request "all records, including but not limited to, any and all text messages, call logs, text message logs, recording, and phone messages of any kind, for the numbers listed above." (Dkt. #185-1 at 7). On its face, this calls for records that have nothing to do with Defendants. Without Mr. Bhattacharya's consent, the Stored Communications Act certainly prohibits the disclosure of such records.

With respect to records for which Defendants are an "addressee or intended recipient," there is no indication that any individual Defendants has provided such consent. Even if Defendants have provided consent and are seeking any text messages or similar records of which any Defendant was a recipient, Defendants would not need to subpoena them. See, e.g., Mintz, 885 F. Supp. 2d at 993 (stating that if Defendants were "an addressee or intended recipient or an agent of such addressee or intended recipient of any of Plaintiff's text messages . . . Defendants would already have possession of the text messages and would not need to subpoena them.") (emphasis added). The case law is clear that the appropriate procedure in this case would be for Defendants to prepare and serve a Rule 34 request for production of the relevant text messages. See id. (citing Flagg v. City of Detroit, 252 F.R.D. 346, 366 (E.D. Mich. 2008)). Here, Defendants have served such a request for production, and Mr. Bhattacharya has complied with that request for production. Exhibit A at 57-58. Mr. Bhattacharya, at Defendants' previous request, has directly provided to Defendants text messages and call logs from October 24, 2018 to January 3, 2019 that are in his possession, custody, and

control relating to Roxanne Bhattacharya, Angel Hsu, UVA, any agent or employee of UVA, or any Defendant. Additionally, Mr. Bhattacharya, at Defendants' previous request, has directly provided text messages and phone calls from October 24, 2018 to January 3, 2019 unrelated to the aforementioned individuals and entities. Any further text messages and records between Plaintiff and Defendants can be directly obtained by Defendants if Defendants were the recipient. In short, they do not need the Subpoena to obtain the records that they want.

Defendants also assert that the "Cellco/Verizon records are highly relevant to the claims and defenses in this lawsuit" and that "Defendants expect the records to show that Plaintiff made repeated, harassing phone calls to a fellow medical student and at least one UVA official in November or December 2018, which was part of a pattern of concerning behavior that led to Plaintiff's suspension and ban from grounds." (Dkt. #185 at 3.) Defendants also allege the Subpoena is narrowly tailored because it is only requests cell phone records from the time period in which Mr. Bhattacharya was a student at UVA Medical School to the period after his suspension and ban from grounds. (Id. at 5.) The standard for assessing these assertions is the three-part test that this Court articulated in Gilmore v. Jones, 2021 WL 2709669, at *7 (W.D. Va. Jan. 8, 2021) as follows:

> When assessing a subpoena directed to a nonparty, first, the court must consider whether the requesting party "need[s]" the information sought, meaning that the information "likely (not just theoretically) ... offer[s] some value over and above what the requesting party already has." Second, the court must consider whether the requesting party can obtain the same or comparable information "that would also satisfy its needs" from other sources. And third, the court must consider whether the request will impose a "cognizable burden[ ]" on the nonparty."

(internal citations omitted). In this case, the Subpoena fails all three of the foregoing tests.

First, Defendants assert—theoretically—that the requested phone records contain evidence of harassing phone calls. (Dkt. #185 at 3.) However, Defendants failed to mention any such calls

4

4847-8554-6747.2

in their Answer. These alleged calls were never disclosed as a reason for either suspending Mr. Bhattacharya from UVA Medical School or issuing the No Trespass Order against him.

Second, the Subpoena is not narrowly tailored. It is not limited to the time period in question, "November or December 2018." Rather, it covers the time period beginning with Mr. Bhattacharya's enrollment at UVA Medical School and continuing through his suspension and subsequent ban from the Grounds. Its scope encompasses "all records, including but not limited to, any and all text messages, call logs, text message logs, recording, and phone messages of any kind," for the numbers listed above. (Dkt. #185-1 at 7). The requested records are in no way limited to ensure that they relate to the subject matter of the case. Virginia Dep't of Corr. v. Jordan, 921 F.3d 180, 189 (4th Cir.), cert. denied, 140 S. Ct. 672 (2019) (stating when discovery is sought from nonparties, "its scope must be limited even more . . . even if they have information that falls within the scope of party discovery"). Moreover, the fact that the Subpoena seeks records from the work telephone number of Mr. Bhattacharya's father demonstrates that it is anything but narrowly tailored. Finally, any text messages and records between Plaintiff and Defendants can be directly obtained by and from Defendants, if Defendants were the recipient. Therefore, and at the very least, the requested records only theoretically offer some value over and above what the requesting party already has, and Defendants can certainly obtain the same or comparable information that would also satisfy Defendants claimed needs without the Subpoena.

In short, the Stored Communications Act prohibits Cellco/Verizon from disclosing phone records of calls or messages of which Defendants were not an addressee or intended recipient, and Defendants do not need the Subpoena to obtain records of calls or messages of which they were an addressee or intended recipient in which they were an address or intended recipient. Defendants have also failed to show how the Subpoena to the nonparty is narrowly tailored and likely to produce

4847-8554-6747.2

information that cannot be obtained from other sources.  Accordingly, Mr. Bhattacharya respectfully requests that his Motion to Quash be granted.

Date:  September 16, 2021

Respectfully submitted,

KIERAN RAVI BHATTACHARYA

By: _____s/ Michael J. Lockerby_____
               Counsel

Michael J. Lockerby (VSB No. 24003)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone:  (202) 672-5300
Facsimile:  (202) 672-5399
Email:  mlockerby@foley.com

Counsel for Plaintiff, Kieran Ravi Bhattacharya

6