**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

**KIERAN RAVI BHATTACHARYA,**
           **Plaintiff,**

**v.**                              **Civil Action No. 3:19-CV-00054-NKM-JCH**

**JAMES B. MURRAY, JR., et al,**
                **Defendants.**

**THE RECTOR AND BOARD OF VISITORS OF THE UNIVERSITY OF VIRGINIA**
**AND EVELYN R. FLEMING'S REPLY MEMORANDUM TO PLAINTIFF'S**
**OPPOSITION TO THEIR MOTION TO QUASH OR MODIFY DEPOSITION AND/OR**
**FOR PROTECTIVE ORDER**

      The Rector and Visitors of the University of Virginia ("UVA"), and Evelyn R. Fleming ("Ms. Fleming"), by counsel, state as follows in reply to Plaintiff's Opposition to their Motion to Quash or Modify Deposition and/or for Protective Order:

      In its opposition, plaintiff suggests that he is willing to postpone Ms. Fleming's deposition, and work with UVA and Ms. Fleming's counsel to find an agreeable date and time to conduct this deposition once other discovery is completed. As a result, he asks the Court to delay ruling on this Motion until Ms. Fleming's deposition has been re-noticed. While UVA and Ms. Fleming do not object to deferring a decision on the Motion, they continue to object to the need for the deposition, and submit that at the very least, a protective order will be necessary to limit the scope of plaintiff's inquiry.

      Plaintiff rests his need to depose Ms. Fleming on two grounds. First, he alleges that she was a witness to several events relevant to his complaint. Opp. Br. At 3. Second, he alleges that Ms. Fleming actively participated in events alleged in his complaint. *Id*. We dispute both of those grounds as being accurate and/or sufficient cause to require Mr. Fleming's deposition.

As to the first, plaintiff seeks information from Ms. Fleming as a witness for which she was either acting as counsel or for information which is readily available from other witnesses in the case. For example, plaintiff proposes to depose Ms. Fleming with regard to her conversations with Mr. Bhattacharya and his former counsel, David Heilberg. As previously argued, there is nothing preventing plaintiff from obtaining information regarding these conversations from the plaintiff himself or his former counsel, and therefore there is no need to take the unusual step of deposing a party's in-house counsel. Furthermore, plaintiff has not shown that any other non-privileged information he seeks from Ms. Fleming is not available from other witnesses. Without such a showing, plaintiff cannot meet the burden of showing that he has sufficient cause for requiring Ms. Fleming's deposition.

As to plaintiff's second ground for the deposition, Ms. Fleming only "participated" in the matter to the extent that she performed legal services for UVA. At no point did Ms. Fleming actively participate in the events of this matter in a capacity that would fall outside of her role as counsel for the University. While not all conversations with counsel be protected by the attorney-client privilege, because there are numerous other witnesses who also participated in those conversations, plaintiff should obtain the information he needs from those witnesses, instead of subjecting the University's counsel to a deposition.

In support of his argument that Ms. Fleming participated in events, plaintiff moves to submit under seal Exhibit A, an e-mail chain amongst multiple UVA personnel, discussing Mr. Bhattacharya's situation. In that e-mail chain, Ms. Fleming is asked for and provides legal advice, which is redacted as attorney-client privileged communications. Plaintiff opines that based on this document,

> Ms. Fleming was actively involved in discussions expressing the view that there were insufficient grounds for suspending Mr. Bhattacharya or

issuing a No Trespass Order but that Defendants sought to (and ultimately did) bar him from UVA Grounds anyway so that he could not appeal his suspension.   In   addition,   Ms.   Fleming   actively   thwarted   Mr. Bhattacharya's efforts to have his appeal of his suspension timely heard in accordance with ASAC's procedures before issuance of the No Trespass Order.  Notably, nowhere in such discussions was there a request for or provision of any legal advice.

Opp. Br. at 2-3 (citations omitted).  Setting aside Bhattacharya's interpretation of this e-mail, with which UVA does not agree, this is the exact kind of legal advice, provided by counsel, to which the attorney-client privilege applies, and to which the plaintiff is not entitled (hence the reason for redacting it before providing it to plaintiff in discovery).   Furthermore, Ms. Fleming's input into whether to issue a no trespass order against plaintiff, and whether to allow his appeal to proceed are also quintessential requests for, and provision of, legal advice.  There is no requirement that for the attorney-client privilege to apply the client must specifically request legal advice and the attorney must designate the response as legal advice. *See e.g Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (stating that the privilege is broad enough to cover any communications with an attorney where that communication might be necessary for legal advice)*; United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 119 F.3d 210, 214 (2d Cir. 1997) (*discussing how the privilege is broad to the point that it attaches whenever legal advice for a client is generally what is being sought/at issue*); Pacamor Bearings, Inc. v. Minebea Co*., 918 F. Supp. 491, 511 (D.N.H. 1996) (stating that attorney-client privilege attaches if a lawyer is merely being kept apprised of issues with the implicit understanding that legal advice may be rendered).  Advising on the application of policy to a set of factual circumstances is exactly what in-house counsel does on a daily basis.  Such communications are clearly privileged. *See Pacamor*, 918 F. Supp at 511 (stating that in-house counsel being asked to review situations for the purpose of rendering legal advice is clearly

privileged); *Diversey U.S. Holdings, Inc. v. Sara Lee Corp.*, No. 91 C 6234, 1994 WL 71462, at *1 (N.D. Ill. Mar. 3, 1994) (holding that in-house counsel gathering information related to the rendering of legal advice, and then performing legal services based on that information is clearly covered by the privilege).

Finally, plaintiff argues that the caselaw cited by UVA and Ms. Fleming only supports limiting depositions of "counsel participating in the litigation," and states that Ms. Fleming is not opposing counsel in this case.  Opp. Br. at 2.  We dispute both statements. As to the first, the caselaw clearly illustrates that it is disfavored to depose in-house opposition counsel. For example, in the case of *Shelton v. American Motor Corp.*, the counsel at issue was being deposed for information obtained while she worked as in-house counsel, not for information related to her role as trial counsel. 805 F.2d 1323, 1327-28 (8th Cir. 1986). The court held that regardless of her current role, it is nonetheless disfavored to seek out the deposition of an attorney on the opposite side of the matter who had played a role in the events in her capacity as an attorney. *Id*. at 1327. This was particularly true, the court noted, when that information could be sought from a non-attorney source. *Id*. In addition, other courts have found generally that the deposition of in-house counsel is the same as deposition of opposing counsel and therefore disfavored. *See Epling v. UCB Films, Inc.*, 204 F.R.D. 691, 693-94 (D. Kan. 2001) (holding that in-house counsel who had worked on the matter is the same as opposition counsel for purposes of the test disfavoring depositions of opposition counsel); *Alomari v. Ohio Dep't of Pub. Safety*, 626 F. App'x 558, 573-74 (6th Cir. 2015) (holding that Shelton applied just as strongly to in-house counsel who worked on the matter at issue in the case).

As to plaintiff's contention specifically regarding Ms. Fleming, the fact that Ms. Fleming has retired and is not listed as counsel on the pleadings does not mean she can be targeted for

deposition.  Up until her retirement, Ms. Fleming was actively involved in the litigation of this matter, as is the undersigned UVA counsel that took over the matter upon Ms. Fleming's retirement.  Ms. Fleming participated in interviews with witnesses, review of draft pleadings, strategic conversations and planning for the litigation.  As such, she has actively served as the kind of opposing trial counsel for whom deposition is considered disfavored.. Just because she has not made a formal appearance as counsel of record does not diminish her role, nor make it appropriate for her to be deposed regarding legal advice provided to her client. *See Epling*, 204 F.R.D. at 694 (holding that being a counsel of record is not a prerequisite for being opposition counsel).

For these reasons, UVA and Ms. Fleming respectfully request that Ms. Fleming's deposition be quashed, or a protective order issued which limits the subjects upon which she may be deposed.

Respectfully submitted,

THE RECTOR AND VISITORS OF THE UNIVERSITY
      OF VIRGINIA
EVELYN R. FLEMING

By Counsel

/s/ *Melissa Wolf Riley*
Melissa Wolf Riley (VSB #43316)
Associate University Counsel
Office of University Counsel
University of Virginia
P.O. Box 800811
Charlottesville, VA 22908
Email: mr3vx@virginia.edu
Phone: (434) 982-2941

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 20th day of September, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will deliver a notice of electronic filing to all counsel of record in this case.

/s/ *Melissa Wolf Riley*
Melissa Wolf Riley (VSB #43316)
Associate University Counsel
Office of University Counsel
University of Virginia
P.O. Box 800811
Charlottesville, VA 22908
Email: mr3vx@virginia.edu
Phone: (434) 982-2941
