IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| Kieran Ravi Bhattacharya, <br>     Plaintiff, | ) <br> ) <br> ) | Civil Action No. 3:19cv00054 |
| v. | ) <br> ) | ORDER |
| James B. Murray, et al., <br>     Defendants. | ) <br> ) <br> ) | By:     Joel C. Hoppe <br>             United States Magistrate Judge |

This matter is before the Court on Plaintiff's motions to quash or modify non-party subpoenas duces tecum that Defendants served on CVS (Pharmacy) #1556, ECF No. 178; and Verizon Wireless Messaging Services, LLC (d/b/a Cellco Partnership), ECF No. 179; *see* ECF No. 185-1. On December 20, 2021, the Court held a hearing at which counsel for the parties appeared by telephone. For the reasons stated on the record, it is hereby ordered that:

1. Plaintiff's motion to quash or modify Defendants' subpoena duces tecum served on CVS (Pharmacy) #1556, ECF No. 178-1, at 1–7, is GRANTED IN PART. The paragraph following "Requested Documents, Electronically Stored Information, and Things," *id.* at 7, is MODIFIED to read:

    > All prescription drug records or documents showing the proprietary or generic name of the *psychotropic* drug prescribed, listing the dosage of the *psychotropic* drug prescribed and its frequency of use or administration, and identifying the prescriber of the *psychotropic* drug, for all *psychotropic* prescriptions submitted to or filled by your pharmacy for **Kieran Ravi Bhattacharya, DOB: 6/20/1996**, *between June 1, 2016, and January 31, 2019*.

    *Id.* (italics added). As modified, the subpoena seeks a limited range of Plaintiff's pharmacy records that are relevant to the claims and defenses in this case, Fed. R. Civ. P. 26(b)(1), and the Custodian of Records at CVS Pharmacy may disclose any otherwise "protected matter" consistent with federal and state law, Fed. R. Civ. P. 45(d)(3)(A)(iii). Particularly sensitive

materials shall be subject to the Stipulated Protective Order. Accordingly, Plaintiff's motion, ECF No. 178, is DENIED in all other respects.

2. Plaintiff's motion to quash or modify Defendants' subpoena duces tecum served on Verizon Wireless Messaging Services, LLC (d/b/a Cellco Partnership), *see* ECF Nos. 179-1, at 1–7, 185-1, at 1–7, is GRANTED IN PART with respect to paragraphs 2 and 3 of Attachment A to the subpoena and DENIED with respect to paragraph 1.

   a. Counsel for the parties may access the materials relating to the phone number ending in -9928. *See id.* at 7 ¶ 1. The parties are directed to meet and confer to identify information relevant to any party's claim or defense, such as logs of incoming or outgoing calls to known telephone numbers or the content of text or voice messages. Plaintiff's counsel shall have thirty (30) days from the date he receives access to the materials to review them and produce any relevant information to Defendants' counsel.

   b. Defendants' counsel must preserve, but pending further order of the Court shall not otherwise access or review, any materials relating to the phone number ending in -3619. *See id.* ¶ 2.

   c. Paragraph 3, which does not identify a particular phone number, is STRICKEN as overly broad. *See* Fed. R. Civ. P. 26(b)(1).

It is so ORDERED.

ENTERED: December 20, 2021

Joel C. Hoppe
United States Magistrate Judge

2