IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| **KIERAN RAVI BHATTACHARYA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 3:19-CV-54-NKM-JCH |
| ) | |
| ) | |
| **JAMES B. MURRAY, JR., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## DEFENDANTS' MOTION TO RECONSIDER ORDER REGARDING THIRD-PARTY SUBPOENA TO CVS

Defendants, by counsel, move the Court to reconsider its Order (ECF No. 266) considering new facts that have prevented Defendants from obtaining the records this Court ruled were within the scope of discovery.

## BACKGROUND

On August 18, 2021, Defendants (except Dr. Rasmussen) served CVS #1556 (hereinafter CVS Pharmacy) with a subpoena duces tecum requesting:

> All prescription drug records or documents showing the proprietary or generic name of the drug prescribed, listing the dosage of the drug prescribed and its frequency of use or administration, and identifying the prescriber of the drug, for all prescriptions submitted to or filled by your pharmacy for **Kieran Ravi Bhattacharya, DOB: 06/20/1996**, at any time in the past.

**Ex. A.** The subpoena requested that documents be produced by August 31, 2021. On August 27, 2021, Plaintiff moved to quash the subpoena (ECF No. 178).

1

On December 20, 2021, this Court held a hearing on Plaintiff's Motion to Quash and entered an Order (ECF No. 266), which granted Plaintiff's motion in part and denied it in part. In that Order, the Court directed Defendants to modify the subpoena as follows:

> All prescription drug records or documents showing the proprietary or generic name of the *psychotropic* drug prescribed, listing the dosage of the *psychotropic* drug prescribed and its frequency of use or administration, and identifying the prescriber of the *psychotropic* drug, for all *psychotropic* prescriptions submitted to or filled by your pharmacy for **Kieran Ravi Bhattacharya, DOB: 6/20/1996**, *between June 1, 2016, and January 31, 2019*. (italics in original to indicate modifications to the originally-issued subpoena)

On December 27, 2021, after making the Court's modifications to the subpoena, Defendants served the amended subpoena duces tecum on CVS Pharmacy. **Ex. B.** Defendants also served CVS Pharmacy with a letter certifying the resolution of Plaintiff's Motion to Quash. The amended subpoena requested that CVS Pharmacy produce records by January 15, 2022.

On February 1, 2022, instead of producing any records regarding Plaintiff's drug history, CVS Pharmacy sent Defendants correspondence stating that it cannot process the request for documents consistent with the amended subpoena. **Ex. C.** CVS Pharmacy indicated that the date range is acceptable, but the request for specific types of drugs could not be completed. CVS Pharmacy requested that Defendants resubmit the request "for a complete history without any specific drug but only to include prescriptions received within a time frame."

## ARGUMENT

This Court has broad discretion over discovery, and specifically motions to quash. *Cook v. Howard*, 484 F. A'ppx 805, 812 (4th Cir. 2012); *see also Bell Inc. v. GE Lighting, LLC*, No. 6:14-CV-00012, 2014 WL 1630754, at *6 (W.D. Va. Apr. 23, 2014). Further, "the decision to revisit [an interlocutory] order is committed to the Court's discretion as part of its inherent authority." *Wootten v. Commonwealth*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016).

Although motions to reconsider are rarely warranted, the facts here present one of those rare instances. A motion for reconsideration is generally limited to certain circumstances, including where "a controlling or *significant change in the law or facts since the submission of the issue to the Court.*" *Wootten*, 168 F. Supp. 3d at 893 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)) (emphasis added).

Here, there has been a significant change in facts since the Court issued its order on the CVS Pharmacy subpoena. All parties presumed CVS Pharmacy could comply with the order of this Court, which permitted Defendants to request records related to only "psychotropic" drugs. However, CVS Pharmacy now says it cannot process the request for only "psychotropic" drugs. **Ex. C.** Consequently, the Court's Order does not have its intended effect and as a result, Defendants cannot obtain the records to which this Court has determined they are entitled. As such, Defendants request that the Court reconsider its Order and modify the language in the subpoena to omit the word "psychotropic."

Alternatively, if the Court is concerned that Defendants may receive an overly broad document production, Defendants can instruct CVS Pharmacy to produce the documents directly to the Court for an in-camera review and to determine which records Defendants may receive, rather than have the documents sent to Defendants' counsel.

## **CONCLUSION**

For the reasons discussed, Defendants respectfully request that the Court reconsider its previous Order on this issue and enter a new Order further modifying the subpoena to omit any reference to "psychotropic" drugs.

Dated: February 3, 2022

Respectfully submitted,

**MCGUIREWOODS LLP**

/s/ Alicia M. Penn
Alicia M. Penn (VSB No. 94937)
Evan Tucker (VSB No. 95042)
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-1476
Facsimile: (804) 775-2176
apenn@mcguirewoods.com
etucker@mcguirewoods.com

Farnaz F. Thompson (VSB No. 75982)
Brandi G. Howard (admitted *pro hac vice*)
Michael Brody (admitted *pro hac vice*)
James Compton (admitted *pro hac vice*)
888 16th Street N.W., Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Telephone: (202) 857-2488
Facsimile: (202) 828-3358
fthompson@mcguirewoods.com
bhoward@mcguirewoods.com
mbrody@mcguirewoods.com
jcompton@mcguirewoods.com

Jonathan T. Blank (VSB No. 38487)
Micah B. Schwartz (VSB No. 77299)
323 2nd Street SE, Suite 700
Charlottesville, VA 22902
Telephone: (434) 977-2500
Facsimile: (434) 980-2222
jblank@mcguirewoods.com
mschwartz@mcguirewoods.com

*Counsel for Defendants James B. Murray, Jr., Whittington W. Clement, Robert M. Blue, Mark T. Bowles, L.D. Britt, Frank M. Conner III, Elizabeth M. Cranwell, Thomas A. Depasquale, Barbara J. Fried, John A. Griffin, Louis S. Haddad, Robert D. Hardie, Maurice A. Jones, Babur B. Lateef, Angela Hucles Mangano, C. Evans Poston Jr., James V. Reyes, Peter C. Brunjes, Timothy Longo Sr.,*

*Melissa Fielding, John J. Densmore, Jim B. Tucker, Christine Peterson, and Nora Kern*

**O'HAGAN MEYER**

<u>*/s/ H. Robert Yates*</u>
H. Robert Yates, III (VSB No. 35617)
Quinn Adams (VSB No. 90506)
411 E. Franklin Street, Suite 500
Richmond, VA 23219
Telephone: (804) 403-7200
Facsimile: (804) 403-7110
ryates@ohaganmeyer.com
cadams@ohaganmeyer.com

*Counsel for Defendant Sara Rasmussen*

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 3, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and that a notice of electronic filing will be delivered via the CM/ECF system to all counsel of record.

                                                        */s/ Alicia M. Penn*
                                                        Alicia M. Penn