# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| KIERAN RAVI BHATTACHARYA, | Case No. 3:19-cv-54 |
| *Plaintiff,* | |
| v. | MEMORANDUM OPINION |
| | & ORDER |
| JAMES B. MURRAY, JR., *et al*., | |
| *Defendants.* | Judge Norman K. Moon |

## OPINION AND ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

### I.   Introduction

This case relates to Plaintiff Kieran Bhattacharya's dismissal from the University of Virginia School of Medicine in fall 2018. He filed his original complaint, Dkt. 1, *pro se*, then obtained counsel, and his new counsel filed the Amended Complaint, Dkt. 3. The Amended Complaint sought injunctive relief against UVA, its medical school, and several employees for "retaliation in violation of his First Amendment right of free speech" (Count I) and for "deprivation of his Fourteenth Amendment right of due process" (Count II), 42 U.S.C. § 1983, as well as damages against three Medical School faculty (Defendants Nora Kern, Christine Peterson, and Sara K. Rasmussen) in their official and individual capacities "for conspiracy to interfere with civil rights" in violation of 42 U.S.C. § 1985(3) (Count III) and conspiracy to injure him in his trade, business, and profession under Virginia Code § 18.2-499 (Count IV). Dkt. 33 at ¶¶ 139–46 (Count I), 147–52 (Count II), 153–58 (Count III), 159–65 (Count IV).

Upon Defendants' motion, this Court then dismissed Counts II, III, and IV, leaving only Count I—the First Amendment retaliation claim. Dkt. 130. Bhattacharya then filed a Motion for

Leave to File a Second Amended Complaint, Dkt. 149. The motion proposes several modifications to the Amended Complaint. First, Bhattacharya would delete the counts that this Court dismissed with prejudice, as well as the facts relating only to those counts. Dkt. 149 at 2–3. Second, he would add additional facts relating to the First Amendment Retaliation claim. *Id.* at 3. Third, he would add Dr. Angel Hsu (his ex-girlfriend) as a new Defendant and add a state-law defamation claim against her. Dkt. 149-1 at ¶¶ 40–42, 209–16. Fourth, he would add a new claim for civil conspiracy under Virginia common law against some of the Defendants. *Id.* at 28–42, 205–08. Fifth, he would add Lesley Thomas ("Dean Thomas") and Dr. Randolph Canterbury ("Dean Canterbury"), in their official capacities as Deans at the School of Medicine, as Defendants in Count I. *Id.* at ¶¶ 24, 27, 196–204. Finally, also in Count I, he would "su[e] Dean Densmore in his individual capacity in addition to his official capacity." *Id.* at 38–39.

Defendants oppose the motion "primarily because the proposed amendments fail to state a claim" upon which relief can be granted and, as such, allowing leave to amend would be futile." Dkt. 154 at 1. They argue that Bhattacharya's proposed conspiracy claim fails to cure pleading defects that this Court identified in dismissing the prior conspiracy claims under Rule 12(b)(6), *see id.* at 6–8, and that the proposed claims against Dr. Hsu, Dean Canterbury, and Dean Thomas are time barred, *see id.* at 4–5. Defendants do not specifically address Bhattacharya's proposal to add Defendant Densmore as an individual-capacity defendant to the § 1983 damages claim in Count I. *See id.* at 2–8. Defendants also argue that allowing Bhattacharya "to add a host of new allegations to support" his First Amendment retaliation claim (Count I) "would serve no apparent purpose" because this Court already held that the facts alleged in the operative complaint were sufficient to survive under Rule 12(b)(6). *Id.* at 1–2.

The motion was referred to Judge Hoppe for a Report and Recommendation. Judge

Hoppe recommended that the motion be granted only to the extent that Bhattacharya proposes to delete the three Counts that have been dismissed with prejudice and to add one new individual-capacity defendant and two new official-capacity defendants to the existing § 1983 claim in Count I. Dkt. 230 at 1. Judge Hoppe recommended that the motion be denied in all other respects. *Id.*

Both parties filed objections to Judge Hoppe's R&R. *See* Dkt. 247 (Defendants' objections), Dkt. 248 (Plaintiff's objections). Because Judge Hoppe's primary reason for recommending denying most of Bhattacharya's proposed amendments was based in their futility, Bhattacharya objects by claiming that the proposed amendments would not be futile. Dkt. 247 at 2. Defendants agree with most of Judge Hoppe's recommendations, but object to Bhattacharya's attempt to add a claim against Defendant Dinsmore in his personal capacity (because, they say, it would be futile) and to add claims against Defendants Canterbury and Thomas in their official capacities (again, because they would be both redundant and futile). Dkt. 248.

## II.  Legal Framework

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading before trial once as a matter of course and then "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1)–(2). "This liberal [leave] rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006).

The Fourth Circuit has held that "such leave should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Franks v. Ross*, 313 F.3d 184, 193 (4th Cir. 2002)

(emphasis omitted). "[P]rejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party," but the "basis for a finding of prejudice" under such circumstances "essentially applies [only] where the amendment is offered shortly before or during trial." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). "Bad faith includes seeking to amend a complaint for an improper purpose," *Wilkins v. Wells Fargo Bank, N.A.*, 320 F.R.D. 124, 127 (E.D. Va. 2017) (citing *Peamon v. Verizon Corp.*, 581 F. App'x 291, 292 (4th Cir. 2014) (holding that it was bad faith to seek to amend complaint to "artificially inflate . . . damages in order to obtain subject matter jurisdiction")), or seeking leave despite "repeated failure[s] to cure deficiencies by amendments previously allowed," *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See Wilkins*, 320 F.R.D. at 127 (citing *U.S. ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013)). An amendment to a complaint is futile if the proposed change "fails to satisfy the requirements of the federal rules" and applicable standards of review, *Katyle v. Penn. Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011), including those governing a motion to dismiss under Rule 12(b)(6), *see Wilkins*, 320 F.R.D. at 127 (E.D. Va. 2017) (citing *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)).

A party has the right to file objections to a report and recommendation of a magistrate judge. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). The district judge reviews the objections de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

### III.  Discussion

A.  First Proposed Addition: Adding New Defendants & Allegations to Count I

Bhattacharya seeks to add Defendant Densmore as an individual-capacity defendant and to add Dean Canterbury and Dean Thomas as defendants, in their official capacities only, to the

First Amendment retaliation claim in Count I. As currently pled in the Amended Complaint, Dkt.

33, that Count states a claim for relief under 42 U.S.C. § 1983 against Defendants Board of

Visitors, Longo, Fielding, Densmore, and Tucker in their official capacities, against Defendant

Densmore in his personal capacity, and against Defendants Kern, Peterson, and Rasmussen in

their individual and official capacities.

The proposed Second Amended Complaint also adds several facts relating to

Bhattacharya's new claim against Densmore in his personal capacity, including that Densmore

"coerced" Bhattacharya "to undergo a psychiatric 'evaluation'" at the University's student health

center and that Bhattacharya acquiesced "out of fear of retaliation if he did not comply" with

Densmore's demand. Dkt. 149-1 at ¶¶ 6–9, 43, 89–91, 94, 109, 166.

### 1.  *New Claim Against Densmore in his Personal Capacity*

Judge Hoppe recommends that the Court allow Bhattacharya to amend his complaint to

add a claim against Densmore in his personal capacity. Dkt. 230 at 9. Judge Hoppe notes that the

allegations in Bhattacharya's proposed Second Amended Complaint describing Densmore's

personal involvement are similar to his allegations relating to other Defendants' personal

involvements, which this Court has already permitted to go forward in its prior opinion on

Defendants' Motion to Dismiss. *See* Dkt. 130.  Judge Hoppe also notes that Densmore would not

be prejudiced by the proposed amendment (because he is already a party to the case in his

official capacity, represented by counsel, and the claims relating to his personal involvement are

substantially similar to the claims relating to his official involvement), that the proposed

amendment was not filed in bad faith, and that the new claim is not time-barred by the statute of

limitations because it "relates back" to the Amended Complaint. Dkt. 230 at 9–11.  *See also* Fed.

R. Civ. P. 15(c)(1)(C) (allowing relation back only "if Rule 15(c)(1)(B) is satisfied and if, within

the period provided by Rule 4(m) for serving the summons and complaint, the party to be

brought in by amendment" received adequate notice).

Defendants object to this recommendation, arguing still that the proposed amendment to

the Amended Complaint would be futile and time barred.  Their argument is that the proposed

amendment does not "relate back" to the Amended Complaint within the meaning of Rule

15(c)(3).  Defendants argue that adding a claim against a party in their personal capacity after the

first complaint alleges a cause of action only against the party's official capacity is the same as

adding a new party, which does not "relate back" within the meaning of Rule 15. Dkt. 247 at 4–

5. But Defendants do not cite any controlling case law on this point—that adding a new claim

against a Defendant in their personal capacity after already having a claim against the Defendant

is their official capacity is the same as adding a "new party" for Rule 15.

Therefore, the Court will adopt Judge Hoppe's finding that Bhattacharya may amend his

complaint to add a claim against Densmore in his personal capacity. The new claim would not

prejudice Densmore, was not filed in bad faith, and is not time-barred because it "relates back: to

the Amended Complaint.

> 2. *New Claims Against Canterbury and Thomas in their Official Capacities*

Judge Hoppe also recommends that the Court grant Bhattacharya's motion with respect to

his proposed additional claims against Canterbury and Thomas in their official capacities,

finding that the new claims are not time-barred because they "relate back" to the Amended

Complaint. Dkt. 230 at 10–12. Bhattacharya's motion to file a second amended complaint clearly

came after the statute of limitations had run, so the only issue is whether the claims "relate back"

to the Amended Complaint under Rule 15.

Judge Hoppe found that Rule 15(c)(1)(C) allows relation back with respect to these

claims because the Amended Complaint named the "Rector and Visitors of the University of Virginia" as a Defendant, and Bhattacharya's proposal to name Dean Canterbury and Dean Thomas as additional official-capacity defendants to Count I will not alter the fundamental nature of his cause of action against UVA, which remains the "real party in interest" under § 1983. Dkt. 230 at 11–13 (citing *Graham*, 473 U.S. at 166.)

Defendants' objection here is just that the addition of Canterbury and Thomas would be redundant for the same reason that Judge Hoppe noted—that adding a cause of action against them in their personal capacities is no different than suing UVA, which Bhattacharya has already done. Dkt. 247 at 11–12. Indeed, where a plaintiff seeks to add claims against a government officer in the officer's official capacity, having already named the relevant governmental entity, the claims are duplicative and must be dismissed. *See Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004) ("The district court correctly held that the § 1983 claim against Martin in his official capacity as Superintendent is essentially a claim against the Board and thus should be dismissed as duplicative.").

The Court will sustain Defendants' objections to the R&R here—under Fourth Circuit case law, as held in *Love-Lane*, where a Plaintiff seeks to add cause of action under § 1983 against a party in their official capacity after already having a cause of action against the relevant governmental entity, the proposed amendment is redundant and thus should be denied. Bhattacharya has already sued UVA. Therefore, Bhattacharya may not add claims against Canterbury and Thomas in their official capacities.

### B. Second Proposed Addition: New Conspiracy Claims

Bhattacharya also seeks leave to add a new claim for common law civil conspiracy against Dr. Hsu and Defendants Densmore, Kern, Peterson, and Rasmussen. Dkt. 149 at 2, 4–5.

Judge Hoppe found that the amendment would be futile for two reasons. First, with respect to Bhattacharya's claims against Dr. Hsu (his ex-girlfriend), there is no allegation that Hsu shared an illegal objective with any of the other defendants, so she could not have entered into a conspiracy with them. Dkt. 230 at 15. Second, with respect to the proposed claims against Densmore, Kern, Peterson, and Rasmussen, the claims would fail under Virginia's intracorporate conspiracy doctrine. *Id.* at 16–17. Judge Hoppe noted that his finding on the intracorporate conspiracy doctrine would be on the same grounds that this Court dismissed Bhattacharya's original conspiracy claims. *Id.* at 16 (citing Dkt. 130, Order on Motion to Dismiss).

Bhattacharya argues that the possibility that Dr. Hsu had different motives from the UVA-affiliated defendants (Densmore, Kern, Peterson, and Rasmussed) does not defeat the conspiracy claim. Dkt. 248 at 10. He argues that the Fourth Circuit has held that "a conspiracy may be established if the conduct of the parties and the inferences to be drawn from such conduct indicate, at least, a tacit understanding to accomplish the object of the alleged conspiracy." *Id.* at 10 (citing *Wallace v. United States*, 281 F.2d 656, 663 (4th Cir. 1960)). But here there are no non-speculative allegations that Hsu and the UVA defendants shared a common objective at all, let alone an illegal one. Bhattacharya argues that their "illegal objective" was "having Mr. Bhattacharya 'kicked out of school' for engaging in speech protected by the first amendment." Dkt. 248 at 10. But he has offered no facts whatsoever that support the allegation that Hsu wanted him "kicked out of school" for engaging in protected speech. The suggestion in the proposed Second Amended Complaint is that Hsu collaborated with Dean Densmore and Dean Peterson to "obtain vengeance" on Bhattacharya because Bhattacharya had broken up with her, not because he had engaged in protected speech. Ex. 1 to Dkt. 149 at ¶ 95. In addition, Bhattacharya has not alleged that Dr. Hsu did anything wrongful or tortious, as is required to

state a claim for civil conspiracy under Virginia law. *Dunlap v. Cottman Transmission Sys., Inc.*, 754 S.E.2d 313, 317 (Va. 2015) ("Because there can be no conspiracy to do an act that the law allows, . . . actions for common law civil conspiracy and statutory business conspiracy lie only if a plaintiff sustains damages as a result of an act that is itself wrongful or tortious.") (cleaned up). As discussed further below with respect to Bhattacharya's proposed defamation claim against Dr. Hsu, he has not adequately stated a defamation claim, and he has not alleged that Dr. Hsu engaged in any other wrongful or tortious conduct.

In short, Bhattacharya has failed to state a claim for civil conspiracy among Dr. Hsu and the UVA-affiliated defendants because he has not alleged that they shared a common objective within the meaning of civil conspiracy law, and because he has not alleged that Dr. Hsu committed wrongful or tortious conduct that would authorize a civil conspiracy claim.

With respect to Judge Hoppe's finding on the intracorporate conspiracy doctrine, Bhattacharya argues that the doctrine does not apply because one of the Defendants, Dean Peterson, acted outside the scope of her duties as a UVA administrator. Dkt. 248 at 8–9. The intracorporate conspiracy doctrine does not apply when one of the alleged co-conspirators acts beyond "the normal course of their corporate duties" sufficient to establish "an independent personal stake in achieving the corporation's illegal objective." *Greenville Publ'g Co. v. Daily Reflector, Inc.*, 496 F.2d 391, 399 (4th Cir. 1974). Bhattacharya argues that Peterson acted outside the scope of her official duties when she submitted a letter in support of Hsu in Hsu's application for an emergency protective order against Bhattacharya. Dkt. 248 at 8.

However, as Judge Hoppe noted, Bhattacharya failed to allege in his proposed Second Amended Complaint that Peterson's letter was outside of Dean Peterson's duties, or make any allegation regarding the letter at all. Dkt. 230 at 16–17. Bhattacharya cannot retroactively attempt

to amend his Second Amended Complaint through his objections to the Magistrate Judge's R&R.

Therefore, the Court will adopt Judge Hoppe's R&R with respect to the new civil conspiracy claims. Bhattacharya may not amend his complaint to add them.

### C.   Third Proposed Addition: Defamation Claim Against Dr. Hsu

Finally, Bhattacharya proposes to sue Dr. Hsu for defamation. Dkt. 140-1 at ¶¶ 209–16. Judge Hoppe finds that this claim would be futile under Virginia defamation law because Bhattacharya failed to plead a statement that could possibly constitute defamation. Dkt. 230 at 17–18. Bhattacharya claims that Hsu defamed him by texting Defendant Peterson a request that Peterson write a letter "documenting all the distress Kieran has caused me and how I perceived him as a danger to me when I spoke to you." *Id.* at 18. Bhattacharya also alleges that Dr. Hsu told Peterson that Bhattacharya had "a giant shovel in his room," and that her friend's key was missing and that Bhattacharya might have taken it. *Id.* at 18–19.

These statements cannot possibly constitute defamation. The first is an expression of Hsu's subjective opinion. *See Fuste v. Riverside Healthcare Assoc., Inc.*, 575 S.E.2d 858, 861 (Va. 2003) (holding that statements that "do[] not contain a provably false factual connotation, [and] statements which cannot reasonably be interpreted as stating actual facts about a person," cannot be characterized as true or false). The second comment, regarding the shovel, Bhattacharya admits as true (Ex. 1 to Dkt. 149 at ¶ 174), so it cannot constitute defamation. *See id*. The third statement, about the key, is so benign that it could not reasonably impact Bhattacharya's reputation, and a defamation claim is only actionable when the alleged statement would harm the plaintiff's "reputation . . . [so] as to lower him in the estimation of the community or to deter [others] from associating or dealing with him." *Schaefer v. Bouffault*, 772 S.E.2d 589, 596–97 (Va. 2015). An alleged statement only so injures the reputation of the

plaintiff when it "engender[s] disgrace, shame, scorn, or contempt." *Id.* at 599. Even if it is taken as true that Hsu falsely accused Bhattacharya of taking her friend's key, the statement could not reasonably affect Bhattacharya's reputation to the extent that it would "engender disgrace, shame, scorn, or contempt." And it is not even clearly alleged that Hsu made such an accusation—her alleged statement was merely that she believed Bhattacharya had taken the key, not that he had actually done so. *See* Ex. 1 to Dkt. 149 at ¶ 174.

Therefore, the Court will adopt Judge Hoppe's recommendation. Bhattacharya may not amend his complaint to add a defamation claim against Dr. Hsu.

## IV.  Conclusion

For the reasons stated, the Court will ADOPT Judge Hoppe's R&R in part. The Court will GRANT in part and DENY in part Plaintiff's motion for leave to file a second amended complaint, Dkt. 149. The motion is GRANTED to the extent that it seeks (1) to delete Counts II, III, and IV from the Amended Complaint, and (2) to add Dr. John Densmore, in his individual capacity, as a Defendant to the § 1983 claim in Count I. The motion is DENIED in all other respects.

Plaintiff is ORDERED to strike from his proposed pleading all allegations concerning non-party Dr. Hsu and is FURTHER ORDERED to file a Second Amended Complaint containing only Count I, as amended, and the factual allegations relevant thereto. *See* Fed. R. Civ. P. 12(f)(1).

The Clerk of Court is directed to send the Opinion and Order to all counsel of record.

Entered this 16th day of March 2022.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE