IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| KIERAN RAVI BHATTACHARYA, | ) | Civil Action No. 3:19-cv-00054 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| JAMES B. MURRAY et al., | ) | |
| Defendants. | ) | By:   Joel C. Hoppe |
| | ) | United States Magistrate Judge |

This matter is before the Court on Defendants' motion asking me to consider a prior order regarding a subpoena duces tecum directed to non-party CVS (Pharmacy) #1556. Defs.' Mot. to Reconsider, ECF No. 274; Order of Dec. 20, 2021, ECF No. 266. On December 20, 2021, I granted in part Plaintiff's motion to quash or modify Defendants' original subpoena directed to CVS (Pharmacy) # 1156 seeking Plaintiff's complete pharmacy records, *see* ECF No. 178-1, at 1–7, and ordered that the paragraph following the heading "Requested Documents, Electronically Stored Information, and Things," *id.* at 7, be modified to read:

> All prescription drug records or documents showing the proprietary or generic name of the *psychotropic* drug prescribed, listing the dosage of the *psychotropic* drug prescribed and its frequency of use or administration, and identifying the prescriber of the *psychotropic* drug, for all *psychotropic* prescriptions submitted to or filled by your pharmacy for **Kieran Ravi Bhattacharya, DOB: 6/20/1996**, *between June 1, 2016, and January 31, 2019.*

*Id.* (italics added to represent court-ordered modifications). As modified, the subpoena sought a limited range of Plaintiff's pharmacy records that are relevant to the claims and defenses in this case, Fed. R. Civ. P. 26(b)(1), and authorized the Custodian of Records at CVS Pharmacy to disclose any otherwise "protected matter" consistent with federal and state law, Fed. R. Civ. P. 45(d)(3)(A)(iii). Defendants made the required modifications to the subpoena. *See* Defs.' Mot. to Reconsider Ex. B, ECF No. 274-2, at 7.

1

On December 27, 2021, Defendants served the amended subpoena, as well as a certificate of resolution and copy of the modification order, on CVS #1556 and directed the pharmacy's Custodian of Records to produce the requested documents by 5:00 p.m. on January 15, 2022. *See id.* at 1–2, 8 (citing Va. Code § 32.1-127.1:03(H)(8)). On February 1, 2022, Defendants' counsel received a letter from a CVS Health Prescription Records Service Center employee stating,

> Please be advised that this office cannot complete your request for a Prescription History for Kieran Ravi Bhattacharya for the following reason(s):

> The medical authorization submitted with your request is specific to a certain named drug. We do not know which, if any, prescriptions were dispensed under the generic form if any. Please *update your request for a complete history without any specific drug* but only to include prescriptions received within a time frame.

Defs.' Mot. to Reconsider Ex. C, ECF No. 274-3, at 1 (emphasis added). Defendants interpret CVS Health's instructions to mean that the amended subpoena's "date range is acceptable, but the request for specific types of drugs," i.e., "only 'psychotropic' drugs," "could not be completed." *See* Defs.' Mot. to Reconsider 2–3.

Two days later, Defendants filed this Motion asking the Court to "reconsider its Order and modify the language in the [amended] subpoena to omit the word 'psychotropic'" so CVS Health/Pharmacy could produce Plaintiff's pharmacy records from the specified timeframe to Defendants' counsel for review. *Id.* at 3. Alternatively, Defendants could "instruct CVS Pharmacy to produce the[se] documents directly to the Court for an in-camera review and to determine which records Defendants may receive" consistent with the Federal Rules of Civil Procedure and Court's prior orders. *See id.* Plaintiff responded that he "ha[d] no objection to" the Court reviewing his CVS Pharmacy records *in camera* to determine "which prescription drugs fit the limitation set forth in" the prior discovery order. Pl.'s Resp. to Defs.' Mot. to Reconsider 1–2 (citing Order of Dec. 20, 2021, at 1), ECF No. 284; *see* Defs.' Reply in Supp. of Mot. to Reconsider 1 ("Plaintiff appears to have no objection to the Court ordering further modification

2

of the CVS subpoena, specifically modifications to omit any reference to 'psychotropic' drugs. The only remaining dispute is where and to whom CVS should produce those records. Defendants and Plaintiff both state than an *in camera* review would be agreeable and satisfactory for these records."). On March 15, 2022, I held a hearing on the record at which counsel for both parties addressed the Motion.

*

"The Federal Rules of Civil Procedure do not provide for a motion to reconsider, denominated as such," *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001), although such requests "are common in federal practice," *DIRECTV, Inc. v. Hart*, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Rule 54 "provides that 'any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time.'" *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 583–84 (D. Md. 2018) (quoting Fed. R. Civ. P. 54(b)). "The precise standard governing a motion for reconsideration of an interlocutory order is unclear," *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015), but it is clear they "are not subject to the strict standards applicable to motions of reconsideration of a final judgment" or final order under Rules 59(e) and 60(b), *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003) (noting that district courts enjoy "broad discretion to reconsider interlocutory orders" not involving "issues going to the court's Article III subject matter jurisdiction"). *See Carrero*, 310 F. Supp. 3d at 584. For example, relief under Rule 54(b) may be appropriate based on "new evidence that was not . . . available" to the movant before the Court issued its order. *See Wooten v. Commw. of Va.*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016)

3

(Moon, J.). District courts also have "broad discretion to manage discovery and make discovery rulings." *W.S. v. Daniels*, 258 F. Supp. 3d 640, 643 (D.S.C. 2017) (citing *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) ("We afford substantial discretion to a district court in managing discovery and review discovery rulings only for abuse of that discretion.")).

**

CVS Health's assertions that it "cannot" comply with the amended subpoena as written, but that it could complete an "update[d]" request for Plaintiff's "complete history without any specific drug" from the specified timeframe, Defs.' Mot. to Reconsider Ex. C, at 1, justifies granting Defendants' requested relief. *Cf. Sines v. Kessler*, No. 3:17cv72, 2021 WL 1143291, at *7 (W.D. Va. Mar. 24, 2021) (noting that pro se defendant's repeated failures to comply with court orders directing him to produce responsive materials to plaintiffs' counsel by a date certain justified entry of order directing third-party discovery vendor to produce these materials directly to plaintiffs' counsel "without the opportunity for [defendant's prior] review"). Accordingly, the Motion, ECF No. 274, is hereby GRANTED.

Attachment A to the subpoena duces tecum served on "CVS #1556, ATTN: Pharmacy, Custodian of Records," ECF No. 274-2, at 2, is MODIFIED to read:

> All prescription drug records or documents showing the proprietary or generic name of the drug prescribed, listing the dosage of the drug prescribed and its frequency of use or administration, and identifying the prescriber of the drug, for all prescriptions submitted to or filled by your pharmacy for **Kieran Ravi Bhattacharya, DOB: 6/20/1996**, between June 1, 2016, and January 31, 2019.

*Id.* at 7. Defendants' attorney shall promptly issue and serve an amended subpoena commanding the custodian of records at CVS Health's Prescription Records Service Center to return **one complete paper copy** of the requested documents **in a sealed envelope** to the issuing attorney's office at a specified date and time consistent with Rule 45(d)(2)(B).

Upon receipt, Defendants' counsel shall promptly deliver the sealed envelope to: United States District Court Clerk's Office, Attn: Heidi Wheeler, 255 W. Main Street, Room 304, Charlottesville, Virginia, 22902. The undersigned Magistrate Judge will review the documents *in camera* to determine what information, if any, shall be produced to Defendants consistent with Rule 26(b) and the Court's prior discovery orders. *See* Order of Dec. 20, 2021, at 1. These materials shall be subject to the Stipulated Protective Order. *See id.*

**IT IS SO ORDERED.**

The Clerk shall send a copy of this Order to the parties.

ENTER: March 18, 2022

Joel C. Hoppe
U.S. Magistrate Judge

5