IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| KIERAN RAVI BHATTACHARYA, )<br> Plaintiff, )<br>)<br>v. )<br>)<br>JAMES B. MURRAY et al., )<br> Defendants. )<br>) | Civil Action No. 3:19-cv-00054<br><br>ORDER<br><br><br>By: Joel C. Hoppe<br>   United States Magistrate Judge | |

This matter is before the Court on Plaintiff's motion to quash Defendants' third-party subpoenas to Plaintiff's parents, Drs. Debasis and Roxanne Bhattacharya ("Debasis" and "Roxanne"). ECF No. 283. On February 1, 2022, counsel for the UVA Defendants served identical copies of subpoenas duces tecum and deposition subpoenas on Debasis and Roxanne through their attorney, Peter Goodman, Esq. *See* ECF Nos. 283-1 to 283-4. The subpoenas duces tecum directed Debasis and Roxanne to produce the requested documents to UVA defense counsel by 5:00 p.m. EST on February 18, 2022. ECF No. 283-2, at 5; ECF No. 283-4, at 5. Debasis and Roxanne were scheduled to be deposed by remote means on March 2, 2022, and March 12, 2022, respectively. ECF No. 283-1, at 5; ECF No. 283-3, at 5. Debasis's deposition was postponed by mutual agreement. *See* Pl.'s Reply Br. 2–3, ECF No. 305.

On February 15, Plaintiff moved to quash all four subpoenas under Rule 45(d)(3) of the Federal Rules of Civil Procedure. He argues that the deposition subpoenas are untimely because third-party discovery has arguably closed, Pl.'s Mot. to Quash 1–4, and that the subpoenas duces tecum are overbroad and "call for the production of documents for which [Plaintiff] has legitimate claims of privilege and immunity—including the physician-patient privilege, attorney-client privilege, work product immunity, and common interest privilege," *id.* at 4. *See generally id.* at 4–6. Plaintiff does not object to Defendants' counsel deposing his parents, as long as he can

1

"raise objections to any improper questions at the depositions themselves." Pl.'s Reply Br. 2. Defendants oppose Plaintiff's motion, arguing that he lacks standing to challenge subpoenas issued to his parents and that, even if he does have standing, his timeliness arguments, relevance objections, and claims of privilege are meritless. *See generally* Defs.' Br. in Opp'n 1–13, ECF No. 295. They also noted that, as of February 24, 2022, Mr. Goodman had "not objected to or filed any motions to quash the subpoenas" issued to his clients, Debasis and Roxanne. *Id.* at 1; *see* Fed. R. Civ. P. 45(d)(2)(B) (respondent's written objections to a subpoena duces tecum "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served"). On March 1, Mr. Goodman served Debasis and Roxanne's written responses and objections to the subpoenas duces tecum, asserting the following protections: spousal communication privilege, work-product protection, and common-interest privilege. *See* ECF No. 305-1, at 2–12; Fed. R. Civ. P. 45(e)(2) (claiming privilege or protection). Nonetheless, they agreed to be deposed and to produce any relevant, non-privileged documents within their control subject to these narrow objections. *See* ECF No. 305-1, at 3, 11–12.

On March 15, 2022, I held a hearing at which counsel for all parties addressed the Motion to Quash at length. Defendants' counsel stated that they intend to honor Debasis and Roxanne's claims of spousal-communication privilege and work-product protection, but she reiterated their position that Plaintiff cannot invoke those protections on his own behalf and that none of the specific privileges asserted in Plaintiff's motion apply to the requested documents. Plaintiffs' counsel agreed the claim of common-interest privilege could be moot given Defendants' agreement to honor the parents' claim of work-product protection, but he wanted to preserve his client's ability to raise his own claims of privilege at Debasis and Roxanne's rescheduled

2

depositions. To the extent any such privilege may apply, this Order does not limit Plaintiff's ability to object at Debasis and Roxanne's depositions.

For the reasons explained on the record during the hearing, Plaintiff's Motion to Quash, ECF No. 283, is DENIED without prejudice. *See generally Idema v. United States*, 118 F. App'x 740, 744 (4th Cir. 2005) (defendant who "failed to make any showing that he has a personal right to, or privilege in, the information being sought in [third-party] subpoenas" did not have standing to challenge subpoenas). Consistent with their "Objections and Responses to Defendants' Subpoenae Duces Tecum," ECF No. 305-1, Debasis and Roxanne shall produce the documents requested by the subpoenas, but may withhold certain privileged documents, as acknowledged by Defendants.

**IT IS SO ORDERED.**

The Clerk shall send a copy of this Order to the parties.

ENTER: March 22, 2022

Joel C. Hoppe
U.S. Magistrate Judge