# EXHIBIT A

to

PLAINTIFF'S OPPOSITION TO

THE UVA DEFENDANTS' MOTION FOR PROTECTIVE ORDER

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**
Charlottesville Division

| | |
|---|---|
| KIERAN RAVI BHATTACHARYA, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **Civil Action No. 3:19-CV-54-NKM-JCH** |
| | ) |
| | ) |
| JAMES B. MURRAY, JR., et al., | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF'S REQUESTS FOR ADMISSION NOS. 134 THROUGH 196**

Defendants (except for Defendant Dr. Sara Rasmussen), by counsel, in their official capacities as officers or employees of the University of Virginia, and pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, state the following Responses and Objections to Plaintiff's Requests for Admission Nos. 134 through 196.  In their individual capacities, John Densmore, Nora Kern, and Christine Peterson do not possess knowledge or information sufficient to respond to these discovery requests except to the extent identified herein.

**SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      Defendants object to Definition Nos. 4, 5, and 6 ("Identify") as the seek to impose obligations not required by the Federal Rules of Civil Procedure.

2.      Defendants object to Definition Nos. 8 and 36 ("You" or "Your") and Definition No. 28 ("Defendants") to the extent that they reference "Individual Co-Conspirators" as such references are inconsistent with the Court's ruling regarding Plaintiff's motion to amend his complaint.  *See* ECF No. 324.  The Court expressly ruled that Plaintiff may not add a claim of civil conspiracy to the Second Amended Complaint.  *Id*.

1

3.       Defendants object to Definition Nos. 10 ("Rector") and 11 ("Vice Rector") as they are inconsistent with Plaintiff's Second Amended Complaint and the current members of the Board of Visitors.  Defendants will interpret any reference to the Rector as being to the current Rector of the Board of Visitors of the University of Virginia, which is Whittington W. Clement.  Defendants will interpret any reference to the Vice Rector as being to the current Vice Rector of the Board of Visitors of the University of Virginia, which is Robert Hardie.

4.       Defendants object to Definition No. 13 ("Members of the Board of Visitors of the University of Virginia") as the listing found in Plaintiff's Definition is inaccurate and does not delineate the current members of the Board of Visitors.  Defendants will interpret any reference to the Members of the Board of Visitors of the University of Virginia as referring to the accurate and up-to-date listing of the members.

5.       Defendants object to Definition No. 23 ("Professor Rasmussen") to the extent it implies that Dr. Rasmussen is still a professor at the University of Virginia School of Medicine.

6.       Defendants object to Definition No. 24 ("Individual Co-Conspirators") as any reference to any of the Defendants as a "Co-Conspirator" is inappropriate and inconsistent with the Court's ruling regarding Plaintiff's motion to amend his complaint.  *See* ECF No. 324.   The Court expressly ruled that Plaintiff may not add a claim of civil conspiracy to the Second Amended Complaint.  *Id*.

7.       Defendants object to Definitions No. 32 and 33 ("First Professionalism Concern Card" and "Second Professionalism Concern Card" respectively) to the extent they reference the First Amended Complaint.  The Second Amended Complaint is the operative complaint and Defendants will interpret any reference to the Concern Cards to mean Exhibits 10 and 13 to the Second Amended Complaint.

8.      Defendants object to Instruction Nos. 4, 5, and 6 as they seek to impose obligations not required by the Federal Rules of Civil Procedure.

9.      Defendants object to Plaintiff's definitions and instructions to the extent Plaintiff seeks to impose upon the Defendants obligations in addition to or different from those required by the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

10.     Defendants object to Plaintiff's definitions and instructions to the extent that Plaintiff seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity, or form of protection.

11.     Defendants reserve the right to alter or amend these responses as new or different information is obtained during the discovery process, as discovery is ongoing.

12.     Defendants incorporate, by reference, all objections made in their Motion for Protective Order and corresponding Memorandum in Support (ECF No. 344) (hereinafter "Defendants' Motion for Protective Order") submitted to the Court on April 5, 2022 for filing under seal.

## REQUESTS FOR ADMISSION

**RFA No. 134:**

Mr. Bhattacharya spoke with Tabitha Enoch by phone on November 18, 2018.

**RESPONSE TO RFA NO. 134:**  Per Plaintiff's Revised Fourth Discovery Requests, transmitted via email on April 11, 2022, Defendants understand that this Request for Admission is withdrawn.  As such, Defendants will not be providing a response to this Request for Admission. This shall not constitute an admission under Rule 36(a)(3).

3

**RFA No. 135:**

Tabitha Enoch sent an email to Mr. Bhattacharya after they spoke with each other by phone on November 18, 2018.

**RESPONSE TO RFA NO. 135:**  After making reasonable inquiry, the information that Defendants know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 136:**

Roxanne Bhattacharya was not permitted to be in the Claude Moore Health Sciences Library on November 18, 2018.

**RESPONSE TO RFA NO. 136:**  Per Plaintiff's Revised Fourth Discovery Requests, transmitted via email on April 11, 2022, Defendants understand that this Request for Admission is withdrawn.  As such, Defendants will not be providing a response to this Request for Admission. This shall not constitute an admission under Rule 36(a)(3).

**RFA No. 137:**

Roxanne Bhattacharya was not permitted to be in the Jefferson Medical Office Building on November 18, 2018.

**RESPONSE TO RFA NO. 137:**  Per Plaintiff's Revised Fourth Discovery Requests, transmitted via email on April 11, 2022, Defendants understand that this Request for Admission is withdrawn.  As such, Defendants will not be providing a response to this Request for Admission. This shall not constitute an admission under Rule 36(a)(3).

**RFA No. 138:**

Roxanne Bhattacharya was not permitted to be inside the residence of 820B Cabell Avenue on November 18, 2018.

**RESPONSE TO RFA NO. 138:**   Per Plaintiff's Revised Fourth Discovery Requests, transmitted via email on April 11, 2022, Defendants understand that this Request for Admission is withdrawn.  As such, Defendants will not be providing a response to this Request for Admission. This shall not constitute an admission under Rule 36(a)(3).

**RFA No. 139:**

Angel Hsu allowed Roxanne Bhattacharya to be inside the Claude Moore Health Sciences Library on November 18, 2018.

**RESPONSE TO RFA NO. 139:**   After making reasonable inquiry, the information that Defendants know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 140:**

Nora Kern and Sara Rasmussen communicated with each other in person about Mr. Bhattacharya at the end of the AMWA Microaggression Panel Discussion on October 25, 2018.

**RESPONSE TO RFA NO. 140:**   Dr. Nora Kern admits that she recalls briefly speaking to Dr. Sara Rasmussen about Plaintiff while she and Dr. Sara Rasmussen were leaving the AMWA Microaggression Panel Discussion on October 25, 2018.  To the extent any further response is required, Defendants deny this Request in all other respects.

**RFA No. 141:**

Lindsay Nicole Carlson stated in Mr. Bhattacharya's medical records that he was to be tranquilized on November 14, 2018 for refusing bloodwork and urine samples while under ECO. (Bates No. UVA HS00003796, UVA HS00003810-11)

**RESPONSE TO RFA NO. 141:**  Per Plaintiff's Revised Fourth Discovery Requests, transmitted via email on April 11, 2022, Defendants understand that this Request for Admission is withdrawn.  As such, Defendants will not be providing a response to this Request for Admission. This shall not constitute an admission under Rule 36(a)(3).

**RFA No. 142:**

Patrick Stafford stated in Mr. Bhattacharya's medical records between 16:17 and 16:40 pm November 19, 2018 that Mr. Bhattacharya was to be tranquilized on November 19, 2018 for refusing bloodwork and urine samples while under ECO. (Bates No. UVA HS00003707)

**RESPONSE TO RFA NO. 142:**  Per Plaintiff's Revised Fourth Discovery Requests, transmitted via email on April 11, 2022, Defendants understand that this Request for Admission is withdrawn.  As such, Defendants will not be providing a response to this Request for Admission. This shall not constitute an admission under Rule 36(a)(3).

**RFA No. 143:**

Guidelines from the Virginia Department of Behavioral Health state: "Patients who have capacity to make informed decisions and do not consent to collection of a urine or blood specimen will not be forced, including under an emergency custody order (ECO)."  *See*

https://dbhds.virginia.gov/assets/doc/about/masg/adults-medical-and-screening-guidelines-11-5-2018.pdf.

**RESPONSE TO RFA NO. 143:** Per Plaintiff's Revised Fourth Discovery Requests, transmitted via email on April 11, 2022, Defendants understand that this Request for Admission is withdrawn. As such, Defendants will not be providing a response to this Request for Admission. This shall not constitute an admission under Rule 36(a)(3).

**RFA No. 144:**

At the time Mr. Bhattacharya was tranquilized on November 14, 2018, he had the capacity to make informed decisions.

**OBJECTION TO RFA NO. 144**: Defendants object as this Request calls for a medical determination and is not relevant to any claims or defenses to the sole surviving First Amendment retaliation claim in this case. This Request is outside the scope of permissible discovery under Rule 26(b)(1).

**RESPONSE TO RFA NO. 144:** Subject to and without waiving the foregoing objections, and for all the reasons stated in Defendants' Motion for Protective Order (ECF No. 344), Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 145:**

At the time Mr. Bhattacharya was tranquilized on November 19, 2018, he had the capacity to make informed decisions.

**OBJECTION TO RFA NO. 145**:  Defendants object as this Request calls for a medical determination and is not relevant to any claims or defenses to the sole surviving First Amendment retaliation claim in this case.  This Request is outside the scope of permissible discovery under Rule 26(b)(1).

**RESPONSE TO RFA NO. 145:**  Subject to and without waiving the foregoing objections, and for all the reasons stated in Defendants' Motion for Protective Order (ECF No. 344), Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 146:**

During the course of Mr. Bhattacharya involuntary hospitalization on November 14, 2018, no one alleged in Mr. Bhattacharya's medical records that he lacked the capacity to make informed decisions before he was tranquilized on November 14, 2018.

**OBJECTION TO RFA NO. 146:**  Defendants object to this Request as posing an undue burden on Defendants to sift through all of Plaintiff's copious medical records to search for a notation from a care provider that Plaintiff "lacked the capacity to make informed decisions." Plaintiff is free to sift through his own medical records to ascertain the answer to this Request.

**RESPONSE TO RFA NO. 146:**  Subject to and without waiving the foregoing objections, and for all the reasons stated in Defendants' Motion for Protective Order (ECF No. 344), Defendants state that Plaintiff's medical records speak for themselves.

**RFA No. 147:**

During the course of Mr. Bhattacharya involuntary hospitalization on November 19, 2018, no one alleged in Mr. Bhattacharya's medical records that he lacked the capacity to make informed decisions before he was tranquilized on November 19, 2018.

**OBJECTION TO RFA NO. 147:**  Defendants object to this Request as posing an undue burden on Defendants to sift through all of Plaintiff's copious medical records to search for a notation from a care provider that Plaintiff "lacked the capacity to make informed decisions." Plaintiff is free to sift through his own medical records to ascertain the answer to this Request.

**RESPONSE TO RFA NO. 147:**  Defendants respond that Plaintiff's medical records speak for themselves.  Defendants also reserve the right to supplement this response based on Dr. Patrick Stafford's deposition transcript as Dr. Stafford's testimony is relevant to this Request for Admission.

**RFA No. 148:**

Angel Hsu did not move out of 820B Cabell Avenue on November 19, 2018.

**OBJECTION TO RFA NO. 148:**  Defendants object to this Request as a misuse of the tools of discovery as Plaintiff seeks to elicit admissions about facts that are obviously beyond the scope of Defendants' knowledge.  For the reasons stated more fully in Defendants' Motion for a Protective Order (ECF No. 344), which are hereby incorporated by reference into these objections, Defendants could not possibly be expected to know whether or exactly when Angel Hsu moved out of the specified off-campus residence.

**RESPONSE TO RFA NO. 148:**  Subject to and without waiving the foregoing objections, Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 149:**

Christine Peterson did not know the location of Angel Hsu's residence before noon on November 19, 2018.

**OBJECTION TO RFA NO. 149:**  Defendants object to this request on the grounds that it is not relevant not relevant to any party's claim or defense.  Plaintiff's sole remaining claim is one of First Amendment Retaliation.  Whether Dr. Peterson knew where Angel Hsu lived before noon on the specified date (as opposed to 11:00 p.m. that morning, or 1:00 p.m. that afternoon) has no probative value with respect to any fact that is actually of consequence to the determination of any claim or defense in this action.

**RESPONSE TO RFA NO. 149:**  Subject to and without waiving the foregoing objections, admitted.

**RFA No. 150:**

Angel Hsu falsely represented in her November 26, 2018 *ex parte* preliminary protective order petition that she had not previously filed for an emergency protective order on November 23, 2018.

**OBJECTION TO RFA NO. 150:**  Defendants object that this Request seeks irrelevant information, as Dr. Hsu is not a party to this action.  Whether Dr. Hsu accurately stated any fact in a petition for a preliminary protective order is of no probative value with respect to any fact of

consequence to the determination of any claim or defense that is actually part of this action, and is thus beyond the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1). This Request instead appears on its face to be little more than an extension of Plaintiff's obsessive campaign to punish and harass his ex-girlfriend for perceived slights. Defendants object to this Request as a misuse of the tools of discovery as Plaintiff seeks to elicit admissions about facts that are obviously beyond the scope of Defendants' knowledge.

**RESPONSE TO RFA NO. 150:** Defendants stand on their objections and will not participate in Plaintiff's continued attempts to use this litigation as a vehicle to punish his ex-girlfriend. In any event, the document speaks for itself.

**RFA No. 151:**

Mr. Bhattacharya has never reported to anyone orally or in writing that he is or was experiencing auditory hallucinations.

**OBJECTION TO RFA NO. 151:** Defendants object to this Request as a misuse of the tools of discovery as Plaintiff seeks to elicit admissions about facts that are obviously beyond the scope of Defendants' knowledge. For the reasons stated more fully in Defendants' Motion for a Protective Order (ECF No. 344), which are hereby incorporated by reference into these objections, Defendants could not possibly be expected to know whether Plaintiff reported to anyone at any time in his life about experiencing auditory hallucinations. In addition, Defendants object to this Request as impermissibly compound.

**RESPONSE TO RFA NO. 151:** Subject to and without waiving the foregoing objections, Defendants deny this Request.

**RFA No. 152:**

Mr. Bhattacharya did not leave candles unattended at his residence in October or November 2018.

**OBJECTION TO RFA NO. 152:**  Defendants object to this Request as a misuse of the tools of discovery as Plaintiff seeks to elicit admissions about facts that are obviously beyond the scope of Defendants' knowledge.  For the reasons stated more fully in Defendants' Motion for a Protective Order (ECF No. 344), which are hereby incorporated by reference into these objections, Defendants could not possibly be expected to know whether Plaintiff left candles unattended at his private residence.

**RESPONSE TO RFA NO. 152:**  Subject to and without waiving the foregoing objections, Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.


**RFA No. 153:**

Mr. Bhattacharya did not undergo required psychological or psychiatric treatment of any kind while at the University of Alabama.

**OBJECTION TO RFA NO. 153:**  Defendants object to this Request as a misuse of the tools of discovery as Plaintiff seeks to elicit admissions about facts that are obviously beyond the scope of Defendants' knowledge.  Defendants are officials of the University of Virginia and not the University of Alabama.  This Request is obviously outside of the scope of their knowledge.

**RESPONSE TO RFA NO. 153:**  Subject to and without waiving the foregoing objections, and for all the reasons stated in Defendants' Motion for Protective Order (ECF No. 344),

Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 154:**

Mr. Bhattacharya did not frisk or attempt to frisk any roommates or any individual at UVA during any point in his enrollment.

**OBJECTION TO RFA NO. 154:**  Defendants object to this Request as a misuse of the tools of discovery as Plaintiff seeks to elicit admissions about facts that are obviously beyond the scope of Defendants' knowledge.  For the reasons stated more fully in Defendants' Motion for a Protective Order (ECF No. 344), which are hereby incorporated by reference into these objections, Defendants could not possibly be expected to know whether Plaintiff frisked or attempted to frisk any person anywhere at the University of Virginia at any time during his enrollment.

**RESPONSE TO RFA NO. 154:**  Subject to and without waiving the foregoing objections, Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 155:**

Mr. Bhattacharya did not leave the stove at his residence on or use it at all during the period November 16-19, 2018.

**OBJECTION TO RFA NO. 155:**  Defendants object to this Request as a misuse of the tools of discovery as Plaintiff seeks to elicit admissions about facts that are obviously beyond the scope of Defendants' knowledge.  For the reasons stated more fully in Defendants' Motion for a Protective Order (ECF No. 344), which are hereby incorporated by reference into these objections,

Defendants could not possibly be expected to know whether Plaintiff had left a stove on at his residence.

**RESPONSE TO RFA NO. 155:**  Subject to and without waiving the foregoing objections, Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 156:**

Mr. Bhattacharya was in good academic standing at all points during his enrollment at UVA Med School before 5:00 pm on November 28, 2018.

**OBJECTION TO RFA NO. 156:**  Defendants object that the undefined phrase "good academic standing" is vague and ambiguous.  Defendants interpret "good academic standing" to be defined as the Medical School defines the term as found in the Policy on Academic and Professional Advancement.  It provides that a student is in good academic standing if the student makes satisfactory progress, defined as progressing at a pace of completion allowing the student to meet academic requirements to achieve the Doctor of Medicine degree within a six-year limit (150% of the program length) set from matriculation.

**RESPONSE TO RFA NO. 156:**  Admitted.

**RFA No. 157:**

At no point during Mr. Bhattacharya's enrollment at UVA Med School before November 28, 2018 did any agent or employee of UVA inform Mr. Bhattacharya that he was not in good academic standing.

**OBJECTION TO RFA NO. 155:**  Defendants object that the undefined phrase "good academic standing" is vague and ambiguous.  Defendants interpret "good academic standing" to be defined as the Medical School defines the term as found in the Policy on Academic and Professional Advancement.  It provides that a student is in good academic standing if the student makes satisfactory progress, defined as progressing at a pace of completion allowing the student to meet academic requirements to achieve the Doctor of Medicine degree within a six-year limit (150% of the program length) set from matriculation.  Defendants further object to this RFA as it asks Defendants to admit to a compound statement.

**RESPONSE TO RFA NO. 155:**  Admitted.

**RFA No. 158:**

Dr. Tucker understood that Dean Canterbury had required that Mr. Bhattacharya be evaluated by CAPS.

**RESPONSE TO RFA NO. 158:**  Per Plaintiff's Revised Fourth Discovery Requests, transmitted via email on April 11, 2022, Defendants understand that this Request for Admission is withdrawn.  As such, Defendants will not be providing a response to this Request for Admission. This shall not constitute an admission under Rule 36(a)(3).

**RFA No. 159:**

Dr. Tucker understood that there is a fundamental difference between recommending and requiring that one be evaluated by CAPS on November 28, 2018.

**OBJECTION TO RFA NO. 159:**  Defendants object that this Request seeks information that is irrelevant to any fact of consequence to the determination of any claim or defense in this

litigation.  Whether Dr. Tucker subjectively understood the difference between "recommending" and "requiring" a particular course of action is irrelevant to any claim or defense in this action.

**RESPONSE TO RFA NO. 159:**  Subject to and without waiving the foregoing objections, Defendants admit that Dr. Tucker knows the definitions of the words "recommend" and "require," but state affirmatively that it had no bearing on Defendants' decision to suspend Plaintiff from Medical School.  The University of Virginia School of Medicine's Time and Attendance Policy states: "If a student misses more than two consecutive days due to illness, they must notify their college dean and the Office of Student Affairs (som-studentaffairs@virginia.edu) as well as obtain medical evaluation from the Department of Student Health or other licensed healthcare provider. . . . Clearance from Student Health is required before the student can resume educational activities."  *See* UVA00009394.  Plaintiff was suffering from a mental illness, and Counseling and Psychological Services is the appropriate unit within Student Health to clear Plaintiff so that he may resume educational activities.  To the extent further response is required, Defendants deny this Request for Admission in all other respects.


**RFA No. 160:**

Dean Canterbury's statement to Jim Tucker that "[John Densmore] has to have [Mr. Bhattacharya] taken from [John Densmore's] office by police a week ago" was false.  (Bates No. UVA00002635.)

**OBJECTION TO RFA NO. 160:**  Defendants object to this Request as it is vague. Plaintiff is taking Dean Canterbury's statement out of context.

**RESPONSE TO RFA NO. 160:**  Subject to and without waiving the foregoing objections, Defendants admit that Dean Densmore did not have to have Plaintiff taken from his office by

police during the referenced encounter; rather, police detained Plaintiff in the library after learning that Plaintiff's own mother's had petitioned for an Emergency Custody Order, which was granted. To the extent any further response is required to this Request and its attempt to take Dr. Canterbury's statement out of context, however, Defendants deny this Request for Admission in all other respects.

**RFA No. 161:**

Tabitha Enoch's November 30, 2018 statement to Angel Hsu that Mr. Bhattacharya's suspension "had nothing to do with [Angel Hsu]" was false.  (Bates No. UVA00002777.)

**OBJECTION TO RFA NO. 161:**  Defendants object to this Request as it takes statements out of context.  The document speaks for itself.

**RESPONSE TO RFA NO. 161:**  Defendants deny that Ms. Enoch's statement was false because Plaintiff has taken her statement out of context.  Ms. Enoch was not present at the ASAC meeting and was not privy to whatever information it considered while deliberating about Mr. Bhattacharya's suspension; rather, she was responding to and consoling a distraught student.  In further response, Defendants state that the ASAC did not necessarily consider information Angel Hsu shared directly with Tabitha Enoch; rather, the ASAC considered the Preliminary Protective Order that Angel Hsu had obtained against Plaintiff during its November 28, 2018 hearing as well as other information that Angel Hsu may have shared with people other than Tabitha Enoch.  To the extent any further response is required to this Request and its attempt to take Ms. Enoch's statement out of context, however, Defendants deny this Request for Admission in all other respects.

**RFA No. 162:**

Tabitha Enoch's November 30, 2018 statement to Angel Hsu that "ASAC didn't have access to any information [Angel Hsu] shared with [Tabitha Enoch]" was false.  (Bates No. UVA00002777.)

**OBJECTION TO RFA NO. 162:**  Defendants object to this Request as it takes statements out of context.  The document speaks for itself.

**RESPONSE TO RFA NO. 162:**  Defendants deny that Ms. Enoch's statement was false because Plaintiff has taken her statement out of context.  Ms. Enoch was not present at the ASAC meeting and was not privy to whatever information it considered while deliberating about Mr. Bhattacharya's suspension; rather, she was responding to and consoling a distraught student.  In further response, Defendants state that the ASAC did not necessarily consider information that Angel Hsu shared directly with Tabitha Enoch; rather, the ASAC considered the Preliminary Protective Order that Angel Hsu had obtained against Plaintiff during its November 28, 2018 hearing as well as other information that Angel Hsu may have shared with people other than Tabitha Enoch.  To the extent any further response is required to this Request and its attempt to take Ms. Enoch's statement out of context, however, Defendants deny this Request for Admission in all other respects.

**RFA No. 163:**

It was well within Mr. Bhattacharya's right to tell Roxanne Bhattacharya to stop contacting him on November 16, 2018; November 17, 2018; November 18, 2018; and November 19, 2018.  (Bates No. UVA00002777.)

**OBJECTION TO RFA NO. 163:**  Defendants object that this Request seeks irrelevant information outside the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1), as whatever right Mr. Bhattacharya may have had to demand that his mother stop contacting him has no probative value with respect to any claim or defense asserted in this action.  Defendants also object to this request on the grounds that it is vague and ambiguous, as it is unclear what Plaintiff means by "well within [his] right."   To the extent that the Request asks Defendants to admit or deny a legal conclusion, especially one irrelevant to the claims and defenses in this case, they decline to do so. Defendants further object on the grounds that the document referenced does not support or reference the statement Plaintiff would like Defendants to admit.

**RESPONSE TO RFA NO. 163:**  Subject to and without waiving the foregoing objections, Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 164:**

It was well within Mr. Bhattacharya's right to tell Angel Hsu to stop contacting him on November 17, 2018 and November 19, 2018.  (Bates No. UVA00002777.)

**OBJECTION TO RFA NO. 164:**  Defendants object that this Request seeks irrelevant information outside the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1), as whatever right Mr. Bhattacharya may have had to demand that his ex-girlfriend stop contacting him has no probative value with respect to any claim or defense asserted in this action.  Defendants also object to this request on the grounds that it is vague and ambiguous, as it is unclear what Plaintiff means by "well within [his] right."   To the extent that the Request asks Defendants to admit or deny a legal conclusion, especially one irrelevant to the claims and defenses in this case, they decline to

do so.  Defendants further object on the grounds that the document referenced does not support or reference the statement Plaintiff would like Defendants to admit.

**RESPONSE TO RFA NO. 164:**  Subject to and without waiving the foregoing objections, Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.


**RFA No. 165:**

It was well within Mr. Bhattacharya's right to tell Roxanne Bhattacharya to leave his residence on November 18, 2018.  (Bates No. UVA00002777.)

**OBJECTION TO RFA NO. 165:**  Defendants object that this Request seeks irrelevant information outside the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1), as whatever right Mr. Bhattacharya may have had to demand that his mother leave his residence has no probative value with respect to any claim or defense asserted in this action.  Defendants also object to this request on the grounds that it is vague and ambiguous, as it is unclear what Plaintiff means by "well within [his] right."   To the extent that the Request asks Defendants to admit or deny a legal conclusion, especially one irrelevant to the claims and defenses in this case, they decline to do so.  Defendants further object on the grounds that the document referenced does not support or reference the statement Plaintiff would like Defendants to admit.

**RESPONSE TO RFA NO. 165:**  Subject to and without waiving the foregoing objections, Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 166:**

It was well within Mr. Bhattacharya's right to refuse Dean Densmore's November 27, 2018 psychiatric order.  (Bates No. UVA00002777.)

**OBJECTION TO RFA NO. 166:**  Defendants object to this request on the grounds that it is vague and ambiguous.  It is unclear what Plaintiff means by "psychiatric order," which is undefined and susceptible to multiple interpretations.  Defendants further object to the extent Plaintiff has deliberately used this vague or ambiguous term with the intent of mischaracterizing Dean Densmore's communications with him.  It is also unclear what Plaintiff means by "well within [his] right" and to the extent that the Request asks Defendants to admit or deny a legal conclusion, they decline to do so.

**RESPONSE TO RFA NO. 166:**  Subject to and without waiving the foregoing objections, Defendants deny that Dean Densmore made a psychiatric order and, thus, deny this request. Defendants admit that the University of Virginia School of Medicine's Time and Attendance Policy states: "If a student misses more than two consecutive days due to illness, they must notify their college dean and the Office of Student Affairs (som-studentaffairs@virginia.edu) as well as obtain medical evaluation from the Department of Student Health or other licensed healthcare provider. . . . Clearance from Student Health is required before the student can resume educational activities."    *See* UVA00009394.  Plaintiff was suffering from a mental illness, and Counseling and Psychological Services is the appropriate unit within Student Health to clear Plaintiff so that he may resume educational activities.  Plaintiff was free not to seek the required medical clearance if he chose not to return to class.  In all other respects, however, this Request for Admission is denied.

**RFA No. 167:**

It was well within Mr. Bhattacharya's right to refuse Randolph Canterbury's November 27, 2018 psychiatric order.  (Bates No. UVA00002777.)

**OBJECTION TO RFA NO. 167:**  Defendants object to this request on the grounds that it is vague and ambiguous.  It is unclear what Plaintiff means by "psychiatric order," which is undefined and susceptible to multiple interpretations.  Defendants further object to the extent Plaintiff has deliberately used this vague or ambiguous term with the intent of mischaracterizing Dean Canterbury's communications with him.  It is also unclear what Plaintiff means by "well within [his] right" and to the extent that the Request asks Defendants to admit or deny a legal conclusion, they decline to do so.

**RESPONSE TO RFA NO. 167:**  Subject to and without waiving the foregoing objections, Defendants deny that Randolph Canterbury made a psychiatric order and, thus, deny this request. Defendants admit that the University of Virginia School of Medicine's Time and Attendance Policy states: "If a student misses more than two consecutive days due to illness, they must notify their college dean and the Office of Student Affairs (som-studentaffairs@virginia.edu) as well as obtain medical evaluation from the Department of Student Health or other licensed healthcare provider. . . . Clearance from Student Health is required before the student can resume educational activities." *See* UVA00009394.  Plaintiff was suffering from a mental illness, and Counseling and Psychological Services is the appropriate unit within Student Health to clear Plaintiff so that he may resume educational activities.  Plaintiff was free not to seek the required medical clearance if he chose not to return to class.  In all other respects, however, this Request for Admission is denied.

**RFA No. 168:**

It was well within Mr. Bhattacharya's right to make an audio recording of the November 28, 2018 ASAC hearing.

**OBJECTION TO RFA NO. 168:**  Defendants object to this request on the grounds that it is vague and ambiguous.  It is unclear what Plaintiff means by "well within [his] right" and to the extent that the Request asks Defendants to admit or deny a legal conclusion, especially one irrelevant to the claims and defenses in this case, they decline to do so.

**RESPONSE TO RFA NO. 168:**  Subject to and without waiving the foregoing objections, Defendants admit that at the time of November 28, 2018 ASAC meeting, such recordings were not prohibited.  Defendants further admit that Plaintiff asked to record the meeting on November 28, 2018, and ASAC members permitted him to do so, as demonstrated in the bodycam footage produced as UVA00008144.  To the extent any further response is required, however, Defendants deny this Request for Admission in all other respects.

**RFA No. 169:**

It was well within Mr. Bhattacharya's right to receive clarification from Angel Hsu as to the location and status of his property to which he was denied access during the period November 19-26, 2018.

**OBJECTION TO RFA NO. 169:**  Defendants object to this request on the grounds that it is vague and ambiguous.  Defendants note that although this Request for Admission references a period in which he was supposedly denied access to unspecified property, he does not refer to any specific timeframe when he supposedly had the right to "receive clarification." Plaintiff was

also subject to multiple protective orders obtained against him by Dr. Hsu, however, which covered various periods and which limited his right to contact her to request any "clarification."  It also is unclear what Plaintiff means by "well within [his] right" and to the extent that the Request asks Defendants to admit or deny a legal conclusion, especially one irrelevant to the claims and defenses in this case, they decline to do so.

**RESPONSE TO RFA NO. 169:**  Subject to and without waiving the foregoing objections, Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 170:**

Angel Hsu did not tell Mr. Bhattacharya to stop contacting her during any of the phone calls that she answered from a Poplar Springs phone while Mr. Bhattacharya was at Poplar Springs until after she obtained the preliminary protective order on November 26, 2018.

**OBJECTION TO RFA NO. 170:**  Defendants object to this Request as a misuse of the tools of discovery as Plaintiff seeks to elicit admissions about facts that are obviously beyond the scope of Defendants' knowledge.  Defendants further object to this Request on the grounds that it is not relevant not relevant to any party's claim or defense.  Plaintiff's sole remaining claim is one of First Amendment Retaliation.  It is unclear how, even if true, the requested admission would make any fact of consequence to the determination of the action or any related claim or defense more or less likely.

**RESPONSE TO RFA NO. 170:**  Subject to and without waiving the foregoing objections, Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 171:**

Mr. Bhattacharya shared equal ownership of Taro between September 1, 2018 and 9:00 a.m. on November 26, 2018.

**OBJECTION TO RFA NO. 171:**  Defendants object to this request on the grounds that it is not relevant to any party's claim or defense.  For the reasons stated in Defendants' Motion for a Protective Order, (ECF No. 344), which are hereby incorporated by reference, Defendants object that even if they knew anything about Plaintiff's alleged property interest in a dog named Taro—which they do not—this Request has no probative value with respect to any fact of consequence to the determination of this action, and is therefore outside the scope of Fed. R. Civ. P. 26(b)(1). To the extent that the Request asks Defendants to admit or deny a legal conclusion, especially one so irrelevant to the claims and defenses in this case, they decline to do so.

**RESPONSE TO RFA NO. 171:**  Subject to and without waiving the foregoing objections, Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 172:**

Mr. Bhattacharya has, to this day, never agreed to waive his property stake in Taro.

**OBJECTION TO RFA NO. 172:**  Defendants object to this request on the grounds that it is not relevant to any party's claim or defense.  Plaintiff's sole remaining claim is one of First

Amendment Retaliation.  For the reasons stated in Defendants' Motion for a Protective Order, (ECF No. 344), which are hereby incorporated by reference, Defendants object that even if they knew anything about Plaintiff's alleged property interest in a dog named Taro—which they do not—this Request has no probative value with respect to any fact of consequence to the determination of this action, and is therefore outside the scope of Fed. R. Civ. P. 26(b)(1).  To the extent that the Request asks Defendants to admit or deny a legal conclusion, especially one so irrelevant to the claims and defenses in this case, they decline to do so.

**RESPONSE TO RFA NO. 172:**  Subject to and without waiving the foregoing objections, Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 173:**

The forced hospitalizations of Mr. Bhattacharya from November 14-16, 2018 and November 19-26, 2018 led to "interference with [Mr. Bhattacharya's] property."

**OBJECTION TO RFA NO. 173:**  Defendants object that the undefined phrase "interference with [Mr. Bhattacharya's] property" is so vague and ambiguous that they are unable to answer.  Defendants initially note that the phrase undefined phrase "forced hospitalizations" is not only vague and ambiguous but also pejorative and inaccurate.  More importantly, this Request for Admission does not specify what "property" Plaintiff intended to reference or describe what "interference" supposedly occurred.  For all the reasons stated in Defendants' Motion for a Protective Order (ECF No. 344), which are incorporated here by reference, Defendants further object that even if they knew anything about Kieran's ownership or possessory interests in any undefined property—which they do not—this Request has no probative value with respect to any

fact of consequence to the determination of this action, and is therefore outside the scope of Fed. R. Civ. P. 26(b)(1).   To the extent that the Request asks Defendants to admit or deny a legal conclusion, especially one so irrelevant to the claims and defenses in this case, they decline to do so.

**RESPONSE TO RFA NO. 173:**  Subject to and without waiving the foregoing objections, Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny whatever it is this Request supposedly means.

**RFA No. 174:**

The University of Virginia's "Title IX Prohibited Conduct – Stalking" states as follows:

"Stalking is conduct on the basis of sex defined as engaging in a course of conduct directed at a specific person (*e.g.*, the Complainant) that would cause a reasonable person to (A) fear for their safety or the safety of others or (B) suffer substantial emotional distress.

"Course of conduct" means two or more acts, including but not limited to acts in which a person directly, indirectly, or through third parties, by any actions, method, device, or means, follows, monitors, observes, surveils, threatens, or communicates to or about another person, or interferes with another person's property.

"Substantial emotional distress" means significant mental suffering or anguish that may but does not necessarily require medical or other professional treatment or counseling.

Stalking includes "cyber stalking," a particular form of stalking in which a person uses electronic media, such as the internet, social networks, blogs, cell phones, texts, or other similar devices or forms of contact."

**RESPONSE TO RFA NO. 174:**  Per Plaintiff's Revised Fourth Discovery Requests, transmitted via email on April 11, 2022, Defendants understand that this Request for Admission

is withdrawn.  As such, Defendants will not be providing a response to this Request for Admission. This shall not constitute an admission under Rule 36(a)(3).

**RFA No. 175:**

No employee of UVA CAPS, UVA Medical Center, Poplar Springs, or the University of Alabama, or Charles Moseley has ever reported in writing that Mr. Bhattacharya informed him or her that Mr. Bhattacharya was experiencing auditory hallucinations.

**OBJECTION TO RFA NO. 175:**  Defendants object to this Request on the grounds that it is impermissibly compound as it asks whether any employee of five separate healthcare providers has ever reported that Plaintiff had informed them that he was experiencing auditory hallucinations, including three providers not associated in any way with the University of Virginia or its School of Medicine.  Further, Defendants object that they cannot possibly be expected to know whether every single one of an unknown number of employees from any of the five different healthcare providers across two different states never wrote in their notes (whether produced in this litigation or not) that Mr. Bhattacharya had informed them that he was experiencing auditory hallucinations.

**RESPONSE TO RFA NO. 175:**  Subject to and without waiving the foregoing objections, Defendants deny this Request.

**RFA No. 176:**

No employee of UVA CAPS, UVA Medical Center, Poplar Springs, or the University of Alabama, or Charles Moseley has reported in writing that Mr. Bhattacharya informed him or her that Mr. Bhattacharya was experiencing visual hallucinations.

**OBJECTION TO RFA NO. 176:**  Defendants object to this Request on the grounds that it is impermissibly compound as it asks whether any employee of five separate healthcare providers has ever reported that Plaintiff had informed them that he was experiencing visual hallucinations, including three providers not associated in any way with the University of Virginia or its School of Medicine.  Further, Defendants object that they cannot possibly be expected to know whether every single one of an unknown number of employees from any of the five different healthcare providers across two different states never wrote in their notes (whether produced in this litigation or not) that Mr. Bhattacharya had informed them that he was experiencing visual hallucinations.

**RESPONSE TO RFA NO. 176:**  Subject to and without waiving the foregoing objections, and for all the reasons stated in Defendants' Motion for Protective Order (ECF No. 344), Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 177:**

No employee of UVA CAPS, UVA Medical Center, Poplar Springs, or the University of Alabama, or Charles Moseley has reported in writing that Mr. Bhattacharya informed him or her that Mr. Bhattacharya was experiencing suicidal ideations.

**OBJECTION TO RFA NO. 177:**  Defendants object to this Request on the grounds that it is impermissibly compound as it asks whether any employee of five separate healthcare providers has ever reported that Plaintiff was experiencing suicidal ideation, including three providers not associated in any way with the University of Virginia or its School of Medicine. Further, Defendants object that they cannot possibly be expected to know whether every single

one of an unknown number of employees from any of the five different healthcare providers across two different states never wrote in their notes (whether produced in this litigation or not) that Mr. Bhattacharya was experiencing suicidal ideation.

     **RESPONSE TO RFA NO. 177:**  Subject to and without waiving the foregoing objections, and for all the reasons stated in Defendants' Motion for Protective Order (ECF No. 344), Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 178:**

     No employee of UVA CAPS, UVA Medical Center, Poplar Springs, or the University of Alabama, or Charles Moseley has reported in writing that Mr. Bhattacharya informed him or her that Mr. Bhattacharya was experiencing homicidal ideations.

     **OBJECTION TO RFA NO. 178:**  Defendants object to this Request on the grounds that it is impermissibly compound as it asks whether any employee of five separate healthcare providers has ever reported that Plaintiff was experiencing homicidal ideation, including three providers not associated in any way with the University of Virginia or its School of Medicine. Further, Defendants object that they cannot possibly be expected to know whether every single one of an unknown number of employees from any of the five different healthcare providers across two different states never wrote in their notes (whether produced in this litigation or not) that Mr. Bhattacharya was experiencing homicidal ideation.

     **RESPONSE TO RFA NO. 178:**  Subject to and without waiving the foregoing objections, and for all the reasons stated in Defendants' Motion for Protective Order (ECF No. 344),

Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 179:**

On November 20, 2018, Nicole Ruzek reported to Poplar Springs Hospital that Mr. Bhattacharya "has not made physical threats but threatens litigation against [Mr. Bhattacharya's] Dean." (Bates No. PSH00003661.)

**RESPONSE TO RFA NO. 179:** Defendants respond that after making reasonable inquiry, they lack sufficient information they know or can readily obtain is insufficient to allow them to admit or deny this Request. In further response, Defendants state that Nicole Ruzek remembers calling Poplar Springs Hospital but does not remember making that specific assertion. Defendants further state that Nicole Ruzek acted on information that she had received in good faith during her call to Poplar Springs on November 21, 2018, and that Poplar Springs may have misunderstood or misinterpreted what she said.

**RFA No. 180:**

Nicole Ruzek's assertion to Poplar Springs hospital that "[Angel Hsu's] protective order [would] be finalized on [November 23, 2018]" was false. (Bates No. PSH00003662.)

**RESPONSE TO RFA NO. 180:** Defendants respond that after making reasonable inquiry, they lack sufficient information they know or can readily obtain is insufficient to allow them to admit or deny this Request. In further response, Defendants state that Nicole Ruzek remembers calling Poplar Springs Hospital but does not remember making that specific assertion. Defendants further state that Nicole Ruzek acted on information that she had received in good faith

during her call to Poplar Springs on November 21, 2018, and that Poplar Springs may have misunderstood or misinterpreted what she said.

**RFA No. 181:**

Nicole Ruzek contacted Poplar Springs at 12:35 p.m. on November 21, 2018 with the intention of influencing the outcome of the 2:30 p.m. November 21, 2018 involuntary commitment hearing in a manner unfavorable to Mr. Bhattacharya.  (Bates No. PSH00003662, UVA00009372.)

**RESPONSE TO RFA NO. 181:**  Defendants admit that Nicole Ruzek contacted Poplar Springs Hospital; however, they expressly deny that Nicole Ruzek intended to influence the outcome of Plaintiff's November 21, 2018 involuntary commitment hearing. To the extent any further response is required, Defendants deny this Request in all other respects.

**RFA No. 182:**

David Brown's "Chief Complaint" at 1:10 p.m. on November 19, 2018 that "[Roxanne Bhattacharya] initiated [an Emergency Custody Order] after [Angel Hsu] file a protective order" against Mr. Bhattacharya is false.  (Bates No. UVA HS00003702.)

**OBJECTION TO RFA NO. 182:**  Defendants object that the term "false," as used in this Request, is vague or ambiguous.  Defendants further object to the extent Plaintiff intended to leverage that vagueness or ambiguity to mischaracterize the referenced document.  Defendants additionally object that this Request is irrelevant, as the accuracy or specificity of a Registered Nurse's note in Plaintiff's Emergency Department records is not probative of any fact of consequence to the determination of any claim or defense in this action.

**RESPONSE TO RFA NO. 182:** Defendants state in response that Roxanne Bhattacharya's Petition for an Emergency Custody Order with respect to Plaintiff, KB-006268-72, speaks for itself, as does Dr. Hsu's Protective Order, UVA00002652-54. Defendants admit that Roxanne Bhattacharya's Petition for an Emergency Custody Order was filed before Angel Hsu's Petition for a Protective Order; however, to the extent any further response is required, Defendants deny this Request in all other respects.

**RFA No. 183:**

Haley Bolton's "Chief Complaint" at 1:14 p.m. on November 19, 2018 that "[Roxanne Bhattacharya] initiated [an Emergency Custody Order] after [Angel Hsu] file a protective order" against Mr. Bhattacharya is false. (Bates No. UVA HS00003702.)

**RESPONSE TO RFA NO. 183:** Per Plaintiff's Revised Fourth Discovery Requests, transmitted via email on April 11, 2022, Defendants understand that this Request for Admission is withdrawn. As such, Defendants will not be providing a response to this Request for Admission. This shall not constitute an admission under Rule 36(a)(3).

**RFA No. 184:**

Margaret Sande's "Chief Complaint" at 1:23 p.m. on November 19, 2018 that "[Roxanne Bhattacharya] initiated [an Emergency Custody Order] after [Angel Hsu] file a protective order" against Mr. Bhattacharya is false. (Bates No. UVA HS00003702.)

**RESPONSE TO RFA NO. 184:** Per Plaintiff's Revised Fourth Discovery Requests, transmitted via email on April 11, 2022, Defendants understand that this Request for Admission

is withdrawn.  As such, Defendants will not be providing a response to this Request for Admission.

This shall not constitute an admission under Rule 36(a)(3).

**RFA No. 185:**

Mr. Bhattacharya was not "copying large volumes of a psychiatry textbook" on November 18, 2018.  (Bates No. UVA HS00003705.)

**OBJECTION TO RFA NO. 185:**  Defendants object to this Request as a misuse of the tools of discovery as Plaintiff seeks to elicit admissions about facts that are obviously beyond the scope of Defendants' knowledge.  Defendants further object to this Request on the grounds that it seeks irrelevant information, as Plaintiff's photocopying habits is not probative of any fact of consequence to the determination of any claim or defense at issue in this litigation.

**RESPONSE TO RFA NO. 185:**  Subject to and without waiving the foregoing objections, and for all the reasons stated in Defendants' Motion for Protective Order (ECF No. 344), Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 186:**

Margaret Sande had access to the entire written petition from Roxanne Bhattacharya and relied on its contents to create her "ED Provider Notes."  (Bates Nos. UVA HS00003704-05.)

**OBJECTION TO RFA NO. 186:**  Defendants object to this Request as a misuse of the tools of discovery as Plaintiff seeks to elicit admissions about facts that are obviously beyond the scope of Defendants' knowledge.  Defendants cannot talk to Dr. Sande about Plaintiff's treatment under Va. Code § 8.01-399.  Defendants further object to this Request on the grounds that it seeks

irrelevant information, as whether a specific healthcare provider had access to a particular document when writing her notes is not probative of any fact of consequence to the determination of any claim or defense at issue in this litigation.

**RESPONSE TO RFA NO. 186:**  Subject to and without waiving the foregoing objections, and for all the reasons stated in Defendants' Motion for Protective Order (ECF No. 344), Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 187:**

Margaret Sande reported that Mr. Bhattacharya "[did] not know why he need to be" at the UVA Medical Center ED on November 19, 2018.  (Bates No. UVA HS00003705.)

**OBJECTION TO RFA NO. 187:**  Defendants object to this Request as a misuse of the tools of discovery as Plaintiff seeks to elicit admissions about facts that are obviously beyond the scope of Defendants' knowledge.  Defendants cannot talk to Dr. Sande about Plaintiff's treatment under Va. Code § 8.01-399.  Defendants further object to this Request as the document speaks for itself.

**RESPONSE TO RFA NO. 187:**  Subject to and without waiving the foregoing objections, and for all the reasons stated in Defendants' Motion for Protective Order (ECF No. 344), Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 188:**

Margaret Sande's report of Roxanne Bhattacharya's allegation that Mr. Bhattacharya was "not eating" is false.  (Bates No. UVA HS00003705.)

**OBJECTION TO RFA NO. 188:**  Defendants object that the term "false," as used in this Request, is vague or ambiguous.  Defendants further object to the extent Plaintiff intended to leverage that vagueness or ambiguity to mischaracterize the referenced document.  Defendants additionally object that this Request is vague of ambiguous, as it is unclear whether Plaintiff means that Margaret Sande was "false" in reporting Roxanne Bhattacharya's so-called allegation, or that Roxanne Bhattacharya was "false" in asserting that so-called allegation.  Defendants further object to this Request as a misuse of the tools of discovery as Plaintiff seeks to elicit admissions about facts that are obviously beyond the scope of Defendants' knowledge.  Defendants cannot talk to Dr. Sande about Plaintiff's treatment under Va. Code § 8.01-399, and Defendants cannot know what Roxanne Bhattacharya knew about Plaintiff's eating habits at the time.

**RESPONSE TO RFA NO. 188:**  Subject to and without waiving the foregoing objections, and for all the reasons stated in Defendants' Motion for Protective Order (ECF No. 344), Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 189:**

Neither Roxanne Bhattacharya nor Angel Hsu had any personal knowledge as to whether or not Mr. Bhattacharya was "eating" between November 16-19, 2018.  (Bates No. UVA HS00003705.)

**OBJECTION TO RFA NO. 189:**  Although Defendants very much doubt that the "fact" asserted by this Request is true, Defendants object to this Request as a misuse of the tools of discovery as Plaintiff seeks to elicit admissions about facts that are obviously beyond the scope of Defendants' knowledge.

**RESPONSE TO RFA NO. 189:**  Subject to and without waiving the foregoing objections, and for all the reasons stated in Defendants' Motion for Protective Order (ECF No. 344), Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 190:**

Margaret Sande's report of Roxanne Bhattacharya's allegation that Mr. Bhattacharya was "not sleeping" is false.  (Bates No. UVA HS00003705.)

**OBJECTION TO RFA NO. 190:**  Defendants object that the term "false," as used in this Request, is vague or ambiguous.  Defendants further object to the extent Plaintiff intended to leverage that vagueness or ambiguity to mischaracterize the referenced document.  Defendants additionally object that this Request is vague of ambiguous, as it is unclear whether Plaintiff means that Margaret Sande was "false" in reporting Roxanne Bhattacharya's so-called allegation, or that Roxanne Bhattacharya was "false" in asserting that so-called allegation.  Defendants further object to this Request as a misuse of the tools of discovery as Plaintiff seeks to elicit admissions about facts that are obviously beyond the scope of Defendants' knowledge.  Defendants cannot talk to Dr. Sande about Plaintiff's treatment under Va. Code § 8.01-399, and Defendants cannot know what Roxanne Bhattacharya knew about Plaintiff's sleeping habits at the time.

**RESPONSE TO RFA NO. 190:**  Subject to and without waiving the foregoing objections, and for all the reasons stated in Defendants' Motion for Protective Order (ECF No. 344), Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 191:**

Neither Roxanne Bhattacharya nor Angel Hsu had any personal knowledge as to whether or not Mr. Bhattacharya was "sleeping" between November 16-19, 2018.  (Bates No. UVA HS00003705.)

**OBJECTION TO RFA NO. 191:**  Although Defendants very much doubt that the "fact" asserted by this Request is true, Defendants object to this Request as a misuse of the tools of discovery as Plaintiff seeks to elicit admissions about facts that are obviously beyond the scope of Defendants' knowledge.

**RESPONSE TO RFA NO. 191:**  Subject to and without waiving the foregoing objections, and for all the reasons stated in Defendants' Motion for Protective Order (ECF No. 344), Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 192:**

Mr. Bhattacharya did not "leave food unattended on the stove" between November 16-19, 2018.  (Bates No. UVA HS00003705.)

**OBJECTION TO RFA NO. 192:**  Defendants object to this Request as a misuse of the tools of discovery as Plaintiff seeks to elicit admissions about facts that are obviously beyond the

scope of Defendants' knowledge.  For the reasons stated more fully in Defendants' Motion for a Protective Order (ECF No. 344), which are hereby incorporated by reference into these objections, Defendants could not possibly be expected to know whether defendant had left food unattended on a stove in his private, off-campus residence.  This request is also unnecessarily cumulative and duplicative of Request for Admission No. 155.

**RESPONSE TO RFA NO. 192:**  Subject to and without waiving the foregoing objections, Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 193:**

Mr. Bhattacharya did not "make investment decisions that [were] out of character for him" in November 2018.  (Bates No. UVA HS00003705.)

**OBJECTION TO RFA NO. 193:**  Defendants object to this Request as a misuse of the tools of discovery as Plaintiff seeks to elicit admissions about facts that are obviously beyond the scope of Defendants' knowledge.  For the reasons stated more fully in Defendants' Motion for a Protective Order (ECF No. 344), which are hereby incorporated by reference into these objections, Defendants could not possibly be expected to know whether any particular investment decision were out of character for him.

**RESPONSE TO RFA NO. 193:**  Subject to and without waiving the foregoing objections, Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 194:**

Winifred Wolfe's "Violence Risk Assessment" of Mr. Bhattacharya of "moderate" provides no true, testable, and factual support whatsoever other than describing Mr. Bhattacharya as a "[m]ale."  (Bates No. UVA HS00003747.)

**OBJECTION TO RFA NO. 194:**  Defendants object that the phrase "provides no true, testable, and factual support whatsoever" is vague and ambiguous.  Defendants further object to the extent Plaintiff intended to leverage this vagueness in order to mischaracterize the referenced document, and likewise object to Plaintiff's attempt to take statements and assertions made for the purpose of rendering care to him out of context.  The document speaks for itself.

**RESPONSE TO RFA NO. 194:**  Denied.

**RFA No. 195:**

Winifred Wolfe's "Violence Risk Assessment" of Mr. Bhattacharya of "moderate" falsely asserts that Mr. Bhattacharya was "living alone."  (Bates No. UVA HS00003747.)

**OBJECTION TO RFA NO. 195:**  Defendants object that as used in this Request for Admission, the term "falsely" is vague or ambiguous.  Defendants further object to the extent Plaintiff intended to leverage that vagueness or ambiguity in an attempt to mischaracterize the document.  Defendants object to this Request as Plaintiff's attempt to take statements and assertions made for the purpose of rendering care to him out of context.  The document speaks for itself.

**RESPONSE TO RFA NO. 195:**  Defendants state that after making reasonable inquiry, the information that they know or can readily obtain is insufficient to enable them to admit or deny this Request.

**RFA No. 196:**

Winifred Wolfe would have had no way of personally observing and diagnosing someone with "current florid mania" if she was "[Unable To Assess] as [Mr. Bhattacharya] refused examination."  (Bates No. UVA HS00003743.)

**RESPONSE TO RFA NO. 196:**  Per Plaintiff's Revised Fourth Discovery Requests, transmitted via email on April 11, 2022, Defendants understand that this Request for Admission is withdrawn.  As such, Defendants will not be providing a response to this Request for Admission. This shall not constitute an admission under Rule 36(a)(3).

Dated: April 18, 2022

Respectfully submitted,

**MCGUIREWOODS LLP**

/s/ Farnaz F. Thompson

| | |
|---|---|
| Farnaz F. Thompson (VSB No. 75982) | Jonathan T. Blank (VSB No. 38487) |
| Brandi G. Howard (admitted *pro hac vice*) | Micah B. Schwartz (VSB No. 77299) |
| Michael Brody (admitted *pro hac vice*) | 323 2nd Street SE, Suite 700 |
| 888 16th Street N.W., Suite 500 | Charlottesville, VA 22902 |
| Black Lives Matter Plaza | Telephone: (434) 977-2500 |
| Washington, DC 20006 | Facsimile: (434) 980-2222 |
| Telephone: (202) 857-2488 | jblank@mcguirewoods.com |
| Facsimile: (202) 828-3358 | mschwartz@mcguirewoods.com |
| fthompson@mcguirewoods.com | |
| bhoward@mcguirewoods.com | |
| mbrody@mcguirewoods.com | |

Evan Tucker (VSB No. 95042)
Alicia M. Penn (VSB No. 94937)
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
etucker@mcguirewoods.com
apenn@mcguirewoods.com

*Counsel for Defendants James B. Murray, Jr., Whittington W. Clement, Robert M. Blue, Mark T. Bowles, L.D. Britt, Frank M. Conner III, Elizabeth M. Cranwell, Thomas A. Depasquale, Barbara J. Fried, John A. Griffin, Louis S. Haddad, Robert D. Hardie, Maurice A. Jones, Babur B. Lateef, Angela Hucles Mangano, C. Evans Poston Jr., James V. Reyes, Peter C. Brunjes, Timothy Longo Sr., Melissa Fielding, John J. Densmore, Jim B. Tucker, Christine Peterson, and Nora Kern*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this April 18, 2022, the foregoing document was sent via

electronic mail only to the following:

Michael J. Lockerby, Esquire
mlockerby@foley.com
*Counsel for Plaintiff*

H. Robert Yates, III, Esquire
C. Quinn Adams, Esquire
ryates@ohaganmeyer.com
cadams@ohaganmeyer.com
*Counsel for Defendant Dr. Sara Rasmussen*


*/s/ Farnaz F. Thompson*
Farnaz F. Thompson