# EXHIBIT F

to

PLAINTIFF'S OPPOSITION TO

THE UVA DEFENDANTS' MOTION FOR PROTECTIVE ORDER

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division**

| | |
|---|---|
| **KIERAN RAVI BHATTACHARYA,** ) | |
| ) | |
| **Plaintiff**, ) | |
| ) | |
| ) | |
| **v.** ) | **Civil Action No.: 3:19-cv-54-NKM-JCH** |
| ) | |
| **JAMES B. MURRAY, JR.,** *et al.* ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**DEFENDANT SARA K. RASMUSSEN, M.D., Ph.D.'s OBJECTIONS, ANSWERS, AND
RESPONSES TO MR. BHATTACHARYA'S FOURTH DISCOVERY REQUESTS**

Defendant Sara K. Rasmussen, by counsel, pursuant to Federal Rules of Civil Procedure

26, 33, 34, and 36, submits the following Objections, Answers and Responses to Plaintiff Kieran

Ravi Bhattacharya Fourth Discovery Requests.

**REQUESTS FOR PRODUCTION**

**Document Request No. 75:**

Full, unredacted copies of all forms of government or employee IDs from October 25, 2018

to present for all individual and official capacity defendants other than those who are members of

the Rector and Board of Visitors.

**OBJECTIONS:** Defendants object that this request is overly broad and not proportional to the
needs of the case. The only allegations about Dr. Rasmussen in the Second Amended Complaint
concern her brief interaction with Plaintiff during the October 25, 2018 AMWA Microaggression
Panel. This request does not seek any documents concerning those narrow allegations. Instead, it
asks for every government and employee identification card that Dr. Rasmussen has held since
that date. Those documents have no relevance to Plaintiff's claims in this case and appear aimed
solely at harassing Dr. Rasmussen.

**RESPONSE:** Dr. Rasmussen stands on these objections.

**Document Request No. 76:**

The complete medical student files for all individuals identified in response to Interrogatory No. 4.

**OBJECTIONS:** Relevance and overly broad.

**RESPONSE:** Subject to and without waiving those objections, Dr. Rasmussen does not have any documents responsive to this request**.**

**Document Request No. 77:**

The complete medical student files for all individuals identified in response to Interrogatory No. 5.

**OBJECTIONS:** Relevance and overly broad.

**RESPONSE:** Subject to and without waiving those objections, Dr. Rasmussen does not have any documents responsive to this request**.**

**Document Request No. 78:**

The complete medical student files for all individuals identified in response to Interrogatory No. 6.

**OBJECTIONS:** Relevance and overly broad.

**RESPONSE:** Subject to and without waiving those objections, Dr. Rasmussen does not have any documents responsive to this request**.**

**Document Request No. 79:**

The complete medical student files for all individuals identified in response to Interrogatory No. 7.

**OBJECTIONS:** Relevance and overly broad.

**RESPONSE:**  Subject to and without waiving those objections, Dr. Rasmussen does not have any documents responsive to this request**.**


**Document Request No. 80:**

The complete medical student files for all individuals identified in response to Interrogatory No. 8.

**OBJECTIONS:** Relevance and overly broad.

**RESPONSE:**  Subject to and without waiving those objections, Dr. Rasmussen does not have any documents responsive to this request**.**


**Document Request No. 81:**

Written Communications and records of phone calls in which Christine Peterson discussed the subject matter of this case using Skype.

**OBJECTIONS:** None.

**RESPONSE:**  Rasmussen does not have any documents responsive to this request**.**


**Document Request No. 82:**

Written Communications and identification of students with whom Meg Keeley made unauthorized disclosures of Mr. Bhattacharya's personal medical information. (Bates No. UVA00001703)

**OBJECTIONS:** Relevance and overly broad.

**RESPONSE:**  Subject to and without waiving those objections, Dr. Rasmussen does not have any documents responsive to this request**.**

**Document Request No. 83:**

Communications between Angel Hsu and Christine Peterson related to Angel Hsu's January 16, 2017 meeting in which they discussed Mr. Bhattacharya. (Bates No. UVA00001703)

**OBJECTIONS:** None.

**RESPONSE:**  Subject to and without waiving those objections, Dr. Rasmussen does not have any documents responsive to this request**.**


**Document Request No. 84:**

Text message from Angel Hsu to Dean Peterson February 2, 2017 (Bates No. UVA: Peterson: Angel Hsu "texted me on [Thursday, February 2, 2017] that he was "doing much better"…" as well as entire text message communications from January and February 2017.

**OBJECTIONS:** None.

**RESPONSE:**  Subject to and without waiving those objections, Dr. Rasmussen does not have any documents responsive to this request**.**


**Document Request No. 85:**

Written Communications and records of phone calls in which John Densmore discussed the subject matter of this case using Skype.

**OBJECTIONS:** None.

**RESPONSE:**  Dr. Rasmussen does not have any documents responsive to this request**.**


**Document Request No. 86:**

Written Communications and records of phone calls in which Sean Reed discussed the subject matter of this case using Skype.

**OBJECTIONS:** None.

**RESPONSE:**  Dr. Rasmussen does not have any documents responsive to this request**.**

**Document Request No. 87:**

Written communications and records of phone calls in which Meg Keeley discussed the subject matter of this case using Skype.

**OBJECTIONS:** None.

**RESPONSE:**  Dr. Rasmussen does not have any documents responsive to this request**.**

**Document Request No. 88:**

The complete medical student files of "the two other medical students appealing ASAC decisions."  (Bates No. UVA00003034)

**OBJECTIONS:** None.

**RESPONSE:**  Dr. Rasmussen does not have any documents responsive to this request**.**

**Document Request No. 89:**

Bodycam footage of "Police at bedside" UVA Medical Center ED Room 26 at 19:47:14 on November 19, 2018.  (UVA HS00003737)

**OBJECTIONS:** None.

**RESPONSE:**  Dr. Rasmussen does not have any documents responsive to this request**.**

**Document Request No. 90:**

Bodycam footage of urine extraction of Mr. Bhattacharya at 17:01:01 on November 19, 2018. (UVA HS00003734)

**OBJECTIONS:** None.

**RESPONSE:**  Dr. Rasmussen does not have any documents responsive to this request**.**

**Document Request No. 91:**

Bodycam footage of blood extraction of Mr. Bhattacharya between 17:00 and 17:19 on November 19, 2018.  (UVA HS00003734-35)

**OBJECTIONS:** None.

**RESPONSE:**  Dr. Rasmussen does not have any documents responsive to this request**.**

**Document Request No. 92:**

Bodycam footage of police at bedside at 22:00 on November 19, 2018.   (UVA HS00003738)

**OBJECTIONS:** None.

**RESPONSE:**  Dr. Rasmussen does not have any documents responsive to this request**.**

**Document Request No. 93:**

With respect to each of Defendants' "hybrid" expert witnesses, all Documents and Communications since October 25, 2018 through the date of trial that any of them had or hereafter will have with You or Your counsel, counsel for anyone else, Your consultants, or anyone else that such "hybrid" experts considered, used, generated, saw, read, reviewed, and/or considered in forming the opinions set forth in Defendants' Rule 26(a)(2)(C) expert witness disclosures or about which each anticipates providing testimony.

**OBJECTIONS:** None.

**RESPONSE:** Dr. Rasmussen does not have any documents responsive to this request**.**

**Document Request No. 94:**

Laurie Casteen's Documents and Communications regarding Mr. Bhattacharya's phone call to Tabitha Enoch on November 18, 2018.  (Dkt. #285-1 at 8.)

**OBJECTIONS:** None.

**RESPONSE:** Dr. Rasmussen does not have any documents responsive to this request**.**


**Document Request No. 95:**

All Documents and Communications identifying the public settings referenced by Dr. Tucker in the November 29, 2018 ASAC letter.  (Dkt. #285-1 at 11.)

**OBJECTIONS:** None.

**RESPONSE:** Dr. Rasmussen does not have any documents responsive to this request**.**


**Document Request No. 96:**

All Documents and Communications identifying by photograph and name all employees of the Claude Moore Health Sciences Library who were present on November 18, 2018.  (Dkt. #285-1 at 11.)

**OBJECTIONS:** None.

**RESPONSE:** Dr. Rasmussen does not have any documents responsive to this request**.**


**Document Request No. 97:**

All Documents and Communications regarding telephone calls between Mr. Bhattacharya and Angel Hsu between November 19, 2018 and November 26, 2018.  (Dkt. #285-1 at 12-13.)

**OBJECTIONS:** None.

**RESPONSE:**  Dr. Rasmussen does not have any documents responsive to this request**.**


**Document Request No. 98:**

All Documents and Communications regarding voicemail messages between Lynne Fleming and Dean Thomas on November 28, 2018.  (Dkt. #285-1 at 13.)

**OBJECTIONS:** None.

**RESPONSE:**  Dr. Rasmussen does not have any documents responsive to this request**.**


**Document Request No. 99:**

All Documents and Communications reflecting efforts by any employee or agent of UVA to access or otherwise preserve Charlottesville or UVA PD bodycam footage of Mr. Bhattacharya, Roxanne Bhattacharya, Angel Hsu, or any police interaction at 820B Cabell Avenue on November 18 and 19, 2018.  (Dkt. #285-1 at 8.)

**OBJECTIONS:** None.

**RESPONSE:**  Dr. Rasmussen does not have any documents responsive to this request**.**


**Document Request No. 100:**

All documents and communications related to Dean Thomas's communications with ASAC members to get a quorum for the November 28, 2018 ASAC hearing.  (Dkt. #285-1 at 13.)

**OBJECTIONS:** None.

**RESPONSE:**  Dr. Rasmussen does not have any documents responsive to this request**.**

**Document Request No. 101:**

All Documents and Communications regarding Angel Hsu's counseling, psychological, or psychiatric care.  (Dkt. #285-1 at 13.)

**OBJECTIONS:** None.

**RESPONSE:**  Dr. Rasmussen does not have any documents responsive to this request.

**Document Request No. 102:**

All Documents and Communications reflecting UVA School of Medicine's Dean on Call Schedule in October, November, and December 2018.  (Dkt. #285-1 at 13.)

**OBJECTIONS:** None.

**RESPONSE:**  Dr. Rasmussen does not have any documents responsive to this request.

**Document Request No. 103:**

All Documents and Communications regarding Shelly Savage Gibson's November 14, 2018 report.  (Dkt. #285-1 at 14.)

**OBJECTIONS:** None.

**RESPONSE:**  Dr. Rasmussen does not have any documents responsive to this request.

**Document Request No. 104:**

All Documents and Communications regarding Dean Peterson and "involved parties" for the Angel Hsu protective order hearing on December 13, 2019.  (Dkt. #285-1 at 13.)

**OBJECTIONS:** None.

**RESPONSE:**  Dr. Rasmussen does not have any documents responsive to this request.

**Document Request No. 105:**

All Documents and Communications reflecting the total number of individual patients who were admitted, discharged, or on the ward of 5 East each day between November 13, 2018 and November 27, 2018.  (Dkt. #285-1 at 19.)

**OBJECTIONS:** None.

**RESPONSE:**  Dr. Rasmussen does not have any documents responsive to this request**.**

**Document Request No. 106:**

All Documents and Communications regarding the identity of the magistrate who denied the ex parte emergency protective order that Angel Hsu sought on November 23, 2018.  (Dkt. #285-1 at 19-20.)

**OBJECTIONS:** None.

**RESPONSE:**  Dr. Rasmussen does not have any documents responsive to this request**.**

**Document Request No. 107:**

All Documents and Communications regarding the entire November 6, 2018 OSCE score report.  (Dkt. #285-1 at 20.)

**OBJECTIONS:** None.

**RESPONSE:**  Dr. Rasmussen does not have any documents responsive to this request**.**

**Document Request No. 108:**

All Documents and Communications in Your possession, custody, and control demonstrating the existence of the protective order that was filed by Angel Hsu before Roxanne Bhattacharya initiated the ECO at 11:41 a.m. on November 19, 2018.  (Dkt. #285-1 at 20.)

**OBJECTIONS:** None.

**RESPONSE:**  Dr. Rasmussen does not have any documents responsive to this request**.**


**Document Request No. 109:**

All Documents and Communications by text messages related to this case or its subject matter from custodians identified in Interrogatory No. 9.

**OBJECTIONS:**  None.

**RESPONSE:**  Dr. Rasmussen does not have any documents responsive to this request**.**


**Document Request No. 110:**

All Documents and Communications by "direct" messages, text messages, or posts related to this case or its subject matter from custodians identified in Interrogatory Nos. 9 and 11.

**OBJECTIONS:**  None.

**RESPONSE:**  Dr. Rasmussen does not have any documents responsive to this request**.**

## INTERROGATORIES

**Interrogatory No. 2:**

Identify who decided and participated in the decision to issue a No Trespass Order (NTO) against Mr. Bhattacharya on January 3, 2019, why the NTO was issued, when the decision was made, and why no written explanation as to the grounds for issuing the NTO was provided on or with the NTO.

**ANSWER:** I have no knowledge.

**Interrogatory No. 3:**

Describe in detail the "comments" and the "chat room" referenced by Melissa Fielding in which some unspecified individual or individuals "perceived" the "comments" to be "threats" and explain why Melissa Fielding provided this explanation to Mr. Bhattacharya on July 18, 2019 and not on January 3, 2019.

**ANSWER:** I have no knowledge.

**Interrogatory No. 4:**

Identify all previously enrolled medical students at UVA from November 14, 2008 to November 14, 2018 who were suspended for at least one year or expelled by ASAC for "professionalism" reasons.

**ANSWER:** I have no knowledge.

**Interrogatory No. 5:**

Identify all previously enrolled medical students at UVA from November 14, 2008 to November 14, 2018 who pled guilty, pled no contest, or were found guilty of any misdemeanor or

felony while enrolled as a medical student and of which UVA SOM had knowledge at the time of enrollment.

**ANSWER:** I have no knowledge.

**Interrogatory No. 6:**

Identify all previously enrolled medical students at UVA from November 14, 2008 to November 14, 2018 who were found responsible for Title IX prohibited conduct, including sexual harassment, sexual assault, dating violence, domestic violence, stalking, or retaliation against another medical student and received a no-contact directive, probation, suspension, and/or expulsion from UVA SOM.

**Objections:** Relevance and overly broad.

**ANSWER:** Subject to and without waiving the objections, I have no knowledge.

**Interrogatory No. 7:**

Identify all previously enrolled medical students at UVA from November 14, 2008 to November 14, 2018 who were subject of an issued emergency protective order (Va. Code § 19.2-152.8.), preliminary protective order (Va. Code § 19.2-152.10.), or final protective order (Va. Code § 19.2-152.10.) obtained by another medical student while both were enrolled as medical students and of which UVA SOM had knowledge at the time of enrollment.

**Objections:** Relevance and overly broad.

**ANSWER:** Subject to and without waiving the objections, I have no knowledge.

**Interrogatory No. 8:**

Identify all previously enrolled medical students at UVA from November 14, 2008 to November 14, 2018 who were placed under an emergency custody order (Va. Code § 37.2-808), temporary detention order (Va. Code § 37.2-809), involuntary commitment order (Va. Code § 37.2-817) at UVA Medical Center or recommended by an employee of UVA Medical Center and received a mandatory outpatient treatment order (Va. Code § 37.2-817) while enrolled as a medical student and of which UVA SOM had knowledge of at the time of enrollment.

**Objections:** Relevance and overly broad.

**ANSWER:** Subject to and without waiving the objections, I have no knowledge.

**Interrogatory No. 9:**

For each of the following individuals, identify each individual's cell phone number(s), cell phone type(s), cell phone make(s), and service provider for the periods from October 20, 2018 through February 3, 2020, and identify any cell phones that were lost or destroyed.

a. John Densmore
b. Christine Peterson
c. Nora Kern
d. Randolph Canterbury
e. Jim Tucker
f. Lynne Fleming
g. Tabitha Enoch
h. Edward Markowski
i. Nicole Ruzek
j. Melissa Fielding
k. Gloria Graham
l. Tommye Sutton
m. David Wilkes
n. Catherine Richard
o. Michael Mason
p. Sara Rasmussen
q. Timothy Longo
r. Sean Reed
s. Allen Groves

t.      Joanne Mendoza
u.      Shelly Savage Gibson
v.      Laurie Casteen
w.      Susan Davis
x.      Margaret Sande
y.      Pamila Herrington
z.      Patrick Stafford
aa.     Lindsay Nicole Carlson
bb.     Margaret Sande
cc.     Ashima Saripalli
dd.     Thomas Ball
ee.     Katherine Murray
ff.     Brian Behm
gg.     Sharon Diamond-Myrsten
hh.     Nicholar Intagliata
ii.     Catherine Shaffrey
jj.     Roger Abounader
kk.     Stephen Culp
ll.     Barnett Nathan
mm.     Donna Chen
nn.     Winifred Wolfe
oo.     Andy Thomson
pp.     James Moak
qq.     Karen Painter
rr.     Patrick Stafford
ss.     Christopher Easton
tt.     Donald Harold McGee
uu.     Brandon Michael Smoot
vv.     Dreshawn Burton
ww.     Anthony Clarence Frazier
xx.     Allen Groves
yy.     Courtney Schempp
zz.     Emily Babb
aaa.    Lauren Miller (UVA00003791)
bbb.    Scott Syverud
ccc.    Daniel Stanley

**ANSWER:** By agreement, the response is limited to just the phone number: (434) 996-7867. I have no knowledge of the others.

**Interrogatory No. 10:**

With respect to each of the following events with respect to Mr. Bhattacharya—the October 25, 2018 professionalism concern card, the November 15, 2018 ASAC letter, the

15

November 29, 2018 suspension, and the January 3, 2019 NTO—state when Dr. Rasmussen had knowledge of these events, who communicated these events to her, how these communications were made, and if any such communications were destroyed, when and by how any of these communications were destroyed.

**ANSWER:**  I did not know anything about Kieran Bhattacharya before October 25, 2018.  The only interaction I have ever had with Mr. Bhattacharya took place during the AMWA Microaggression Panel on October 25, 2018.  Concerning the other events mentioned in the request:

- **The October 25, 2018 Professionalism Concern Card ("PCC"):**  I did not learn that a PCC had been filed concerning Mr. Bhattacharya until I was informed that he had filed a lawsuit and that I was named as a defendant.  I did not coordinate with anyone who did so nor discuss with them doing so.

- **The November 15, 2018 ASAC Letter:**  I was unaware of the November 15, 2018 ASAC letter until I was informed that Mr. Bhattacharya had filed a lawsuit and that I was named as a defendant.

- **The November 29, 2018 Suspension:**  I was unaware about Mr. Bhattacharya's suspension  from UVA Medical School until I was informed that Mr. Bhattacharya had filed a lawsuit and that I was named as a defendant.

- **The January 3, 2019, No Trespass Order ("NTO"):** I was unaware that UVA had issued a no-trespass order against Mr. Bhattacharya until I was informed that Mr. Bhattacharya had filed a lawsuit and that I was named as a defendant.


**Interrogatory No. 11:**

With respect to each custodian identified in Interrogatory No. 9, identify all social media websites or applications on which each individual has discussed the subject matter of this case or its subject matter since October 24, 2018.

**ANSWER:** None.  Please note that I provide this response solely concerning my own social media accounts and plaintiff has the ability to obtain this information regarding the others for himself.

**Interrogatory No. 12:**

Identify with whom Tabitha Enoch directly communicated, orally or in writing, regarding Mr. Bhattacharya's November 18, 2018 phone call with her before November 29, 2018, how these communications were made, and what exactly she communicated about the content of the November 18, 2018 conversation.

**ANSWER:** I have no knowledge.

**Interrogatory No. 13:**

Explain why Mr. Bhattacharya was tranquilized with an intramuscular injection of haloperidol, diphenhydramine, and lorazepam at UVA Medical Center on November 14, 2018 and November 19, 2018 and who ordered each tranquilization.

**ANSWER:** I have no personal knowledge. Plaintiff has equal access to all documents and videos produced regarding the events of November 14, 2018 and November 19, 2018. *See also* Deposition of Patrick Stafford, MD (transcript forthcoming).

**Interrogatory No. 14:**

Explain why Mr. Bhattacharya was provided less than four hours' notice by email with no written explanation as to why ASAC was convening the November 28, 2018 ASAC hearing.

**ANSWER:** I have no knowledge.

**Interrogatory No. 15:**

Explain why no member of ASAC mentioned Angel Hsu, ASAC's knowledge of her November 26, 2018 *ex parte* preliminary protective order, or ASAC's knowledge of the two previous involuntary hospitalizations in November 2018 during the November 28, 2018 ASAC meeting.

**ANSWER:** I have no knowledge.

**Interrogatory No. 16:**

Explain why Mr. Bhattacharya was transferred from UVA Medical Center to Poplar Springs Hospital on November 19, 2018.

**ANSWER:** I have no personal knowledge. Plaintiff has equal access to all documents produced regarding the events of November 14, 2018 and November 19, 2018. *See also* Deposition of Patrick Stafford, MD (transcript forthcoming).

## REQUESTS FOR ADMISSION

**RFA No. 134:**

Mr. Bhattacharya spoke with Tabitha Enoch by phone on November 18, 2018.

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny same and call for strict proof thereof.

**RFA No. 135:**

Tabitha Enoch sent an email to Mr. Bhattacharya after they spoke with each other by phone on November 18, 2018.

**RESPONSE:** Admitted.

**RFA No. 136:**

Roxanne Bhattacharya was not permitted to be in the Claude Moore Health Sciences Library on November 18, 2018.

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny same and call for strict proof thereof.

**RFA No. 137:**

Roxanne Bhattacharya was not permitted to be in the Jefferson Medical Office Building on November 18, 2018.

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny same and call for strict proof thereof.

**RFA No. 138:**

Roxanne Bhattacharya was not permitted to be inside the residence of 820B Cabell Avenue on November 18, 2018.

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny same and call for strict proof thereof.

**RFA No. 139:**

Angel Hsu allowed Roxanne Bhattacharya to be inside the Claude Moore Health Sciences Library on November 18, 2018.

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny same and call for strict proof thereof.

**RFA No. 140:**

Nora Kern and Sara Rasmussen communicated with each other in person about Mr. Bhattacharya at the end of the AMWA Microaggression Panel Discussion on October 25, 2018.

**RESPONSE:** I admit that I exchanged brief small talk with Dr. Kern—a fellow panelist and colleague who sat next to me during the AMWA Microaggression Panel—after the AMWA Panel ended.  However, I have no memory of what we discussed and therefore deny same and call for strict proof thereof.

**RFA No. 141:**

Lindsay Nicole Carlson stated in Mr. Bhattacharya's medical records that he was to be tranquilized on November 14, 2018 for refusing bloodwork and urine samples while under ECO. (Bates No. UVA HS00003796, UVA HS00003810-11)

**RESPONSE:**  It is admitted only that the record shall speak for itself, otherwise denied.

**RFA No. 142:**

Patrick Stafford stated in Mr. Bhattacharya's medical records between 16:17 and 16:40 pm November 19, 2018 that Mr. Bhattacharya was to be tranquilized on November 19, 2018 for refusing bloodwork and urine samples while under ECO. (Bates No. UVA HS00003707)

**RESPONSE:**  It is admitted only that the record shall speak for itself, otherwise denied.

20

**RFA No. 143:**

Guidelines from the Virginia Department of Behavioral Health state: "Patients who have capacity to make informed decisions and do not consent to collection of a urine or blood specimen will not be forced, including under an emergency custody order (ECO)." *See* https://dbhds.virginia.gov/assets/doc/about/masg/adults-medical-and-screening-guidelines-11-5-2018.pdf.

**RESPONSE:**  It is admitted only that the quoted language appears in a portion of the document found at the URL above, otherwise denied.

**RFA No. 144:**

At the time Mr. Bhattacharya was tranquilized on November 14, 2018, he had the capacity to make informed decisions.

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny the same and call for strict proof thereof.

**RFA No. 145:**

At the time Mr. Bhattacharya was tranquilized on November 19, 2018, he had the capacity to make informed decisions.

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny the same and call for strict proof thereof.

**RFA No. 146:**

During the course of Mr. Bhattacharya involuntary hospitalization on November 14, 2018, no one alleged in Mr. Bhattacharya's medical records that he lacked the capacity to make informed decisions before he was tranquilized on November 14, 2018.

**RESPONSE:** It is unknown to which "medical records" plaintiff is referring, therefore this request is denied.

**RFA No. 147:**

During the course of Mr. Bhattacharya involuntary hospitalization on November 19, 2018, no one alleged in Mr. Bhattacharya's medical records that he lacked the capacity to make informed decisions before he was tranquilized on November 19, 2018.

**RESPONSE:**  It is unknown to which "medical records" plaintiff is referring, therefore this request is denied.

**RFA No. 148:**

Angel Hsu did not move out of 820B Cabell Avenue on November 19, 2018.

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny the same and call for strict proof thereof.

**RFA No. 149:**

Christine Peterson did not know the location of Angel Hsu's residence before noon on November 19, 2018.

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny the same and call for strict proof thereof.

**RFA No. 150:**

Angel Hsu falsely represented in her November 26, 2018 ex parte preliminary protective order petition that she had not previously filed for an emergency protective order on November 23, 2018.

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny the same and call for strict proof thereof.

**RFA No. 151:**

Mr. Bhattacharya has never reported to anyone orally or in writing that he is or was experiencing auditory hallucinations.

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny the same and call for strict proof thereof.

**RFA No. 152:**

Mr. Bhattacharya did not leave candles unattended at his residence in October or November 2018.

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny the same and call for strict proof thereof.

**RFA No. 153:**

Mr. Bhattacharya did not undergo required psychological or psychiatric treatment of any kind while at the University of Alabama.

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny the same and call for strict proof thereof.

**RFA No. 154:**

Mr. Bhattacharya did not frisk or attempt to frisk any roommates or any individual at UVA during any point in his enrollment.

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny the same and call for strict proof thereof.

**RFA No. 155:**

Mr. Bhattacharya did not leave the stove at his residence on or use it at all during the period November 16-19, 2018.

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny the same and call for strict proof thereof.

**RFA No. 156:**

Mr. Bhattacharya was in good academic standing at all points during his enrollment at UVA Med School before 5:00 pm on November 28, 2018.

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny the same and call for strict proof thereof.

**RFA No. 157:**

At no point during Mr. Bhattacharya's enrollment at UVA Med School before November 28, 2018 did any agent or employee of UVA inform Mr. Bhattacharya that he was not in good academic standing.

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny the same and call for strict proof thereof.

**RFA No. 158:**

Dr. Tucker understood that Dean Canterbury had required that Mr. Bhattacharya he evaluated by CAPS.

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny the same and call for strict proof thereof.

**RFA No. 159:**

Dr. Tucker understood that there is a fundamental difference between recommending and requiring that one be evaluated by CAPS on November 28, 2018.

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny the same and call for strict proof thereof.

**RFA No. 160:**

Dean Canterbury's statement to Jim Tucker that "[John Densmore] has to have [Mr. Bhattacharya] taken from [John Densmore's] office by police a week ago" was false. (Bates No. UVA00002635.)

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny the same and call for strict proof thereof.

**RFA No. 161:**

Tabitha Enoch's November 30, 2018 statement to Angel Hsu that Mr. Bhattacharya's suspension "had nothing to do with [Angel Hsu]" was false. (Bates No. UVA00002777.)

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny the same and call for strict proof thereof.

**RFA No. 162:**

Tabitha Enoch's November 30, 2018 statement to Angel Hsu that "ASAC didn't have access to any information [Angel Hsu] shared with [Tabitha Enoch]" was false. (Bates No. UVA00002777.)

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny the same and call for strict proof thereof.

**RFA No. 163:**

It was well within Mr. Bhattacharya's right to tell Roxanne Bhattacharya to stop contacting him on November 16, 2018; November 17, 2018; November 18, 2018; and November 19, 2018. (Bates No. UVA00002777.)

**RESPONSE:** I have no knowledge as to what Plaintiff said or didn't say and I do not know to which "right" Plaintiff refers and therefore deny the same and call for strict proof thereof.

**RFA No. 164:**

It was well within Mr. Bhattacharya's right to tell Angel Hsu to stop contacting him on November 17, 2018 and November 19, 2018.  (Bates No. UVA00002777.)

**RESPONSE:** I have no personal knowledge of what Plaintiff said to Dr. Hsu sufficient to admit or deny the Request, and I do not know to which "right" Plaintiff refers, and therefore, deny the same and call for strict proof thereof.

**RFA No. 165:**

It was well within Mr. Bhattacharya's right to tell Roxanne Bhattacharya to leave his residence on November 18, 2018.  (Bates No. UVA00002777.)

**RESPONSE:** I have no personal knowledge of what Plaintiff said to his mom sufficient to admit or deny the Request, and I do not know to which "right" Plaintiff refers, and therefore, deny the same and call for strict proof thereof.

**RFA No. 166:**

It was well within Mr. Bhattacharya's right to refuse Dean Densmore's November 27, 2018 psychiatric order.  (Bates No. UVA00002777.)

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request, and I do not know to which "right" Plaintiff refers, and therefore, deny the same and call for strict proof thereof.

**RFA No. 167:**

It was well within Mr. Bhattacharya's right to refuse Randolph Canterbury's November 27, 2018 psychiatric order.  (Bates No. UVA00002777.)

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request, and I do not know to which "right" Plaintiff refers, and therefore, deny the same and call for strict proof thereof.

**RFA No. 168:**

It was well within Mr. Bhattacharya's right to make an audio recording of the November 28, 2018 ASAC hearing.

**RESPONSE:** I do not know to which "right" Plaintiff is referring, and therefore, deny the same and call for strict proof thereof.

**RFA No. 169:**

It was well within Mr. Bhattacharya's right to receive clarification from Angel Hsu as to the location and status of his property to which he was denied access during the period November 19-26, 2018.

**RESPONSE:** I do not know to what clarification Plaintiff is referring, and have no knowledge of what "right" to which Plaintiff is referring, and therefore, deny the same and call for strict proof thereof.

**RFA No. 170:**

Angel Hsu did not tell Mr. Bhattacharya to stop contacting her during any of the phone calls that she answered from a Poplar Springs phone while Mr. Bhattacharya was at Poplar Springs until after she obtained the preliminary protective order on November 26, 2018.

**RESPONSE:** I have no knowledge of what Dr. Hsu did or did not say to the Plaintiff, and therefore deny the same and call for strict proof thereof.

**RFA No. 171:**

Mr. Bhattacharya shared equal ownership of Taro between September 1, 2018 and 9:00 a.m. on November 26, 2018.

**RESPONSE:** I have no knowledge of the ownership of Taro and therefore deny the same and call for strict proof thereof.

**RFA No. 172:**

Mr. Bhattacharya has, to this day, never agreed to waive his property stake in Taro.

**RESPONSE:** I have no knowledge of what the Plaintiff has or has not done regarding any alleged ownership of Taro and therefore deny the same and call for strict proof thereof.

**RFA No. 173:**

The forced hospitalizations of Mr. Bhattacharya from November 14-16, 2018 and November 19-26, 2018 led to "interference with [Mr. Bhattacharya's] property."

**RESPONSE:** I have no knowledge of Plaintiff's property or interference therewith and therefore deny same and call for strict proof thereof.

**RFA No. 174:**

The University of Virginia's "Title IX Prohibited Conduct – Stalking" states as follows:

"Stalking is conduct on the basis of sex defined as engaging in a course of conduct directed at a specific person (*e.g.*, the Complainant) that would cause a reasonable person to (A) fear for their safety or the safety of others or (B) suffer substantial emotional distress.

"Course of conduct" means two or more acts, including but not limited to acts in which a person directly, indirectly, or through third parties, by any actions, method, device, or means, follows, monitors, observes, surveils, threatens, or communicates to or about another person, or interferes with another person's property.

"Substantial emotional distress" means significant mental suffering or anguish that may but does not necessarily require medical or other professional treatment or counseling.

28

Stalking includes "cyber stalking," a particular form of stalking in which a person uses electronic media, such as the internet, social networks, blogs, cell phones, texts, or other similar devices or forms of contact."

**RESPONSE:** I admit that University of Virginia's "Title IX Prohibited Conduct – Stalking" shall speak for itself, otherwise denied. It is specifically denied that stalking may only be defined using those terms.

**RFA No. 175:**

No employee of UVA CAPS, UVA Medical Center, Poplar Springs, or the University of Alabama, or Charles Moseley has ever reported in writing that Mr. Bhattacharya informed him or her that Mr. Bhattacharya was experiencing auditory hallucinations.

**RESPONSE:** I have no knowledge of what has been reported in writing by every employee of UVA, CAPS, UVA Medical Center, Poplar Springs, or the University of Alabama, or Charles Moseley about Plaintiff's auditory hallucinations, and therefore deny the same and call for strict proof thereof.

**RFA No. 176:**

No employee of UVA CAPS, UVA Medical Center, Poplar Springs, or the University of Alabama, or Charles Moseley has reported in writing that Mr. Bhattacharya informed him or her that Mr. Bhattacharya was experiencing visual hallucinations.

**RESPONSE:** I have no knowledge of what has been reported in writing by every employee of UVA, CAPS, UVA Medical Center, Poplar Springs, or the University of Alabama, or Charles Moseley about Plaintiff's visual hallucinations, and therefore deny the same and call for strict proof thereof

**RFA No. 177:**

No employee of UVA CAPS, UVA Medical Center, Poplar Springs, or the University of Alabama, or Charles Moseley has reported in writing that Mr. Bhattacharya informed him or her that Mr. Bhattacharya was experiencing suicidal ideations.

**RESPONSE:** I have no knowledge of what has been reported in writing by every employee of UVA, CAPS, UVA Medical Center, Poplar Springs, or the University of Alabama, or Charles Moseley about Plaintiff's suicidal ideations, and therefore deny the same and call for strict proof thereof

**RFA No. 178:**

No employee of UVA CAPS, UVA Medical Center, Poplar Springs, or the University of Alabama, or Charles Moseley has reported in writing that Mr. Bhattacharya informed him or her that Mr. Bhattacharya was experiencing homicidal ideations.

**RESPONSE:** I have no knowledge of what has been reported in writing by every employee of UVA, CAPS, UVA Medical Center, Poplar Springs, or the University of Alabama, or Charles Moseley about Plaintiff's homicide ideations, and therefore deny the same and call for strict proof thereof

**RFA No. 179:**

On November 20, 2018, Nicole Ruzek reported to Poplar Springs Hospital that Mr. Bhattacharya "has not made physical threats but threatens litigation against [Mr. Bhattacharya's] Dean."  (Bates No. PSH00003661.)

**RESPONSE:** I admit only that the quoted language appears on the document PSH00003661. However, because I lack any knowledge as to whether Nicole Ruzek made these comments or if they were accurately transcribed, I deny the remainder of the Request.

**RFA No. 180:**

Nicole Ruzek's assertion to Poplar Springs hospital that "[Angel Hsu's] protective order [would] be finalized on [November 23, 2018]" was false.  (Bates No. PSH00003662.)

**RESPONSE:** I have no knowledge when the protective order "would" be finalized, nor do I have knowledge of what Nicole Ruzek was told about when the protective order would be finalized, and therefore, I deny the same and call for strict proof thereof.

**RFA No. 181:**

Nicole Ruzek contacted Poplar Springs at 12:35 p.m. on November 21, 2018 with the intention of influencing the outcome of the 2:30 p.m. November 21, 2018 involuntary commitment hearing in a manner unfavorable to Mr. Bhattacharya.  (Bates No. PSH00003662, UVA00009372.)

**RESPONSE:** I have no knowledge as to Nicole Ruzek's state of mind, and therefore, deny the same and call for strict proof thereof.

**RFA No. 182:**

David Brown's "Chief Complaint" at 1:10 p.m. on November 19, 2018 that "[Roxanne Bhattacharya] initiated [an Emergency Custody Order] after [Angel Hsu] file a protective order" against Mr. Bhattacharya is false.  (Bates No. UVA HS00003702.)

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny the same and call for strict proof thereof.

**RFA No. 183:**

Haley Bolton's "Chief Complaint" at 1:14 p.m. on November 19, 2018 that "[Roxanne Bhattacharya] initiated [an Emergency Custody Order] after [Angel Hsu] file a protective order" against Mr. Bhattacharya is false.  (Bates No. UVA HS00003702.)

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny the same and call for strict proof thereof.

31

**RFA No. 184:**

Margaret Sande's "Chief Complaint" at 1:23 p.m. on November 19, 2018 that "[Roxanne Bhattacharya] initiated [an Emergency Custody Order] after [Angel Hsu] file a protective order" against Mr. Bhattacharya is false.  (Bates No. UVA HS00003702.)

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny the same and call for strict proof thereof.

**RFA No. 185:**

Mr. Bhattacharya was not "copying large volumes of a psychiatry textbook" on November 18, 2018.  (Bates No. UVA HS00003705.)

**RESPONSE:** I have no knowledge of what Plaintiff was or was not copying on November 18, 2018 and therefore deny same and call for strict proof thereof.

**RFA No. 186:**

Margaret Sande had access to the entire written petition from Roxanne Bhattacharya and relied on its contents to create her "ED Provider Notes."  (Bates Nos. UVA HS00003704-05.)

**RESPONSE:** I have no personal knowledge sufficient to admit or deny the Request and therefore deny the same and call for strict proof thereof.

**RFA No. 187:**

Margaret Sande reported that Mr. Bhattacharya "[did] not know why he need to be" at the UVA Medical Center ED on November 19, 2018.  (Bates No. UVA HS00003705.)

**RESPONSE:**  It is admitted only that the medical record contains the sentence: "He refuses any further interview at present because he does not know why he needs to be here."  However, I have no personal knowledge of the events to which the medical record refers, so any other inferences or allegations are denied.

**RFA No. 188:**

Margaret Sande's report of Roxanne Bhattacharya's allegation that Mr. Bhattacharya was "not eating" is false.  (Bates No. UVA HS00003705.)

**RESPONSE:** I have no knowledge of what Plaintiff's mother reported to Dr. Sande and therefore deny same and call for strict proof thereof.

**RFA No. 189:**

Neither Roxanne Bhattacharya nor Angel Hsu had any personal knowledge as to whether or not Mr. Bhattacharya was "eating" between November 16-19, 2018.   (Bates No. UVA HS00003705.)

**RESPONSE:** I have no knowledge of what Plaintiff's mother and ex-girlfriend knew about Plaintiff's food intake between November 16–19, 2018 and therefore, deny the same and call for strict proof thereof.

**RFA No. 190:**

Margaret Sande's report of Roxanne Bhattacharya's allegation that Mr. Bhattacharya was "not sleeping" is false.  (Bates No. UVA HS00003705.)

**RESPONSE:** I have no knowledge of Plaintiff's sleeping status or what Plaintiff's mother reported to Dr. Sande and therefore deny same and call for strict proof thereof.

**RFA No. 191:**

Neither Roxanne Bhattacharya nor Angel Hsu had any personal knowledge as to whether or not Mr. Bhattacharya was "sleeping" between November 16-19, 2018.  (Bates No. UVA HS00003705.)

**RESPONSE:**  I have no knowledge of what Plaintiff's mother and ex-girlfriend knew about Plaintiff's "sleeping" between November 16–19, 2018, and therefore deny the same and call for strict proof thereof


**RFA No. 192:**

Mr. Bhattacharya did not "leave food unattended on the stove" between November 16-19, 2018.  (Bates No. UVA HS00003705.)

**RESPONSE:**  I have no knowledge of what Plaintiff was doing between November 16–19, 2018, and therefore deny the same and call for strict proof thereof.


**RFA No. 193:**

Mr. Bhattacharya did not "make investment decisions that [were] out of character for him" in November 2018.  (Bates No. UVA HS00003705.)

**RESPONSE:**  I have no knowledge of Plaintiff's investment decisions, much less if they were out of character for him, and therefore, deny the same and call for strict proof thereof.


**RFA No. 194:**

Winifred Wolfe's "Violence Risk Assessment" of Mr. Bhattacharya of "moderate" provides no true, testable, and factual support whatsoever other than describing Mr. Bhattacharya as a "[m]ale."  (Bates No. UVA HS00003747.)

**RESPONSE:**  I admit that the description of Plaintiff as a male is correct.  However, I have no knowledge of what Dr. Wolfe knew at the time of the Violence Risk Assessment, and therefore, deny the remainder of the request and call for strict proof thereof.


**RFA No. 195:**

Winifred Wolfe's "Violence Risk Assessment" of Mr. Bhattacharya of "moderate" falsely asserts that Mr. Bhattacharya was "living alone."  (Bates No. UVA HS00003747.)

**RESPONSE:** I have no knowledge of Plaintiff's living arrangements, and therefore, deny the same and call for strict proof thereof.

**RFA No. 196:**

Winifred Wolfe would have had no way of personally observing and diagnosing someone with "current florid mania" if she was "[Unable To Assess] as [Mr. Bhattacharya] refused examination."  (Bates No. UVA HS00003743.)

**RESPONSE:** I have no knowledge of the basis for Dr. Wolfe's diagnosis of Plaintiff as having "current florid mania", and therefore, deny the same and call for strict proof thereof.

Date: April 18, 2022

Respectfully submitted,

**SARA K. RASMUSSEN, M.D., Ph.D.**
By counsel

*/s/H. Robert Yates, III*
H. Robert Yates, III, Esq. (VSB #35617)
C. Quinn Adams, Esq. (VSB #90506)
O'HAGAN MEYER, PLLC
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Phone: (804) 403-7100
Facsimile: (804) 237-0250
Email: *RYates@ohaganmeyer.com*
Email: *CAdams@ohaganmeyer.com*

*Counsel for Defendant Sara K. Rasmussen, M.D., Ph.D.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of April 2022, a true copy of the foregoing was sent

by electronic mail, to the following:

Michael J. Lockerby, Esq.
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Email:  mlockerby@foley.com

Steven C. Lockhart, Esq.
Robert T. Slovak, Esq.
Brandon C. Marx, Esq.
FOLEY & LARDNER LLP
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
E-mail:  slockhart@foley.com
E-mail:  rslovak@foley.com
E-mail:  bmarx@foley.com

John P. Melko, Esq.
James G. Munisteri, Esq.
FOLEY & LARDNER LLP
1000 Louisiana Street, Suite 2000
Houston, Texas 77002
Email:  jmelko@foley.com
E-mail:  jmunisteri@foley.com

*Counsel for Plaintiff*

Farnaz F. Thompson, Esq.
Brandi G. Howard, Esq.
McGuireWoods LLP
888 16th Street, N.W., Suite 500
Black Lives Matter Plaza
Washington, D.C, 20006
Email: fthompson@mcguirewoods.com
Email: bhoward@mcguirewoods.com

Jonathan T. Blank, Esq.
Micah B. Schwartz, Esq.
Eric Fleming, Esq.
McGuireWoods LLP
323 Second Street S.E., Suite 700
Charlottesville, Virginia 22902
Email: mschwartz@mcguirewoods.com
Email: jblank@mcguirewoods.com

Evan X. Tucker, Esq.
Alicia M. Penn, Esq.
McGuireWoods LLP
800 East Canal Street
Richmond, Virginia 23219
Email: etucker@mcguirewoods.com
Email: apenn@mcguirewoods.com

*Counsel for UVA Defendants*

*/s/H. Robert Yates, III*
H. Robert Yates, III, Esquire