# EXHIBIT G

to

PLAINTIFF'S OPPOSITION TO

THE UVA DEFENDANTS' MOTION FOR PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

KIERAN RAVI BHATTACHARYA,      )
        )
     **Plaintiff,**      )
        )
**v.**      )     **Civil Action No.**
        )     **3:19-CV-00054-NRM-JCH**
**JAMES B. MURRAY JR.,** *et al.***,**     )
        )
     **Defendants.**      )
        )

## MR. BHATTACHARYA'S FOURTH DISCOVERY REQUESTS

Pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 36, Plaintiff Kieran Ravi Bhattacharya hereby requests that Defendants, within thirty (30) days of service or such other time period as ordered by the Court and in accordance with the definitions and instructions below:

1.    respond to the following requests for documents ("Mr. Bhattacharya's Fourth Document Requests") by producing and permitting Mr. Bhattacharya, including his attorneys and agents, to inspect and copy responsive documents at the offices of Foley & Lardner LLP, Washington Harbour, 3000 K Street, N.W., Suite 600, Washington, D.C. 20007;

2.    admit the truth of Mr. Bhattacharya's First Requests for Admissions with respect to documents responsive to Mr. Bhattacharya's Fourth Document Requests;

3.    admit the truth of the following requests for admission ("Mr. Bhattacharya's Third RFAs");

4.    answer fully and separately, in writing and under oath, Mr. Bhattacharya's First Interrogatories with respect to documents responsive to Mr. Bhattacharya's Third Document Requests; and

5.      answer fully and separately, in writing and under oath, the following interrogatories ("Mr. Bhattacharya's Second Interrogatories").

## **DEFINITIONS**

For the purposes of Defendants' answers to Mr. Bhattacharya's Third Discovery Requests, the following definitions shall apply:

1.      "Document(s)" means any and all documents, tangible things, and writings of any kind as defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and includes, without limitation, agreements, purchase orders, invoices, receipts, accounting records, contracts, bills of lading, shipping records, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, telex, faxes, minutes, contracts, reports, studies, statements, summaries, interoffice and intra-office Communications, notations of any sort of conversations, telephone calls, meetings or other Communications, computer printouts, tape recordings, audiotapes, videotapes, charts, graphs, and electronic, mechanical or electronic records, compact discs, computer discs, computer tapes, computer software, electronically stored media, and any other form of stored information.

2.      "Communication(s)" means any contact or exchange of information between two or more Persons, including, without limitation, by such means as electronic mail, letters, memoranda, reports, computer transmissions, text messages, instant messages, telegrams, telexes, and fax messages including all attachments to or enclosures therewith, and including transcriptions or summaries of conversations, voicemail messages or interviews.

3.      "Relating to" or "relate(s) to" are used in their broadest sense and means referring to, describing, evidencing, containing, supporting, rebutting, reflecting, refuting, negating,

pertaining to, comprising, memorializing, identifying, verifying, and/or in any way involving or having a logical connection to the subject matter of the request, in whole or in part.

4.      "Identify" (with respect to Communications).  When referring to Communications, "identify" means to state, to the extent known, the (i) name(s), address(es), and last known place(s) of employment of the parties to the Communication; (ii) the subject matter of the Communication; (iii) the location(s) of the Communication; (iv) the mode of Communication, (e.g., written, by telephone, meeting, etc.); and (v) the date of the Communication.

5.      "Identify" (with respect to Documents). When referring to Documents, "identify" means to state, to the extent known or reasonably ascertainable, the (i) type of Document; (ii) its general subject matter; (iii) the date of the Document; and (iv) its author(s), addressee(s), and recipient(s).  If the foregoing information is not available, state whether it is (i) missing or lost, (ii) destroyed, (iii) transferred, voluntarily or involuntarily, to others, or (iv) otherwise disposed of and, in each instance, explain the circumstances surrounding the authorization for such disposition thereof and state the date or approximate date thereof.

6.      "Identify" (with respect to Persons). When referring to a person, "identify" means to state, to the extent known or reasonably ascertainable, the person's full name and current or last known address.  When referring to a natural person, "identify" means, additionally, to provide the individual's present or last known place of employment. Once a person has been identified in accordance with the foregoing definition, only the name of that person need be listed in response to subsequent discovery requests calling for the identification of such person.

7.      "Person(s)" means any natural person, firm, association, organization, partnership, business, trust, corporation, or entity.

8.      "You" or "Your" refers to each of Defendants—the University Defendants, the UVA Med School Defendants, and the Individual Co-Conspirators—as those terms are defined herein.

9.       "Mr. Bhattacharya" refers to Plaintiff Kieran Ravi Bhattacharya.

10.     "Rector" refers to James B. Murray Jr., Rector of the Board of Visitors of the University of Virginia.

11.     "Vice Rector" refers to Whittington W. Clement, Vice Rector of the Board of Visitors of the University of Virginia.

12.     "UVA Med School" refers to the University of Virginia School of Medicine.

13.     "Members of the Board of Visitors of the University of Virginia" refers to Robert M. Blue; Mark T. Bowles; L.D. Britt, M.D., M.P.H.; Frank M. Conner III; Elizabeth M. Cranwell; Thomas A. Depasquale; Barbara J. Fried; John A. Griffin; Louis S. Haddad; Robert D. Hardie; Maurice A. Jones; Babur B. Lateef, M.D.; Angela Hucles Mangano; C. Evans Poston Jr.; James V. Reyes; and Peter C. Brunjes.

14.     "Ms. Fielding" refers to Melissa Fielding, Deputy Chief of Police of the University of Virginia.

15.     "Mr. Longo" refers to Timothy Longo, Sr., Interim Chief of Police of the University of Virginia.

16.     "Ms. Graham" means Gloria Graham, Esq., Former Associate Vice President, Safety and Security, of the University of Virginia.

17.     "University Defendants" refers to the Rector, Vice Rector, Members of the Board of Visitors of the University of Virginia, Mr. Longo, and Ms. Fielding.

18.     "Dean Densmore" refers to John J. Densmore, M.D., Ph.D., Associate Dean for Admissions and Student Affairs, University of Virginia School of Medicine.

19.     "Dr. Tucker" refers to Jim B. Tucker, M.D., Chair of the Academic Standards and Achievement Committee, University of Virginia School of Medicine.

20.     "UVA Med School Defendants" refers to Dean Densmore and Dr. Tucker.

21.     "Dean Peterson" refers to Christine Peterson, M.D., Assistant Dean for Medical Education, University of Virginia School of Medicine.

22.     "Professor Kern" refers to Nora Kern, M.D., Assistant Professor of Urology, University of Virginia School of Medicine.

23.     "Professor Rasmussen" refers to Sara K. Rasmussen, M.D., Ph.D., Associate Professor, University of Virginia School of Medicine.

24.     "Individual Co-Conspirators" refers to Dean Peterson, Professor Kern, and Professor Rasmussen collectively.

25.     "Sean Reed" means Sean W. Reed, M.D., Associate Professor of the University of Virginia School of Medicine.

26.     "Dean Canterbury" means Randolph J. Canterbury, M.D., Senior Associate Dean for Education at UVA Med School.

27.     "Panel Discussion" refers to the October 25, 2018 panel discussion on "microaggression" sponsored by the newly formed UVA Med School chapter of the American Medical Women's Association.

28.     "Defendants" refer to the University Defendants, the UVA Med School Defendants, and the Individual Co-Conspirators collectively.

29.     "ASAC" or the "Committee" refers to UVA Med School's Academic Standards and Achievement Committee.

30.     "Policy" means UVA Med School's Policy on Academic and Professional Enhancement.

31.     "Professionalism Concern Card" has the meaning set forth in the Policy.

32.     The "First Professionalism Concern Card" means the May 4, 2018 10:52 a.m. Professionalism Concern Card against Mr. Bhattacharya attached as **Exhibit 10** to the First Amended Complaint.

33.     The "Second Professionalism Concern Card" means the October 25, 2018 9:04 p.m. Professionalism Concern Card against Mr. Bhattacharya attached as **Exhibit 13** to the First Amended Complaint.

34.     "Dr. Hsu" means Angel Hsu, M.D., formerly a student at UVA Med School.

35.      "Person(s)" means any natural person, firm, association, organization, partnership, business, trust, corporation, or entity.

36.     "You" or "Your" refers to each of Defendants—the University Defendants, the UVA Med School Defendants, and the Individual Co-Conspirators—as those terms are defined herein.

## <u>INSTRUCTIONS</u>

1.      Mr. Bhattacharya's Fourth Discovery Requests shall be deemed to seek responses as of the date hereof and shall also be deemed to be continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure so as to require further and supplemental responses such that if additional information relating in any way to Mr. Bhattacharya's Fourth Discovery Requests becomes known to You that in any way modifies Your responses to Mr. Bhattacharya's Fourth Discovery Requests up to and including the time of trial, You shall immediately furnish to Bhattacharya Your revised responses incorporating all such modification(s).

2.      If Defendants claim that any one of Mr. Bhattacharya's Fourth Discovery Requests is overly broad, unduly burdensome, irrelevant, or otherwise objectionable, You must specifically state the nature of Your objection and all grounds therefor. You must respond to that portion of the discovery request which is unobjectionable and specifically identify the respect in which the discovery request is allegedly overly broad, unduly burdensome, irrelevant, or otherwise objectionable.

3.      When any copy of any Document responsive to Mr. Bhattacharya's Fourth Discovery Requests is not identical to the original or any copy thereof by reason of any notes, comments, markings, alterations, or material contained thereon, deleted therefrom, or attached thereto, or otherwise, all such non-identical copies shall also be produced.

4.      Documents shall be produced in all respects as they are maintained in the ordinary course of business, including file folders or other identifying information, and identified or segregated to correspond to the particular numbered request to which they are considered responsive.

5.      If any Document or information is withheld on the basis of a claim of privilege or immunity, within the time required by Rule 26(C), with respect to each such Document, communication, or other information, state (i) the date of the Document or Communication for which privilege or immunity is claimed, (ii) the author(s) and recipient(s) of the Document or the parties to the Communication for which privilege or immunity is claimed, (iii) the nature of the claimed privilege or immunity, (iv) the nature of the information for which privilege or immunity is claimed, and (v) the specific number(s) of Mr. Bhattacharya's Fourth Discovery Requests to which the document is responsive.

6.      If any Document the production or identification of which is required by Bhattacharya's Fourth Discovery Requests has been destroyed, discarded, or lost, or is no longer in existence or within Your possession, custody, or control, provide the following information:  (i) the date of the Document (or if the precise date is not known or ascertainable, the best approximation thereof); (ii) its title; (iii) the name and position of each Person who prepared or assisted in preparing the Document; (iv) the name and position of each Person to whom the Document was addressed or who has seen, has had possession or custody of, or has received disclosure of the contents of the Document or any copy thereof; (v) the subject matter of the Document; the (vi) specific number(s) of Mr. Bhattacharya's Fourth Discovery Requests to which the Document would have been responsive; (vii) the date it was destroyed, discarded, or lost or when it otherwise left Your possession, custody, or control; (viii) the method of and reason for its destruction, discard, or loss, if any; (ix) the identity of the Document's last custodian and of each person responsible for the Document's destruction, discard, or loss, if any; and (x) the identity of any person whom you reasonably believe has, had, or may have present possession, custody, or control of the Document.

7. Unless otherwise specified, the "Relevant Time Period" for Mr. Bhattacharya's Fourth Discovery Requests is August 4, 2016 through February 3, 2020.

## REQUESTS FOR PRODUCTION

**Document Request No. 75:**

Full, unredacted copies of all forms of government or employee IDs from October 25, 2018 to present for all individual and official capacity defendants other than those who are members of the Rector and Board of Visitors.

**Document Request No. 76:**

The complete medical student files for all individuals identified in response to Interrogatory No. 4.

**Document Request No. 77:**

The complete medical student files for all individuals identified in response to Interrogatory No. 5.

**Document Request No. 78:**

The complete medical student files for all individuals identified in response to Interrogatory No. 6.

**Document Request No. 79:**

The complete medical student files for all individuals identified in response to Interrogatory No. 7.

**Document Request No. 80:**

The complete medical student files for all individuals identified in response to Interrogatory No. 8.

**Document Request No. 81:**

Written Communications and records of phone calls in which Christine Peterson discussed the subject matter of this case using Skype.

**Document Request No. 82:**

Written Communications and identification of students with whom Meg Keeley made unauthorized disclosures of Mr. Bhattacharya's personal medical information. (Bates No. UVA00001703)

**Document Request No. 83:**

Communications between Angel Hsu and Christine Peterson related to Angel Hsu's January 16, 2017 meeting in which they discussed Mr. Bhattacharya. (Bates No. UVA00001703)

**DocumeNt Request No. 84:**

Text message from Angel Hsu to Dean Peterson February 2, 2017 (Bates No. UVA:

Peterson: Angel Hsu "texted me on [Thursday, February 2, 2017] that he was "doing much better"…" as well as entire text message communications from January and February 2017.

**Document Request No. 85:**

Written Communications and records of phone calls in which John Densmore discussed the subject matter of this case using Skype.

**Document Request No. 86:**

Written Communications and records of phone calls in which Sean Reed discussed the subject matter of this case using Skype.

**Document Request No. 87:**

Written communications and records of phone calls in which Meg Keeley discussed the

66-0687-1835.1
4861-8835-7910.4

subject matter of this case using Skype.

66-0687-1835.1
    4861-8835-7910.4

**Document Request No. 88:**

The complete medical student files of "the two other medical students appealing ASAC decisions." (Bates No. UVA00003034)

~~**Document Request No. 89:**~~

~~Bodycam footage of "Police at bedside" UVA Medical Center ED Room 26 at 19:47:14 on November 19, 2018. (UVA HS00003737)~~

~~**Document Request No. 90:**~~

~~Bodycam footage of urine extraction of Mr. Bhattacharya at 17:01:01 on November 19, 2018. (UVA HS00003734)~~

~~**Document Request No. 91:**~~

~~Bodycam footage of blood extraction of Mr. Bhattacharya between 17:00 and 17:19 on November 19, 2018. (UVA HS00003734-35)~~

~~**Document Request No. 92:**~~

~~Bodycam footage of police at bedside at 22:00 on November 19, 2018. (UVA HS00003738)~~

**Document Request No. 93:**

With respect to each of Defendants' "hybrid" expert witnesses, all Documents and Communications since October 25, 2018 through the date of trial that any of them had or hereafter will have with You or Your counsel, counsel for anyone else, Your consultants, or anyone else that such "hybrid" experts considered, used, generated, saw, read, reviewed, and/or considered in forming the opinions set forth in Defendants' Rule 26(a)(2)(C) expert witness disclosures or about which each anticipates providing testimony.

**Document Request No. 94:**

Laurie Casteen's Documents and Communications regarding Mr. Bhattacharya's phone call to Tabitha Enoch on November 18, 2018.  (Dkt. #285-1 at 8.)

**Document Request No. 95:**

All Documents and Communications identifying the public settings referenced by Dr. Tucker in the November 29, 2018 ASAC letter.  (Dkt. #285-1 at 11.)

**Document Request No. 96:**

All Documents and Communications identifying by photograph and name all employees of the Claude Moore Health Sciences Library who were present on November 18, 2018.  (Dkt. #285-1 at 11.)

**Document Request No. 97:**

All Documents and Communications regarding telephone calls between Mr. Bhattacharya and Angel Hsu between November 19, 2018 and November 26, 2018.  (Dkt. #285-1 at 12-13.)

**Document Request No. 98:**

All Documents and Communications regarding voicemail messages between Lynne Fleming and Dean Thomas on November 28, 2018.  (Dkt. #285-1 at 13.)

**Document Request No. 99:**

All Documents and Communications reflecting efforts by any employee or agent of UVA to access or otherwise preserve Charlottesville or UVA PD bodycam footage of Mr. Bhattacharya, Roxanne Bhattacharya, Angel Hsu, or any police interaction at 820B Cabell Avenue on November 18 and 19, 2018.  (Dkt. #285-1 at 8.)

**Document Request No. 100:**

All documents and communications related to Dean Thomas's communications with

ASAC members to get a quorum for the November 28, 2018 ASAC hearing.  (Dkt. #285-1 at 13.)

**Document Request No. 101:**

All Documents and Communications regarding Angel Hsu's counseling, psychological, or psychiatric care.  (Dkt. #285-1 at 13.)

**Document Request No. 102:**

All Documents and Communications reflecting UVA School of Medicine's Dean on Call Schedule in October, November, and December 2018.  (Dkt. #285-1 at 13.)

**Document Request No. 103:**

All Documents and Communications regarding Shelly Savage Gibson's November 14, 2018 report.  (Dkt. #285-1 at 14.)

**Document Request No. 104:**

All Documents and Communications regarding Dean Peterson and "involved parties" for the Angel Hsu protective order hearing on December 13, 2019.  (Dkt. #285-1 at 13.)

**Document Request No. 105:**

All Documents and Communications reflecting the total number of individual patients who were admitted, discharged, or on the ward of 5 East each day between November 13, 2018 and November 27, 2018.  (Dkt. #285-1 at 19.)

~~**Document Request No. 106:**~~

~~All Documents and Communications regarding the identity of the magistrate who denied the ex parte emergency protective order that Angel Hsu sought on November 23, 2018.  (Dkt. #285-1 at 19-20.)~~

**Document Request No. 107:**

All Documents and Communications regarding the entire November 6, 2018 OSCE score

report.  (Dkt. #285-1 at 20.)

**Document Request No. 108:**

All Documents and Communications in Your possession, custody, and control demonstrating the existence of the protective order that was filed by Angel Hsu before Roxanne Bhattacharya initiated the ECO at 11:41 a.m. on November 19, 2018.  (Dkt. #285-1 at 20.)

**Document Request No. 109:**

All Documents and Communications by text messages related to this case or its subject matter from custodians identified in Interrogatory No. 9.

**Document Request No. 110:**

All Documents and Communications by "direct" messages, text messages, or posts related to this case or its subject matter from custodians identified in Interrogatory Nos. 9 and 11.

## INTERROGATORIES

**Interrogatory No. 2:**

Identify who decided and participated in the decision to issue a No Trespass Order (NTO) against Mr. Bhattacharya on January 3, 2019, why the NTO was issued, when the decision was made, and why no written explanation as to the grounds for issuing the NTO was provided on or with the NTO.

**Interrogatory No. 3:**

Describe in detail the "comments" and the "chat room" referenced by Melissa Fielding in which some unspecified individual or individuals "perceived" the "comments" to be "threats" and explain why Melissa Fielding provided this explanation to Mr. Bhattacharya on July 18, 2019 and not on January 3, 2019.

**Interrogatory No. 4:**

Identify all previously enrolled medical students at UVA from November 14, 2008 to November 14, 2018 who were suspended for at least one year or expelled by ASAC for "professionalism" reasons.

**Interrogatory No. 5:**

Identify all previously enrolled medical students at UVA from November 14, 2008 to November 14, 2018 who pled guilty, pled no contest, or were found guilty of any misdemeanor or felony while enrolled as a medical student and of which UVA SOM had knowledge at the time of enrollment.

**Interrogatory No. 6:**

Identify all previously enrolled medical students at UVA from November 14, 2008 to November 14, 2018 who were found responsible for Title IX prohibited conduct, including sexual harassment, sexual assault, dating violence, domestic violence, stalking, or retaliation against another medical student and received a no-contact directive, probation, suspension, and/or expulsion from UVA SOM.

**Interrogatory No. 7:**

Identify all previously enrolled medical students at UVA from November 14, 2008 to November 14, 2018 who were subject of an issued emergency protective order (Va. Code § 19.2-152.8.), preliminary protective order (Va. Code § 19.2-152.10.), or final protective order (Va. Code § 19.2-152.10.) obtained by another medical student while both were enrolled as medical students and of which UVA SOM had knowledge at the time of enrollment.

66-0687-1835.1
4861-8835-7910.4

**Interrogatory No. 8:**

Identify all previously enrolled medical students at UVA from November 14, 2008 to November 14, 2018 who were placed under an emergency custody order (Va. Code § 37.2-808), temporary detention order (Va. Code § 37.2-809), involuntary commitment order (Va. Code § 37.2-817) at UVA Medical Center or recommended by an employee of UVA Medical Center and received a mandatory outpatient treatment order (Va. Code § 37.2-817) while enrolled as a medical student and of which UVA SOM had knowledge of at the time of enrollment.

**Interrogatory No. 9:**

For each of the following individuals, identify each individual's cell phone number(s), cell phone type(s), cell phone make(s), and service provider for the periods from October 20, 2018 through February 3, 2020, and identify any cell phones that were lost or destroyed.

| | |
|---|---|
| a. | John Densmore |
| b. | Christine Peterson |
| c. | Nora Kern |
| d. | Randolph Canterbury |
| e. | Jim Tucker |
| f. | Lynne Fleming |
| g. | Tabitha Enoch |
| h. | Edward Markowski |
| i. | Nicole Ruzek |
| j. | Melissa Fielding |
| k. | Gloria Graham |
| l. | Tommye Sutton |
| m. | David Wilkes |
| n. | Catherine Richard |
| o. | Michael Mason |
| p. | Sara Rasmussen |
| q. | Timothy Longo |
| r. | Sean Reed |
| s. | Allen Groves |
| t. | Joanne Mendoza |
| u. | Shelly Savage Gibson |
| v. | Laurie Casteen |
| w. | Susan Davis |
| x. | Margaret Sande |

y.      Pamila Herrington
z.      Patrick Stafford
aa.     Lindsay Nicole Carlson
bb.     Margaret Sande
cc.     Ashima Saripalli
dd.     Thomas Ball
ee.     Katherine Murray
ff.     Brian Behm
gg.     Sharon Diamond-Myrsten
hh.     Nicholar Intagliata
ii.     Catherine Shaffrey
jj.     Roger Abounader
kk.     Stephen Culp
ll.     Barnett Nathan
mm.     Donna Chen
nn.     Winifred Wolfe
oo.     Andy Thomson
pp.     James Moak
qq.     Karen Painter
rr.     Patrick Stafford
ss.     Christopher Easton
tt.     Donald Harold McGee
uu.     Brandon Michael Smoot
vv.     Dreshawn Burton
ww.     Anthony Clarence Frazier
xx.     Allen Groves
yy.     Courtney Schempp
zz.     Emily Babb
aaa.    Lauren Miller (UVA00003791)
bbb.    Scott Syverud
ccc.    Daniel Stanley

**Interrogatory No. 10:**

With respect to each of the following events with respect to Mr. Bhattacharya—the October 25, 2018 professionalism concern card, the November 15, 2018 ASAC letter, the November 29, 2018 suspension, and the January 3, 2019 NTO—state when Dr. Rasmussen had knowledge of these events, who communicated these events to her, how these communications were made, and if any such communications were destroyed, when and by how any of these communications were destroyed.

**Interrogatory No. 11:**

With respect to each custodian identified in Interrogatory No. 9, identify all social media websites or applications on which each individual has discussed the subject matter of this case or its subject matter since October 24, 2018.

**Interrogatory No. 12:**

Identify with whom Tabitha Enoch directly communicated, orally or in writing, regarding Mr. Bhattacharya's November 18, 2018 phone call with her before November 29, 2018, how these communications were made, and what exactly she communicated about the content of the November 18, 2018 conversation.

**Interrogatory No. 13:**

Explain why Mr. Bhattacharya was tranquilized with an intramuscular injection of haloperidol, diphenhydramine, and lorazepam at UVA Medical Center on November 14, 2018 and November 19, 2018 and who ordered each tranquilization.

**Interrogatory No. 14:**

Explain why Mr. Bhattacharya was provided less than four hours' notice by email with no written explanation as to why ASAC was convening the November 28, 2018 ASAC hearing.

**Interrogatory No. 15:**

Explain why no member of ASAC mentioned Angel Hsu, ASAC's knowledge of her November 26, 2018 *ex parte* preliminary protective order, or ASAC's knowledge of the two previous involuntary hospitalizations in November 2018 during the November 28, 2018 ASAC meeting.

**Interrogatory No. 16:**

Explain why Mr. Bhattacharya was transferred from UVA Medical Center to Poplar Springs Hospital on November 19, 2018.

## REQUESTS FOR ADMISSION

**RFA No. 134:**

Mr. Bhattacharya spoke with Tabitha Enoch by phone on November 18, 2018.

**RFA No. 135:**

Tabitha Enoch sent an email to Mr. Bhattacharya after they spoke with each other by phone on November 18, 2018.

**RFA No. 136:**

Roxanne Bhattacharya was not permitted to be in the Claude Moore Health Sciences Library on November 18, 2018.

**RFA No. 137:**

Roxanne Bhattacharya was not permitted to be in the Jefferson Medical Office Building on November 18, 2018.

**RFA No. 138:**

Roxanne Bhattacharya was not permitted to be inside the residence of 820B Cabell Avenue on November 18, 2018.

**RFA No. 139:**

Angel Hsu allowed Roxanne Bhattacharya to be inside the Claude Moore Health Sciences Library on November 18, 2018.

66-0687-1835.1
4861-8835-7910.4

**RFA No. 140:**

Nora Kern and Sara Rasmussen communicated with each other in person about Mr. Bhattacharya at the end of the AMWA Microaggression Panel Discussion on October 25, 2018.

~~**RFA No. 141:**~~

~~Lindsay Nicole Carlson stated in Mr. Bhattacharya's medical records that he was to be tranquilized on November 14, 2018 for refusing bloodwork and urine samples while under ECO. (Bates No. UVA HS00003796, UVA HS00003810-11)~~

~~**RFA No. 142:**~~

~~Patrick Stafford stated in Mr. Bhattacharya's medical records between 16:17 and 16:40 pm November 19, 2018 that Mr. Bhattacharya was to be tranquilized on November 19, 2018 for refusing bloodwork and urine samples while under ECO. (Bates No. UVA HS00003707)~~

~~**RFA No. 143:**~~

~~Guidelines from the Virginia Department of Behavioral Health state: "Patients who have capacity to make informed decisions and do not consent to collection of a urine or blood specimen will not be forced, including under an emergency custody order (ECO)." *See* https://dbhds.virginia.gov/assets/doc/about/masg/adults-medical-and-screening-guidelines-11-5-2018.pdf.~~

**RFA No. 144:**

At the time Mr. Bhattacharya was tranquilized on November 14, 2018, he had the capacity to make informed decisions.

**RFA No. 145:**

At the time Mr. Bhattacharya was tranquilized on November 19, 2018, he had the capacity to make informed decisions.

**RFA No. 146:**

During the course of Mr. Bhattacharya involuntary hospitalization on November 14, 2018, no one alleged in Mr. Bhattacharya's medical records that he lacked the capacity to make informed decisions before he was tranquilized on November 14, 2018.

**RFA No. 147:**

During the course of Mr. Bhattacharya involuntary hospitalization on November 19, 2018, no one alleged in Mr. Bhattacharya's medical records that he lacked the capacity to make informed decisions before he was tranquilized on November 19, 2018.

**RFA No. 148:**

Angel Hsu did not move out of 820B Cabell Avenue on November 19, 2018.

**RFA No. 149:**

Christine Peterson did not know the location of Angel Hsu's residence before noon on November 19, 2018.

**RFA No. 150:**

Angel Hsu falsely represented in her November 26, 2018 ex parte preliminary protective order petition that she had not previously filed for an emergency protective order on November 23, 2018.

**RFA No. 151:**

Mr. Bhattacharya has never reported to anyone orally or in writing that he is or was experiencing auditory hallucinations.

**RFA No. 152:**

Mr. Bhattacharya did not leave candles unattended at his residence in October or November 2018.

66-0687-1835.1
    4861-8835-7910.4

**RFA No. 153:**

Mr. Bhattacharya did not undergo required psychological or psychiatric treatment of any kind while at the University of Alabama.

**RFA No. 154:**

Mr. Bhattacharya did not frisk or attempt to frisk any roommates or any individual at UVA during any point in his enrollment.

**RFA No. 155:**

Mr. Bhattacharya did not leave the stove at his residence on or use it at all during the period November 16-19, 2018.

**RFA No. 156:**

Mr. Bhattacharya was in good academic standing at all points during his enrollment at UVA Med School before 5:00 pm on November 28, 2018.

**RFA No. 157:**

At no point during Mr. Bhattacharya's enrollment at UVA Med School before November 28, 2018 did any agent or employee of UVA inform Mr. Bhattacharya that he was not in good academic standing.

~~**RFA No. 158:**~~

~~Dr. Tucker understood that Dean Canterbury had required that Mr. Bhattacharya be evaluated by CAPS.~~

**RFA No. 159:**

Dr. Tucker understood that there is a fundamental difference between recommending and requiring that one be evaluated by CAPS on November 28, 2018.

**RFA No. 160:**

Dean Canterbury's statement to Jim Tucker that "[John Densmore] has to have [Mr. Bhattacharya] taken from [John Densmore's] office by police a week ago" was false. (Bates No. UVA00002635.)

**RFA No. 161:**

Tabitha Enoch's November 30, 2018 statement to Angel Hsu that Mr. Bhattacharya's suspension "had nothing to do with [Angel Hsu]" was false.  (Bates No. UVA00002777.)

**RFA No. 162:**

Tabitha Enoch's November 30, 2018 statement to Angel Hsu that "ASAC didn't have access to any information [Angel Hsu] shared with [Tabitha Enoch]" was false. (Bates No. UVA00002777.)

**RFA No. 163:**

It was well within Mr. Bhattacharya's right to tell Roxanne Bhattacharya to stop contacting him on November 16, 2018; November 17, 2018; November 18, 2018; and November 19, 2018. (Bates No. UVA00002777.)

**RFA No. 164:**

It was well within Mr. Bhattacharya's right to tell Angel Hsu to stop contacting him on November 17, 2018 and November 19, 2018.  (Bates No. UVA00002777.)

**RFA No. 165:**

It was well within Mr. Bhattacharya's right to tell Roxanne Bhattacharya to leave his residence on November 18, 2018.  (Bates No. UVA00002777.)

**RFA No. 166:**

It was well within Mr. Bhattacharya's right to refuse Dean Densmore's November 27, 2018 psychiatric order.  (Bates No. UVA00002777.)

**RFA No. 167:**

It was well within Mr. Bhattacharya's right to refuse Randolph Canterbury's November 27, 2018 psychiatric order.  (Bates No. UVA00002777.)

**RFA No. 168:**

It was well within Mr. Bhattacharya's right to make an audio recording of the November 28, 2018 ASAC hearing.

**RFA No. 169:**

It was well within Mr. Bhattacharya's right to receive clarification from Angel Hsu as to the location and status of his property to which he was denied access during the period  November 19-26, 2018.

**RFA No. 170:**

Angel Hsu did not tell Mr. Bhattacharya to stop contacting her during any of the phone calls that she answered from a Poplar Springs phone while Mr. Bhattacharya was at Poplar Springs until after she obtained the preliminary protective order on November 26, 2018.

**RFA No. 171:**

Mr. Bhattacharya shared equal ownership of Taro between September 1, 2018 and 9:00 a.m. on November 26, 2018.

**RFA No. 172:**

Mr. Bhattacharya has, to this day, never agreed to waive his property stake in Taro.

**RFA No. 173:**

The forced hospitalizations of Mr. Bhattacharya from November 14-16, 2018 and November 19-26, 2018 led to "interference with [Mr. Bhattacharya's] property."

~~**RFA No. 174:**~~

~~The University of Virginia's "Title IX Prohibited Conduct—Stalking" states as follows:~~

~~"Stalking is conduct on the basis of sex defined as engaging in a course of conduct directed at a specific person (*e.g.*, the Complainant) that would cause a reasonable person to (A) fear for their safety or the safety of others or (B) suffer substantial emotional distress.~~

~~"Course of conduct" means two or more acts, including but not limited to acts in which a person directly, indirectly, or through third parties, by any actions, method, device, or means, follows, monitors, observes, surveils, threatens, or communicates to or about another person, or interferes with another person's property.~~

~~"Substantial emotional distress" means significant mental suffering or anguish that may but does not necessarily require medical or other professional treatment or counseling.~~

~~Stalking includes "cyber stalking," a particular form of stalking in which a person uses electronic media, such as the internet, social networks, blogs, cell phones, texts, or other similar devices or forms of contact."~~

**RFA No. 175:**

No employee of UVA CAPS, UVA Medical Center, Poplar Springs, or the University of Alabama, or Charles Moseley has ever reported in writing that Mr. Bhattacharya informed him or her that Mr. Bhattacharya was experiencing auditory hallucinations.

**RFA No. 176:**

No employee of UVA CAPS, UVA Medical Center, Poplar Springs, or the University of Alabama, or Charles Moseley has reported in writing that Mr. Bhattacharya informed him or her

that Mr. Bhattacharya was experiencing visual hallucinations.

**RFA No. 177:**

No employee of UVA CAPS, UVA Medical Center, Poplar Springs, or the University of Alabama, or Charles Moseley has reported in writing that Mr. Bhattacharya informed him or her that Mr. Bhattacharya was experiencing suicidal ideations.

**RFA No. 178:**

No employee of UVA CAPS, UVA Medical Center, Poplar Springs, or the University of Alabama, or Charles Moseley has reported in writing that Mr. Bhattacharya informed him or her that Mr. Bhattacharya was experiencing homicidal ideations.

**RFA No. 179:**

On November 20, 2018, Nicole Ruzek reported to Poplar Springs Hospital that Mr. Bhattacharya "has not made physical threats but threatens litigation against [Mr. Bhattacharya's] Dean." (Bates No. PSH00003661.)

**RFA No. 180:**

Nicole Ruzek's assertion to Poplar Springs hospital that "[Angel Hsu's] protective order [would] be finalized on [November 23, 2018]" was false. (Bates No. PSH00003662.)

**RFA No. 181:**

Nicole Ruzek contacted Poplar Springs at 12:35 p.m. on November 21, 2018 with the intention of influencing the outcome of the 2:30 p.m. November 21, 2018 involuntary commitment hearing in a manner unfavorable to Mr. Bhattacharya. (Bates No. PSH00003662, UVA00009372.)

**RFA No. 182:**

David Brown's "Chief Complaint" at 1:10 p.m. on November 19, 2018 that "[Roxanne Bhattacharya] initiated [an Emergency Custody Order] after [Angel Hsu] file a protective order" against Mr. Bhattacharya is false. (Bates No. UVA HS00003702.)

**RFA No. 183:**

~~Haley Bolton's "Chief Complaint" at 1:14 p.m. on November 19, 2018 that "[Roxanne Bhattacharya] initiated [an Emergency Custody Order] after [Angel Hsu] file a protective order" against Mr. Bhattacharya is false.  (Bates No. UVA HS00003702.)~~

**~~RFA No. 184:~~**

~~Margaret Sande's "Chief Complaint" at 1:23 p.m. on November 19, 2018 that "[Roxanne Bhattacharya] initiated [an Emergency Custody Order] after [Angel Hsu] file a protective order" against Mr. Bhattacharya is false.  (Bates No. UVA HS00003702.)~~

**RFA No. 185:**

Mr. Bhattacharya was not "copying large volumes of a psychiatry textbook" on November 18, 2018.  (Bates No. UVA HS00003705.)

**RFA No. 186:**

Margaret Sande had access to the entire written petition from Roxanne Bhattacharya and relied on its contents to create her "ED Provider Notes."  (Bates Nos. UVA HS00003704-05.)

**RFA No. 187:**

Margaret Sande reported that Mr. Bhattacharya "[did] not know why he need to be" at the UVA Medical Center ED on November 19, 2018.  (Bates No. UVA HS00003705.)

**RFA No. 188:**

Margaret Sande's report of Roxanne Bhattacharya's allegation that Mr. Bhattacharya was "not eating" is false.  (Bates No. UVA HS00003705.)

**RFA No. 189:**

Neither Roxanne Bhattacharya nor Angel Hsu had any personal knowledge as to whether or not Mr. Bhattacharya was "eating" between November 16-19, 2018. (Bates No. UVA HS00003705.)

**RFA No. 190:**

Margaret Sande's report of Roxanne Bhattacharya's allegation that Mr. Bhattacharya was "not sleeping" is false. (Bates No. UVA HS00003705.)

**RFA No. 191:**

Neither Roxanne Bhattacharya nor Angel Hsu had any personal knowledge as to whether or not Mr. Bhattacharya was "sleeping" between November 16-19, 2018. (Bates No. UVA HS00003705.)

**RFA No. 192:**

Mr. Bhattacharya did not "leave food unattended on the stove" between November 16-19, 2018. (Bates No. UVA HS00003705.)

**RFA No. 193:**

Mr. Bhattacharya did not "make investment decisions that [were] out of character for him" in November 2018. (Bates No. UVA HS00003705.)

**RFA No. 194:**

Winifred Wolfe's "Violence Risk Assessment" of Mr. Bhattacharya of "moderate" provides no true, testable, and factual support whatsoever other than describing Mr. Bhattacharya as a "[m]ale." (Bates No. UVA HS00003747.)

**RFA No. 195:**

Winifred Wolfe's "Violence Risk Assessment" of Mr. Bhattacharya of "moderate" falsely asserts that Mr. Bhattacharya was "living alone."  (Bates No. UVA HS00003747.)

**RFA No. 196:**

Winifred Wolfe would have had no way of personally observing and diagnosing someone with "current florid mania" if she was "[Unable To Assess] as [Mr. Bhattacharya] refused examination."  (Bates No. UVA HS00003743.)

Dated:  March 18, 2022

Respectfully submitted,

KIERAN RAVI BHATTACHARYA

By: /s/ *Michael J. Lockerby*
Counsel


Michael J. Lockerby (VSB No. 24003)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone:  (202) 672-5300
Facsimile:  (202) 672-5399
Email:  mlockerby@foley.com


Steven C. Lockhart (admitted *pro hac vice*)
Robert T. Slovak (admitted *pro hac vice*)
Brandon C. Marx (admitted *pro hac vice*)
FOLEY & LARDNER LLP
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
E-mail:  slockhart@foley.com
E-mail:  rslovak@foley.com
E-mail:  bmarx@foley.com


John P. Melko (admitted *pro hac vice*)
James G. Munisteri (admitted *pro hac vice*)
FOLEY & LARDNER LLP
1000 Louisiana Street, Suite 2000
Houston, Texas 77002
Telephone: (713) 276-5500
Facsimile: (713) 276-5555
Email:  jmelko@foley.com
E-mail:  jmunisteri@foley.com


*Counsel for Plaintiff,*
*Kieran Ravi Bhattacharya*

66-0687-1835.1
4861-8835-7910.4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of **MR. BHATTACHARYA'S FOURTH**

**DISCOVERY REQUESTS** was served on the following counsel of record, on this 18th day of

March, 2022, via electronic mail:

Farnaz F. Thompson, Esq.
Brandi G. Howard, Esq.
McGuireWoods LLP
888 16th Street, N.W.,
Suite 500
Black Lives Matter Plaza
Washington, D.C, 20006
fthompson@mcguirewoods.com
bhoward@mcguirewoods.com

Jonathan T. Blank, Esq.
Micah B. Schwartz, Esq.
Eric Fleming, Esq.
McGuireWoods LLP
323 Second Street S.E.,
Suite 700
Charlottesville, Virginia  22902
mschwartz@mcguirewoods.com
jblank@mcguirewoods.com

Evan X. Tucker, Esq.
Alicia M. Penn, Esq.
McGuireWoods  LLP
800 East Canal Street
Richmond, Virginia  23219
etucker@mcguirewoods.com
apenn@mcguirewoods.com

*Counsel for UVA Defendants*

H. Robert Yates, III, Esq.
C. Quinn Adams, Esq.
O'Hagan Meyer, PLLC
411 East Franklin Street,
Suite 500
Richmond, Virginia  23219
ryates@ohaganmeyer.com
cadams@ohaganmeyer.com

*Counsel for Sara K. Rasmussen, M.D., Ph.D.*

/s/ Michael J. Lockerby
Michael J. Lockerby