# EXHIBIT I

to

PLAINTIFF'S OPPOSITION TO

THE UVA DEFENDANTS' MOTION FOR PROTECTIVE ORDER

## IN THE UNITED STATES DISTRICT COURT  FOR
## THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **KIERAN RAVI BHATTACHARYA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **3:19-CV-00054-NRM-JCH** |
| **JAMES B. MURRAY JR.,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### MR. BHATTACHARYA'S SEVENTH DISCOVERY REQUESTS

Pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 36, Plaintiff Kieran Ravi Bhattacharya hereby requests that Defendants, within thirty (30) days of service or such other time period as ordered by the Court and in accordance with the definitions and instructions set forth in Mr. Bhattacharya's ~~Seven~~Fif~~th~~ Discovery Requests, produce the requested documents and answer fully and separately, in writing and under oath, the following requests for admission ("Mr. Bhattacharya's Sixth Document Production Request and Fifth Requests for Admission").

### ~~DEFINITIONS~~

~~For the purposes of Defendants' answers to Mr. Bhattacharya's Seventh Discovery Requests, the following definitions shall apply:~~

~~1.     "Document(s)" means any and all documents, tangible things, and writings of any kind as defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and includes, without limitation, agreements, purchase orders, invoices, receipts, accounting records, contracts, bills of lading, shipping records, correspondence, memoranda, notes, diaries, statistics, letters, telegrams,~~

telex, faxes, minutes, contracts, reports, studies, statements, summaries, interoffice and intra-office Communications, notations of any sort of conversations, telephone calls, meetings or other Communications, computer printouts, tape recordings, audiotapes, videotapes, charts, graphs, and electronic, mechanical or electronic records, compact discs, computer discs, computer tapes, computer software, electronically stored media, and any other form of stored information.

2.      "Communication(s)" means any contact or exchange of information between two or more Persons, including, without limitation, by such means as electronic mail, letters, memoranda, reports, computer transmissions, text messages, instant messages, telegrams, telexes, and fax messages including all attachments to or enclosures therewith, and including transcriptions or summaries of conversations, voicemail messages or interviews.

3.      "Relating to" or "relate(s) to" are used in their broadest sense and means referring to, describing, evidencing, containing, supporting, rebutting, reflecting, refuting, negating, pertaining to, comprising, memorializing, identifying, verifying, and/or in any way involving or having a logical connection to the subject matter of the request, in whole or in part.

4.      "Identify" (with respect to Communications).  When referring to Communications, "identify" means to state, to the extent known, the (i) name(s), address(es), and last known place(s) of employment of the parties to the Communication; (ii) the subject matter of the Communication; (iii) the location(s) of the Communication; (iv) the mode of Communication, (e.g., written, by telephone, meeting, etc.); and (v) the date of the Communication.

5.      "Identify" (with respect to Documents). When referring to Documents, "identify" means to state, to the extent known or reasonably ascertainable, the (i) type of Document; (ii) its general subject matter; (iii) the date of the Document; and (iv) its author(s), addressee(s), and recipient(s). If the foregoing information is not available, state whether it is (i) missing or lost, (ii)

destroyed, (iii) transferred, voluntarily or involuntarily, to others, or (iv) otherwise disposed of and, in each instance, explain the circumstances surrounding the authorization for such disposition thereof and state the date or approximate date thereof.

6.      "Identify" (with respect to Persons).  When referring to a person, "identify" means to state, to the extent known or reasonably ascertainable, the person's full name and current or last known address.  When referring to a natural person, "identify" means, additionally, to provide the individual's present or last known place of employment.  Once a person has been identified in accordance with the foregoing definition, only the name of that person need be listed in response to subsequent discovery requests calling for the identification of such person.

7.      "Person(s)" means any natural person, firm, association, organization, partnership, business, trust, corporation, or entity.

8.      "You" or "Your" refers to each of Defendants—the University Defendants, the UVA Med School Defendants, and the Individual Co-Conspirators—as those terms are defined herein.

9.      "Mr. Bhattacharya" refers to Plaintiff Kieran Ravi Bhattacharya.

10.     "Rector" refers to Whittington W. Clement, Rector of the Board of Visitors of the University of Virginia.

11.     "Vice Rector" refers to Robert D. Hardie, Vice Rector of the Board of Visitors of the University of Virginia.

12.     "UVA Med School" refers to the University of Virginia School of Medicine.

13.     "Members of the Board of Visitors of the University of Virginia" refers to Robert M. Blue; Mark T. Bowles; L.D. Britt, M.D., M.P.H.; Carlos M. Brown; Frank M. Conner III; Elizabeth M. Cranwell; Thomas A. Depasquale; Barbara J. Fried; Louis S. Haddad; Babur B.

Lateef, M.D.; Angela Hucles Mangano; James B. Murray Jr.; Lewis Franklin (L.F.) Payne; C. Evans Poston Jr.; and James V. Reyes.

14.    "Ms. Fielding" refers to Melissa Fielding, Deputy Chief of Police of the University of Virginia.

15.    "Mr. Longo" refers to Timothy Longo, Sr., Interim Chief of Police of the University of Virginia.

16.    "Ms. Graham" means Gloria Graham, Esq., Former Associate Vice President, Safety and Security, of the University of Virginia.

17.    "University Defendants" refers to the Rector, Vice Rector, Members of the Board of Visitors of the University of Virginia, Mr. Longo, and Ms. Fielding.

18.    "Dean Densmore" refers to John J. Densmore, M.D., Ph.D., Associate Dean for Admissions and Student Affairs, University of Virginia School of Medicine.

19.    "Dr. Tucker" refers to Jim B. Tucker, M.D., Chair of the Academic Standards and Achievement Committee, University of Virginia School of Medicine.

20.    "UVA Med School Defendants" refers to Dr. Tucker and the UVA Med School Individual Defendants.

21.    "Dean Peterson" refers to Christine Peterson, M.D., Former Assistant Dean for Medical Education, University of Virginia School of Medicine.

22.    "Professor Kern" refers to Nora Kern, M.D., Assistant Professor of Urology, University of Virginia School of Medicine.

23.    "Professor Rasmussen" refers to Sara K. Rasmussen, M.D., Ph.D., Associate Professor, University of Virginia School of Medicine.

24. "UVA Med School Individual Defendants" refers to Dean Dennsmore, Dean Peterson, Professor Kern, and Professor Rasmussen collectively.

25. "Sean Reed" means Sean W. Reed, M.D., Associate Professor of the University of Virginia School of Medicine.

26. "Dean Canterbury" means Randolph J. Canterbury, M.D., Senior Associate Dean for Education at UVA Med School.

27. "AMWA Microaggression Panel Discussion" refers to the October 25, 2018 panel discussion on "microaggression" sponsored by the newly formed UVA Med School chapter of the American Medical Women's Association.

28. "Defendants" refer to the University Defendants, the UVA Med School Defendants, and the Individual Co-Conspirators collectively.

29. "ASAC" or the "Committee" refers to UVA Med School's Academic Standards and Achievement Committee.

30. "Policy" means UVA Med School's Policy on Academic and Professional Enhancement.

31. "Professionalism Concern Card" has the meaning set forth in the Policy.

32. The "First Professionalism Concern Card" means the May 4, 2018 10:52 a.m. Professionalism Concern Card against Mr. Bhattacharya attached as **Exhibit 10** to the First Amended Complaint.

33. The "Second Professionalism Concern Card" means the October 25, 2018 9:04 p.m. Professionalism Concern Card against Mr. Bhattacharya attached as **Exhibit 13** to the First Amended Complaint.

34. "Dr. Hsu" means Angel Hsu, M.D., formerly a student at UVA Med School.

35.     "Person(s)" means any natural person, firm, association, organization, partnership, business, trust, corporation, or entity.

36.     "You" or "Your" refers to each of Defendants—the University Defendants, the UVA Med School Defendants, and the Individual Co-Conspirators—as those terms are defined herein.

## INSTRUCTIONS

1.     Mr. Bhattacharya's Seventh Discovery Requests shall be deemed to seek responses as of the date hereof and shall also be deemed to be continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure so as to require further and supplemental responses such that if additional information relating in any way to Mr. Bhattacharya's Seventh Discovery Requests becomes known to You that in any way modifies Your responses to Mr. Bhattacharya's Seventh Discovery Requests up to and including the time of trial, You shall immediately furnish to Bhattacharya Your revised responses incorporating all such modification(s).

2.     If Defendants claim that any one of Mr. Bhattacharya's Seventh Discovery Requests is overly broad, unduly burdensome, irrelevant, or otherwise objectionable, You must specifically state the nature of Your objection and all grounds therefor. You must respond to that portion of the discovery request which is unobjectionable and specifically identify the respect in which the discovery request is allegedly overly broad, unduly burdensome, irrelevant, or otherwise objectionable.

3.     When any copy of any Document responsive to Mr. Bhattacharya's Seventh Discovery Requests is not identical to the original or any copy thereof by reason of any notes, comments, markings, alterations, or material contained thereon, deleted therefrom, or attached thereto, or otherwise, all such non-identical copies shall also be produced.

4.     Documents shall be produced in all respects as they are maintained in the ordinary course of business, including file folders or other identifying information, and identified or segregated to correspond to the particular numbered request to which they are considered responsive.

5.       If any Document or information is withheld on the basis of a claim of privilege or immunity, within the time required by Rule 26(C), with respect to each such Document, communication, or other information, state (i) the date of the Document or Communication for which privilege or immunity is claimed, (ii) the author(s) and recipient(s) of the Document or the parties to the Communication for which privilege or immunity is claimed, (iii) the nature of the claimed privilege or immunity, (iv) the nature of the information for which privilege or immunity is claimed, and (v) the specific number(s) of Mr. Bhattacharya's Fourth Discovery Requests to which the document is responsive.

6.       If any Document the production or identification of which is required by Bhattacharya's Seventh Discovery Requests has been destroyed, discarded, or lost, or is no longer in existence or within Your possession, custody, or control, provide the following information: (i) the date of the Document (or if the precise date is not known or ascertainable, the best approximation thereof); (ii) its title; (iii) the name and position of each Person who prepared or assisted in preparing the Document; (iv) the name and position of each Person to whom the Document was addressed or who has seen, has had possession or custody of, or has received disclosure of the contents of the Document or any copy thereof; (v) the subject matter of the Document; the (vi) specific number(s) of Mr. Bhattacharya's Seventh Discovery Requests to which the Document would have been responsive; (vii) the date it was destroyed, discarded, or lost or when it otherwise left Your possession, custody, or control; (viii) the method of and reason for its destruction, discard, or loss, if any; (ix) the identity of the Document's last custodian and of each person responsible for the Document's destruction, discard, or loss, if any; and (x) the identity of any person whom you reasonably believe has, had, or may have present possession, custody, or control of the Document.

7.      Unless otherwise specified, the "Relevant Time Period" for Mr. Bhattacharya's Seventh Discovery Requests is August 4, 2016 through February 3, 2020.

## REQUESTS FOR PRODUCTION

**Document Request No. 162**

All documents and communications related to termination of employment of Catherine Richard that in any way relate to the facts and circumstances of this case or Plaintiff.

**Document Request No. 163**

All documents and communications related to termination of employment of Randolph Canterbury that in any way relate to the facts and circumstances of this case or Plaintiff.

**Document Request No. 164**

All documents and communications related to termination of employment of Christine Peterson that in any way relate to the facts and circumstances of this case or Plaintiff.

**Document Request No. 165**

All documents and communications related to termination of employment of Gloria Graham that in any way relate to the facts and circumstances of this case or Plaintiff.

**Document Request No. 166**

All documents and communications related to termination of employment of Tommye Sutton that in any way relate to the facts and circumstances of this case or Plaintiff.

**Document Request No. 167**

All document and communications related to the UVA Title IX evaluation panel of Mr. Bhattacharya in July 2019. (Bates No. HSU000003-4)

## REQUESTS FOR ADMISSION

RFA No. 331:

Christine Peterson and Angel Hsu met in person on November 1, 2018. (Bates No. UVA00002309)

RFA No. 332:

Christine Peterson and Angel Hsu discussed Mr. Bhattacharya in person on November 1, 2018. (Bates No. UVA00002309)

RFA No. 333:

Christine Peterson and Angel Hsu discussed Mr. Bhattacharya's speech at the October 25, 2018 AMWA Mmicroaggression Ppanel Discussion on November 1, 2018. (Bates No. UVA000002309)

RFA No. 334:

Christine Peterson described Angel Hsu as a "reliable direct observer" of Mr. Bhattacharya in a text message to John Densmore at 6:04 p.m. on November 1, 2018. (Bates No. UVA00002309)

RFA No. 335:

Christine Peterson did not independently investigate Angel Hsu's claim about having "directly observed" Mr. Bhattacharya's marijuana use. (Bates No. UVA00002309)

RFA No. 336:

Christine Peterson did not verify with Mr. Bhattacharya or anyone else any of Angel Hsu's claimed "direct observations" of Mr. Bhattacharya before passing on Angel Hsu's allegation to John Densmore. (Bates No. UVA00002309)

RFA No. 337:

During Mr. Bhattacharya's meeting with Christine Peterson on October 31, 2018,

Christine Peterson described females as being a marginalized group.

**RFA No. 338:**

During Mr. Bhattacharya's meeting with Christine Peterson on October 31, 2018, Mr. Bhattacharya informed Christine Peterson that Mr. Bhattacharya has ended his relationship with Angel Hsu ~~on~~ the evening before the October 25, 2018 microaggression panel.

**RFA No. 339:**

Nicole Ruzek referred to Mr. Bhattacharya's speech at~~s~~ the October 25, 2018 AMWA ~~m~~Microaggression ~~p~~Panel Discussion~~as~~ being "combative with other students" in a November 20, 2018 phone  call to Poplar Springs. (Bates No. PSH000003661)

**RFA No. 340:**

Around November 20, 2019, "UVA [was] discussing possibly suspending [Mr. Bhattacharya]" while he was still at Poplar Springs Hospital. (Bates No. PSH00003661)

**RFA No. 341:**

Roxanne Bhattacharya was not "the petitioner" for~~of~~ the November 21, 2018 involuntary commitment order. (Bates No. UVA00002314)

**RFA No. 342:**

Roxanne Bhattacharya did not "have a right to attend" or speak at the November 21, 2018 involuntary commitment hearing. (Bates No. UVA00002314)

**RFA No. 343:**

At Poplar Springs, the Special Justice "usually goes with" the "psychiatrists [sic] recommendations." (Bates No. UVA00002314)

**RFA No. 344:**

At 5 East of UVA Medical Center, the Special Justice "usually goes with" the "psychiatrists [sic] recommendations." (Bates No. UVA00002314)

**RFA No. 345:**

Defendants lack personal knowledge as to whether Mr. Bhattacharya made any phone call to Jessica Hsu, who is one of Angel Hsu's younger sister, in 2019. (Bates No. CPD00002336)

**RFA No. 346:**

Defendants lack personal knowledge as to whether Mr. Bhattacharya made any phone call to Jennifer Hsu, who is one of Angel Hsu's younger sister, in 2019. (Bates No. CPD00002336)

**RFA No. 347:**

Defendants did not investigate or otherwise verify whether Mr. Bhattacharya made any phone calls to Jessica Hsu or Jennifer Hsu or anyone else in Angel Hsu's family in 2019. (Bates No. CPD00002336)

**RFA No. 348:**

Defendants did not ask Mr. Bhattacharya whether he made any phone calls to Jessica Hsu or Jennifer Hsu or anyone else in Angel Hsu's family in 2019. (Bates No. CPD00002336)

**RFA No. 349:**

Defendants did not investigate or otherwise verify the truth or falsity of Angel Hsu's representation to Charlottesville Police Officer Jeffrey Jaeger on August 4-5, 2019 that Mr. Bhattacharya had made repeating, harassing phone calls to one of Angel Hsu's younger sisters in 2019. (Bates No. CPD00002336)

**RFA No. 350:**

Defendants did not ask Mr. Bhattacharya whether he had made phone calls to one of Angel Hsu's younger sisters in 2019. (Bates No. CPD00002336)

**RFA No. 351:**

Defendants lack personal knowledge as to whether Mr. Bhattacharya obtained Angel Hsu's email through an academic journaling program in 2019. (Bates No. CPD00002336)

**RFA No. 352:**

Defendants did not investigate the truth or falsity of Angel Hsu's representation to Charlottesville Police Officer Jeffrey Jaeger on August 4-5, 2019 that Mr. Bhattacharya had obtained Angel Hsu's email address through an academic journaling program. (Bates No. CPD00002336)

**RFA No. 353:**

Defendants did not ask Mr. Bhattacharya whether he obtained Angel Hsu's email an academic journaling program. (Bates No. CPD00002336)

**RFA No. 354:**

Defendants lack personal knowledge as to whether Mr. Bhattacharya first "found out" about Angel Hsu's LinkedIn account in 2019. (Bates No. CPD00002336)

**RFA No. 355:**

Defendants did not investigated the truth or falsity of Angel Hsu's representation to Charlottesville Police Officer Jeffrey Jaeger on August 4-5, 2019 that Mr. Bhattacharya first "found out" about Angel Hsu's LinkedIn account in 2019. (Bates No. CPD00002336)

**RFA No. 356:**

Defendants did not ask Mr. Bhattacharya whether he first "found out" about Angel Hsu's LinkedIn account in 2019. (Bates No. CPD00002336)

**RFA No. 357:**

Defendants lack personal knowledge as to whether Mr. Bhattacharya sent to Angel Hsu "multiple packages in the mail." (Bates No. CPD00002336)

**RFA No. 358:**

Defendants did not ~~investigated~~investigate the truth or falsity of Angel Hsu's

representation to  Charlottesville Police Officer Jeffrey Jaeger on August 4-5 that Mr.

Bhattacharya sent Angel Hsu  multiple "packages in the mail. (Bates No. CPD00002336)

**RFA No. 359:**

Angel Hsu falsely represented to Charlottesville Police Officer Jeffrey Jaeger on August

4-5, 2019 that "UVA ordered [Mr. Bhattacharya] by email not to contact [Angel Hsu]." (Bates

No. CPD00002336)

**RFA No. 360:**

No agent or employee of UVA "ordered [Mr. Bhattacharya not to contact [Angel Hsu]"

by email or by any other means. (Bates No. CPD00002336)

~~**RFA No. 361:**~~

~~Defendants lack personal knowledge as to whether Mr. Bhattacharya "violated the~~

~~previous PPO." (Bates No. CPD00002336)~~

~~**RFA No. 362:**~~

~~Defendants did not investigate the truth or falsity of Angel Hsu's representation to~~

~~Charlottesville Police Officer Jeffrey Jaeger on August 4-5 that Mr. Bhattacharya "violated the~~

~~previous PPO." (Bates No. CPD00002336)~~

~~**RFA No. 363:**~~

~~Defendants did not ask Mr. Bhattacharya whether he "violated the previous PPO." (Bates~~

~~No. CPD00002336)~~

**RFA No. 364:**

Defendants lack personal knowledge as to whether Mr. Bhattacharya ever engaged in

"violence" against Angel Hsu during the course of their relationship. (Bates No. CPD00002336)

**RFA No. 365:**

Defendants did not investigate the truth or falsity of Angel Hsu's representation to Charlottesville Police Officer Jeffrey Jaeger on August 4-5, 2019 that Mr. Bhattacharya has engaged in  "violence" against Angel Hsu during the course of their relationship. (Bates No. CPD00002336)

**RFA No. 366:**

Defendants did not ask Mr. Bhattacharya whether he engaged in "violence" against Angel Hsu during the course of their relationship. (Bates No. CPD00002336)

**RFA No. 367:**

Angel Hsu told John Tomkinson on December 30, 2018 that "[Mr. Bhattacharya has] never physically hurt [Angel Hsu] or another person." (Bates No. HSU000025)

**RFA No. 368:**

Angel Hsu did not ever obtain a "permanent" protective order against Mr. Bhattacharya. (Bates No. CPD00002341)

**RFA No. 369:**

Defendants lack personal knowledge of Angel Hsu's claim that Mr. Bhattacharya "told [Angel Hsu] to go kill [herself]". (Bates No. UVA00000671)

**RFA No. 370:**

Defendants did not investigate the truth or falsity of Angel Hsu's representation on August 4, 2019 that Mr. Bhattacharya "told [Angel Hsu] to go kill [herself]". (Bates No. UVA00000671)

**RFA No. 371:**

Defendants did not ask Mr. Bhattacharya whether he "told [Angel Hsu] to go kill [herself]". (Bates No. UVA00000671)

**RFA No. 372:**

Defendants lack personal knowledge of Angel Hsu's claim on August 4, 2019 that Mr. Bhattacharya "displayed a shovel and multiple glass bottles in [Mr. Bhattacharya's] room so that [Angel Hsu] could see them." (Bates No. UVA0000671)

**RFA No. 373:**

Defendants did not investigate the truth or falsity of Angel Hsu's claim on August 4, 2019 that Mr. Bhattacharya "displayed a shovel and multiple glass bottles in [Mr. Bhattacharya's] room so that [Angel Hsu] could see them." (Bates No. UVA0000671)

**RFA No. 374:**

Defendants did not ask Mr. Bhattacharya whether he "displayed a shovel and multiple glass bottles in [Mr. Bhattacharya's] room so that [Angel Hsu] could see them." (Bates No. UVA0000671)

**RFA No. 375:**

Defendants lack personal knowledge of Angel Hsu's claim on August 4, 2019 that Mr. Bhattacharya "continued to call [Angel Hsu] against [her] wishes 20+ times a day" in November 2018. (Bates No. UVA0000671)

**RFA No. 376:**

Defendants did not investigate the truth or falsity of Angel Hsu's claim on August 4, 2019 that Mr. Bhattacharya "continued to call [Angel Hsu] against [her] wishes 20+ times a day" in November 2018. (Bates No. UVA0000671)

**RFA No. 377:**

Defendants did not ask Mr. Bhattacharya whether he "continued to call [Angel Hsu] against [her] wishes 20+ times a day" in November 2018. (Bates No. UVA0000671)

**RFA No. 378:**

Defendants lack personal knowledge as to whether "[Mr. Bhattacharya] has been mentally unstable days prior and got extremely angry on 11/19/18 because [Mr. Bhattacharya] thought [Angel Hsu] helped ECO [Mr. Bhattacharya]." (Bates No. CPD00002349)

**RFA No. 379:**

Defendants did not investigate the truth or falsity of Angel Hsu's claim on November 26, 2018 that "[Mr. Bhattacharya] has been mentally unstable days prior and got extremely angry on 11/19/18 because [Mr. Bhattacharya] thought [Angel Hsu] helped ECO [Mr. Bhattacharya]." (Bates No. CPD00002349)

**RFA No. 380:**

Defendants did not ask Mr. Bhattacharya whether he "got extremely angry on 11/19/18 because [Mr. Bhattacharya] thought [Angel Hsu] helped ECO [Mr. Bhattacharya]." (Bates No. CPD00002349)

**RFA No. 381:**

Defendants lack personal knowledge as to whether Angel Hsu "found a 4 ft shovel in [Mr. Bhattacharya's] room." (Bates No. CPD00002349)

**RFA No. 382:**

Defendants did not investigate the truth or falsity of Angel Hsu's claim on November 26, 2018 that Angel Hsu "found a 4 ft shovel in [Mr. Bhattacharya's] room." (Bates No. CPD00002349)

~~**RFA No. 383:**~~

~~Defendants lack knowledge as to whether Mr. Bhattacharya had "broken into" Angel Hsu's "[residence] in the past." (Bates No. CPD00002356)~~

**RFA No. 384:**

Defendants did not investigate the truth or falsity of Angel Hsu's statement that Mr. Bhattacharya had "broken into" Angel Hsu's "[residence] in the past." (Bates No. CPD00002356)

**RFA No. 385:**

Defendants did not ask Mr. Bhattacharya whether he had "broken into" Angel Hsu's "[residence] in the past." (Bates No. CPD00002356)

**RFA No. 386:**

Mr. Bhattacharya did not "threate[n] [John Densmore] in November 2018. (Bates Nos. PSH00003576, PSH00003661)

**RFA No. 387:**

Tabitha Enoch stated she was "sorry to hear" that Angel Hsu was unable to obtain an emergency protective order against Mr. Bhattacharya on November 23, 2018. (Bates No. UVA00002317)

**RFA No. 388:**

The Threat Assessment Team was "disappointed" that Angel Hsu failed to obtain a November 23, 2018 *ex parte* emergency protective order against Mr. Bhattacharya. (Bates No. UVA00002318)

**RFA No. 389:**

No one on the Threat Assessment Team had personal knowledge of what Angel Hsu had alleged in support of Angel Hsu's failed attempt to obtain a November 23, 2018 *ex parte* emergency protective order against Mr. Bhattacharya before Defendants suspended and trespassed Mr. Bhattacharya. (Bates No. UVA00002319)

**RFA No. 390:**

Before suspending and trespassing Mr. Bhattacharya, no one on the Threat Assessment Team investigated the truth or falsity of any of Angel Hsu's allegations in support of Angel Hsu's failed petition to obtain a November 23, 2018 *ex parte* emergency protective order against Mr. Bhattacharya. (Bates No. UVA00002319)

**RFA No. 391:**

Before suspending and trespassing Mr. Bhattacharya, no one on the Threat Assessment Team asked Mr. Bhattacharya as to the truth or falsity of any of Angel Hsu's allegations in support of Angel Hsu's failed petition to obtain a November 23, 2018 *ex parte* emergency protective order against Mr. Bhattacharya. (Bates No. UVA00002319)

**RFA No. 392:**

In response to Angel Hsu's obtaining an *ex parte* preliminary protective order against Mr. Bhattacharya on November 26, 2018, Tabitha Enoch responded: "Wow!!! Angel! That is good news indeed!" (Bates No UVA00002319)

**RFA No. 393:**

The Threat Assessment Team lacked personal knowledge before November 30, 2018 as to any of Angel Hsu's allegations in support of Angel Hsu's petition for a November 26, 2018 *ex parte* preliminary protective order against Mr. Bhattacharya. (Bates No. UVA00002320)

**RFA No. 394:**

The Threat Assessment Team did not investigate before November 30, 2018 any of Angel Hsu's allegations in support of her petition for a November 26, 2018 *ex parte* preliminary protective order against Mr. Bhattacharya. (Bates No. UVA00002320)

**RFA No. 395:**

~~The Threat Assessment Team did not investigate before November 30, 2018 the truth or falsity any of Angel Hsu's allegations in support of Angel Hsu's petition for a November 26, 2018 *ex parte* preliminary protective order against Mr. Bhattacharya. (Bates No. UVA00002320)~~

**RFA No. 396:**

The Threat Assessment team did not ask Mr. Bhattacharya before November 30, 2018 whether any of Angel Hsu's allegations in support of Angel Hsu's petition for a November 26, 2018 *ex parte* preliminary protective order against Mr. Bhattacharya occurred. (Bates No. UVA00002320)

**RFA No. 397:**

~~Tabitha Enoch and Angel Hsu spoke around 3:02 p.m. on November 28, 2018. (Bates No. UVA00002320)~~

**RFA No. 398:**

~~Tabitha Enoch and Angel Hsu spoke about Mr. Bhattacharya around 3:02 p.m. on November 28, 2018 (Bates No. UVA00002320)~~

**RFA No. 399:**

Tabitha Enoch spoke with Angel Hsu by phone around 3:02 p.m. on November 28, 2018 with the intent of obtaining additional *ex parte* information from Angel Hsu to use against Mr. Bhattacharya during the November 28, 2018 ASAC hearing. (Bates No. UVA00002320)

**RFA No. 400:**

No voting member of ASAC had personal knowledge of any allegations in support of the November 14, 2018 emergency custody order before suspending Mr. Bhattacharya.

**RFA No. 401:**

No voting member of ASAC had personal knowledge of any allegations in support of the November 14, 2018 temporary detainment order before suspending Mr. Bhattacharya.

**RFA No. 402:**

No voting member of ASAC had personal knowledge of any allegations in support of the November 19, 2018 emergency custody order before suspending Mr. Bhattacharya.

**RFA No. 403:**

No voting member of ASAC had personal knowledge of any allegations in support of the November 19, 2018 temporary detainment order before suspending Mr. Bhattacharya.

**RFA No. 404:**

No voting member of ASAC had personal knowledge of any allegations in support of the November 21, 2018 involuntary commitment order before suspending Mr. Bhattacharya.

**RFA No. 405:**

No voting member of ASAC had personal knowledge of any allegations in support of the January 11, 2017 involuntary commitment order before suspending Mr. Bhattacharya.

**RFA No. 406:**

No voting member of ASAC had personal knowledge of any allegations in support of Angel Hsu's failed petition for a November 23, 2018 *ex parte* emergency protective order against Mr. Bhattacharya before suspending Mr. Bhattacharya.

**RFA No. 407:**

Christine Peterson did not disclose Angel Hsu's failed petition for a November 23, 2018 *ex parte* emergency protective order against Mr. Bhattacharya during November 28, 2018 ASAC discussions of Mr. Bhattacharya.

**RFA No. 408:**

No voting member of ASAC had personal knowledge of any allegations in support of Angel Hsu's petition for a November 26, 2018 *ex parte* preliminary protective order against Mr. Bhattacharya before suspending Mr. Bhattacharya.

**RFA No. 409:**

No voting member of ASAC investigated  the truth or falsity of any allegations in support of the November 14, 2018 emergency custody order before suspending Mr. Bhattacharya.

**RFA No. 410:**

No voting member of ASAC investigated the truth or falsity of any allegations in support of the November 14, 2018 temporary detainment order before suspending Mr. Bhattacharya.

**RFA No. 411:**

No voting member of ASAC investigated the truth or falsity any allegations in support of the November 19, 2018 emergency custody order before suspending Mr. Bhattacharya.

**RFA No. 412:**

No voting member of ASAC investigated the truth or falsity of any allegations in support of the November 19, 2018 temporary order before suspending Mr. Bhattacharya.

**RFA No. 413:**

No voting member of ASAC investigated the truth or falsity of any allegations in support of the November 21, 2018 involuntary commitment order before suspending Mr. Bhattacharya.

**RFA No. 414:**

No voting member of ASAC investigated the truth or falsity of any allegations in support of Angel Hsu's failed petition for a November 23, 2018 *ex parte* emergency protective order against Mr. Bhattacharya.

**RFA No. 415:**

No voting member of ASAC investigated the truth or falsity of any allegations in support of Angel Hsu's petition for a November 26, 2018 *ex parte* preliminary protective order against Mr. Bhattacharya.

**RFA No. 416:**

No voting member of ASAC read the November 14, 2018 emergency custody order or its accompanying petition before voting to suspend Mr. Bhattacharya.

**RFA No. 417:**

No voting member of ASAC read  the November 14, 2018 temporary detainment order or its accompanying petition before voting to suspend Mr. Bhattacharya.

**RFA No. 418:**

No voting member of ASAC read the November 19, 2018 emergency custody order or its accompanying petition before voting to suspend Mr. Bhattacharya.

**RFA No. 419:**

No voting member of ASAC read the November 19, 2018 temporary detainment order or its accompanying petition before voting to suspend Mr. Bhattacharya.

**RFA No. 420:**

No voting member of ASAC read the November 21, 2018 involuntary commitment order or its accompanying petition before voting to suspend Mr. Bhattacharya.

**RFA No. 421:**

No voting member of ASAC read Angel Hsu's failed petition for a November 23, 2018 *ex parte* emergency protective order against Mr. Bhattacharya before voting to suspend Mr. Bhattacharya.

**RFA No. 422:**

No voting member of ASAC read Angel Hsu's petition for a November 26, 2018 *ex parte*

preliminary protective order against Mr. Bhattacharya before voting to suspend Mr.

Bhattacharya.

**RFA No. 423:**

No voting member of ASAC listened to the audio of the ~~AMWA M~~microaggression

~~P~~panel Discussion before  voting to suspend Mr. Bhattacharya.

**RFA No. 424:**

~~No voting member of ASAC asked Mr. Bhattacharya whether any allegations in support~~

~~of the November 14, 2018 emergency custody order had occurred, before suspending Mr.~~

~~Bhattacharya.~~

**RFA No. 425:**

~~No voting member of ASAC asked Mr. Bhattacharya whether any allegations in support~~

~~of the November 14, 2018 temporary detainment order had occurred, before suspending Mr.~~

~~Bhattacharya.~~

**RFA No. 426:**

~~No voting member of ASAC made asked Mr. Bhattacharya whether any allegations in~~

~~support of the November 19, 2018 emergency custody order had occurred, before suspending~~

~~Mr. Bhattacharya.~~

**RFA No. 427:**

~~No voting member of ASAC asked Mr. Bhattacharya whether any allegations in support~~

~~of the November 19, 2018 temporary detainment order had occurred, before suspending Mr.~~

~~Bhattacharya.~~

**RFA No. 428:**

No voting member of ASAC asked Mr. Bhattacharya whether any allegations in support of the November 21, 2018 involuntary commitment order had occurred, before suspending Mr. Bhattacharya.

**RFA No. 429:**

No voting member of ASAC asked Mr. Bhattacharya whether any allegations in support of Angel Hsu's failed petition for a November 23, 2018 *ex parte* emergency protective order against Mr. Bhattacharya had occurred, before voting to suspend Mr. Bhattacharya.

**RFA No. 430:**

No voting member of ASAC asked Mr. Bhattacharya whether any allegations in support of Angel Hsu's petition for a November 26, 2018 *ex parte* preliminary protective order against Mr. Bhattacharya had occurred, before voting to suspend Mr. Bhattacharya.

**RFA No. 431:**

No voting member of ASAC who voted to suspend Mr. Bhattacharya has ever practiced law in the United States.

**RFA No. 432:**

ASAC is not the appropriate decision-making body to adjudicate sexual misconduct allegations by one medical student against another.

**RFA No. 433:**

ASAC is not the appropriate decision-making body to adjudicate allegations of mental illness by one medical student against another.

**RFA No. 434:**

ASAC is not the appropriate decision-making body to adjudicate allegations of domestic abuse by one medical student against another.

**RFA No. 435:**

ASAC is not the appropriate decision-making body to adjudicate property disputes between cohabiting medical students.

**RFA No. 436:**

UVA Med School Deans are not the appropriate decision-making employees to adjudicate sexual misconduct allegations by one medical student against another.

**RFA No. 437:**

UVA Med School Deans are not the appropriate decision-making employees to adjudicate allegations of mental illness by one medical student against another.

**RFA No. 438:**

UVA Med School Deans are not the appropriate decision-making employees to adjudicate allegations of domestic abuse by one medical student against another.

**RFA No. 439:**

UVA Med School Deans are not the appropriate decision-making employees to adjudicate property disputes between cohabiting medical students.

Dated:  April 2, 2022

Respectfully submitted,

KIERAN RAVI BHATTACHARYA

By: /s/ *Michael J. Lockerby*
      Counsel

Michael J. Lockerby (VSB No. 24003)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Telephone:  (202) 672-5300
Facsimile:  (202) 672-5399
Email:  mlockerby@foley.com

Steven C. Lockhart (admitted *pro hac vice*)
Robert T. Slovak (admitted *pro hac vice*)
Brandon C. Marx (admitted *pro hac vice*)
FOLEY & LARDNER LLP
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
E-mail:  slockhart@foley.com
E-mail:  rslovak@foley.com
E-mail:  bmarx@foley.com

John P. Melko (admitted *pro hac vice*)
James G. Munisteri (admitted *pro hac vice*)
FOLEY & LARDNER LLP
1000 Louisiana Street, Suite 2000
Houston, Texas 77002
Telephone: (713) 276-5500
Facsimile: (713) 276-5555
Email:  jmelko@foley.com
E-mail:  jmunisteri@foley.com

*Counsel for Plaintiff,*
*Kieran Ravi Bhattacharya*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **MR. BHATTACHARYA'S SEVEN~~IX~~TH DISCOVERY REQUESTS** was served on the following counsel of record, on this 2nd day of April, 2022, via electronic mail:

Farnaz F. Thompson, Esq.
Brandi G. Howard, Esq.
McGuireWoods  LLP
888 16th Street, N.W.,
Suite 500
Black Lives Matter Plaza
Washington, D.C, 20006
fthompson@mcguirewoods.com
bhoward@mcguirewoods.com

Jonathan T. Blank, Esq.
Micah B. Schwartz, Esq.
Eric Fleming, Esq.
McGuireWoods LLP
323 Second Street S.E.,
Suite 700
Charlottesville, Virginia  22902
mschwartz@mcguirewoods.com
jblank@mcguirewoods.com

Evan X. Tucker, Esq.
Alicia M. Penn, Esq.
McGuireWoods  LLP
800 East Canal Street
Richmond, Virginia  23219
etucker@mcguirewoods.com
apenn@mcguirewoods.com

*Counsel for UVA Defendants*

H. Robert Yates, III, Esq.
C. Quinn Adams, Esq.
O'Hagan Meyer, PLLC
411 East Franklin Street,
Suite 500
Richmond, Virginia  23219
ryates@ohaganmeyer.com
cadams@ohaganmeyer.com

*Counsel for Sara K. Rasmussen, M.D., Ph.D.*

/s/ Michael J. Lockerby
Michael J. Lockerby