IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| KIERAN RAVI BHATTACHARYA, ) | Civil Action No. 3:19-cv-00054 | |
|     Plaintiff, ) | | |
| ) | | |
| v. ) | ORDER | |
| ) | | |
| JAMES B. MURRAY, et al., ) | | |
|     Defendants. ) | By: | Joel C. Hoppe |
| ) | | United States Magistrate Judge |

This matter is before the Court on the University of Virginia ("UVA") Defendants four motions to quash Plaintiff's third-party subpoenas duces tecum directed to AT&T, Level 3 Communications, and Verizon Wireless, ECF Nos. 360, 386, 402, 412, and nonparty Angel Hsu, M.D.'s ("Dr. Hsu") motion to quash Plaintiff's subpoena duces tecum to Verizon Wireless, ECF No. 406. All five motions have been fully briefed and argued. ECF Nos. 394, 398, 403, 411, 414, 419, 420, 421, 423, 425, 450.

As drafted, each challenged subpoena sought "all records," from specified periods, for the unique telephone number(s) listed therein, "including, but not limited to, any and all text messages, call logs, text message logs, recordings, and phone messages of any kind."[1] In response to these motions, Plaintiff narrowed each subpoena's request for production to include only metadata (e.g., date and time initiated, connection duration, recipient phone number) in call

---

[1] *See* ECF No. 360-1 (directing AT&T to produce, "[f]rom October 1, 2018 to the present, all records" for the phone numbers ending in -6424, -8406, and -1278); ECF No. 386-1 (directing Level 3 to produce, "[f]rom October 1, 2018 to the present," all records for the phone numbers ending in -8835, -7166, -0000, -2522, and -2497, and "[f]rom November 1, 2018 to November 30, 2018, all records" for the number ending in -5569); ECF No. 402-1 (directing AT&T to produce, "[f]rom October 1, 2018 to the present, all records" for the phone number ending in -3457); ECF No. 406 (representing that the subpoena directed Verizon to produce all such records, "from August 1, 2016 through September 20, 2017," for the phone number ending in -0602, which was Dr. Hsu's prior cell phone number, and "from September 20, 2017 through the present" for the number ending in -0335, which is her current cell phone number); ECF No. 412-1 (directing Verizon to produce, from two or more specified periods, "all records" for the phone numbers ending in -5785, -0349, -0091, and -0616).

1

logs and text messages logs—specifically excluding the content of any text or voice messages—associated with the identified phone numbers. *See generally* ECF Nos. 394, 403, 414, 420, 421. He also waived his request for the AT&T phone number ending in -8406, ECF No. 394, at 7, and to shorten the timeframes at issue in certain requests, ECF No. 394, at 5–6; ECF No. 403, at 8–12; ECF No. 414, at 12; ECF No. 421, at 6–7.

On June 17, 2022, I held a hearing at which counsel for Plaintiff, the UVA Defendants, and Dr. Hsu addressed the challenged requests, as modified by Plaintiff's response briefs. ECF No. 450. This Order memorializes my rulings from the bench and further explains my rationale for modifying each subpoena to bring it within "the scope [of discovery] permitted by Rule 26(b)(1)," Fed. R. Civ. P. 26(b)(2)(C)(iii). *See generally In re Verizon Wireless*, 2019 WL 4415538, at *6–7 (D. Md. Sept. 16, 2019) (concluding that movants did not have standing to challenge third-party subpoena under Rule 45, but relying on Rule 26(b)(2)(C)(iii) to quash overly broad subpoena for cell phone records insofar as the request did "not satisfy the [Rule's] proportionality concerns as the 'proposed discovery outweigh[ed] its likely benefit'" (quoting Fed. R. Civ. P. 26(b)(1)). For the reasons stated on the record during the hearing, it is hereby **ORDERED** that:

**1.** The UVA Defendants' Motion to Quash Subpoena Duces Tecum to AT&T, ECF No. 360, is **GRANTED in part** with respect to the phone numbers ending in **-6424** (Reed) and **-1278** (Enoch) and **DENIED as moot** with respect to the number ending in **-8406** (Keeley).

As modified, Plaintiff's subpoena to AT&T seeks metadata for all calls and text messages originating from or received by Reed's (-6424) and Enoch's (-1278) personal cell phone numbers between: (i) November 18, 2018, to December 3, 2018; (ii) December 27, 2018, to January 8, 2019; (iii) January 13–19, 2019; and (iv) January 25, 2019, to February 3, 2019. ECF

No. 394, at 5–7. Even assuming that this data—which would establish only the fact of an incoming/outgoing call or text message during these timeframes—is relevant to Plaintiff's sole remaining claim or the defenses thereto, the UVA Defendants have shown that the proposed discovery is not proportional to the needs of the case considering the parties' relative access to other, more probative information, the data's minimal importance in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely negligible benefit, Fed. R. Civ. P. 26(b)(1). *See In re Verizon Wireless*, 2019 WL 4415538, at *6–7 (citing Fed. R. Civ. P. 26(b)(2)(C)(iii)). Plaintiff's request with respect to the AT&T cell phone number ending in -8406 (Keeley) is deemed withdrawn. ECF No. 394, at 7.

    **2.** The UVA Defendants' Motion to Quash Subpoena Duces Tecum to Level 3 Communications, ECF No. 386, is **GRANTED** with respect to the University-affiliated phone numbers ending in **-7166** (UVA Police Department main landline), **-0000** ("Dean on Call"), **-2522** (Canterbury), **-2497** (Fleming), and **-5569** (UVA Health System Unit 5 East), *see* ECF No. 386-1, at 8 ¶¶ 2–6, and **GRANTED in part** with respect to the University-affiliated phone number ending in **-8835** (Feilding office landline), *see id.* ¶ 1. Plaintiff's redacted subpoena to Level 3 Communications, ECF No. 386-1, at 8, is hereby **MODIFIED** to request:

       1. From December 29, 2018, to January 3, 2019, all call logs or text message logs, excluding the content of any text or voice messages, for phone number [redacted]-8835.

*See* Fed. R. Civ. P. 26(b)(2)(C)(iii). As modified, this request seeks information that may show Defendant Melissa Feilding used a University-affiliated landline to initiate or receive phone calls or text messages in the days before issuing the No Trespass Order, which arguably is relevant to the UVA Defendants' statements about who was involved in the decision to issue the NTO and their stated reason(s) why it was issued, *see* ECF No. 403, at 2–7. *Cf. In re Verizon Wireless*, 2019 WL 4415538, at *3, *6 (quashing third-party subpoena that sought "more than three years

of call histories" for cell phones issued by county government to police officers, "without limiting the scope to the allegations raised" in the operative complaint, because "every conceivable phone communication would be in play, from conversations about the need for adjusting police manpower and assignments, to efforts to schedule dental appointments," and any "benefit remaining" in obtaining call logs was "no more than residue considering the issues in the case").

Level 3 Communications is directed to produce any responsive documents directly to counsel of record for the UVA Defendants. Counsel shall have **seven (7) days** from the date they receive access to these documents to review them and produce any relevant information to Plaintiff's counsel. *See* Order of Dec. 20, 2021, at 2, ECF No. 266.

**3.** The UVA Defendants' second Motion to Quash Subpoena Duces Tecum to AT&T, ECF No. 402, is **GRANTED in part**. Plaintiff's redacted subpoena to AT&T, ECF No. 402-1, at 8 ¶ 1, is hereby **MODIFIED** to request:

1. From December 29, 2018, to January 3, 2019, all call logs or text message logs, excluding the content of any text or voice messages, for phone number [redacted]-3457.

*See* Fed. R. Civ. P. 26(b)(2)(C)(iii). As modified, this request seeks information that may show Defendant Feilding used her personal cell phone to initiate or receive phone calls or text messages in the days before issuing the No Trespass Order, which arguably is relevant to the UVA Defendants' statements about who was involved in the decision to issue the NTO and their stated reason(s) why it was issued. *Cf. In re Verizon Wireless*, 2019 WL 4415538, at *6.

AT&T is directed to produce any responsive documents directly to counsel of record for the UVA Defendants. Counsel shall have **seven (7) days** from the date they receive access to these documents to review them and produce any relevant information to Plaintiff's counsel. *See* Order of Dec. 20, 2021, at 2.

4

4. The UVA Defendants' Motion to Quash Subpoena Duces Tecum to Verizon Wireless, ECF No. 412 (citing ECF No. 412-1, at 8 ¶¶ 1–5, 8–10), is **GRANTED**, and the Requests for Production in ¶¶ 1–5 and ¶¶ 8–10, ECF No. 412-1 at 8, are **STRICKEN**. Plaintiff has not shown that these Defendants' personal cell phone data logs, *see* ECF No. 420, at 2, contain information relevant to Plaintiff's remaining claim or defenses thereto, but even assuming the logs did contain relevant information, the UVA Defendants have shown that the proposed discovery is not proportional to the needs of this case considering the parties' relative access to other, more probative information, the data's minimal importance in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely negligible benefit, Fed. R. Civ. P. 26(b)(1). *See In re Verizon Wireless*, 2019 WL 4415538, at *6 (citing Fed. R. Civ. P. 26(b)(2)(C)(iii)).

5. Nonparty Angel Hsu's Motion to Quash Subpoena Duces Tecum to Verizon Wireless, ECF No. 406, seeking information related to Dr. Hsu's prior and current personal cell phone numbers, *see* ECF No. 412-1, at 8 ¶¶ 6–7, is **GRANTED in part**. Paragraph 6 in Plaintiff's redacted subpoena to Verizon Wireless, ECF No. 412-1, at 8 ¶ 6 (seeking "[f]rom August 1, 2016 to September 20, 2017, all records for phone number [redacted]-0602"), is **STRICKEN** as overly broad. *See In re Verizon Wireless*, 2019 WL 4415538, at *6 (citing Fed. R. Civ. P. 26(b)(2)(C)(iii)).

Paragraph 7, ECF No. 412-1, at 8 ¶ 7 (seeking "[f]rom September 20, 2017 to the present, all [such] records for phone number [redacted]-0335") is hereby **MODIFIED** to request:

> 7(a). From November 14, 2018, to November 16, 2018, all records for phone number [redacted]-0335 showing the date, time, and/or duration of any incoming voice calls; and

> 7(b). From November 19, 2018, to November 26, 2018, all records for phone number [redacted]-0335 showing the date, time, and/or duration of any incoming voice calls.

*See* Fed. R. Civ. P. 26(c)(2)(C)(iii). As modified, this request seeks information that may show the fact and duration of phone calls Plaintiff claims he placed to Dr. Hsu's current cell phone number while he was hospitalized at UVA Health System's Unit 5 East in Charlottesville, Virginia and Poplar Springs Hospital in Petersburg, Virginia on these dates. This information arguably is relevant to the UVA Defendants' stated reason(s) why a No Trespass Order was issued against Plaintiff in early January 2019. *Cf. In re Verizon Wireless*, 2019 WL 4415538, at *6.

Verizon Wireless is directed to produce any responsive documents directly to counsel of record for Dr. Hsu. The parties are directed to confer and, within **three (3) days** from the date of this Order, to provide Dr. Hsu's counsel of record all relevant phone numbers so he can review responsive documents for relevancy. *See* Order of Dec. 20, 2021, at 2. Dr. Hsu's counsel shall have **seven (7) days** from the date he receives access to these documents to review them and produce any relevant information to counsel for Plaintiff and for the UVA Defendants. *See id.*

**IT IS SO ORDERED.**

The Clerk shall send a copy of this Order to the parties.

ENTER: June 21, 2022

Joel C. Hoppe
U.S. Magistrate Judge