# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| KIERAN RAVI BHATTACHARYA, | CASE No. 3:19-cv-00054 |
| *Plaintiff,* | |
| v. | MEMORANDUM OPINION AND ORDER |
| JAMES B. MURRAY, JR., *et al.*, | |
| *Defendants.* | JUDGE NORMAN K. MOON |

### Opinion and Order on Rule 11(b) Sanctions

### I. Introduction

This matter comes before the Court on Plaintiff's response (Dkt. 522) to this Court's order for Plaintiff to show cause why sanctions should not be imposed for Plaintiff's filings regarding a non-party to this case. (Dkt. 516).

The Court issued the show cause order with respect to two of Plaintiff's filings: his response to Defendants' motion for summary judgment, which extensively detailed on the public docket the psychiatric condition and behaviors of Plaintiff's non-party ex-girlfriend (Dkt. 463) and his motion to compel the medical information of Plaintiff's ex-girlfriend (Dkt. 495), which included similar details. The Court ordered Plaintiff to show cause why he had not violated the Protective Order in this case (Dkt. 150) and Federal Rule of Civil Procedure 11(b).

The Court holds that Plaintiff's counsel has not violated the Protective Order, and, although the Court continues to harbor doubts whether Plaintiff's counsel filed these pleadings with the purpose to harass or embarrass the non-party, the Court will not issue sanctions at this time.

## II. Legal Standard

Rule 11(b)(1) states that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances [that] . . . it is not being presented for any improper purpose, such as to harass[.]"

The Fourth Circuit directs district courts considering Rule 11(b) sanctions to judge the objective reasonableness of counsel's pleadings, rather than their subjective intent. *In re Kunstler*, 914 F.2d 505, 518 (4th Cir. 1990). There are two essential steps for the Court to consider: one, whether sanctions are appropriate, and two, if so, what the appropriate sanction is. *See Byrd v. Hopson*, 108 F. App'x 749, 754–57 (4th Cir. 2004) (affirming district court's imposition of sanctions but reversing the particular sanction imposed). The Court must impose "the least extreme sanction reasonably calculated to achieve the appropriate punitive and deterrent purposes" of Rule 11(b). *Id.* at 756 (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1132 n. 112 (11th Cir. 2001)).

## III. Discussion

The Court ordered Plaintiff's counsel to show cause why their pleadings did not violate this case's Protective Order and Rule 11(b). After reviewing counsel's response, the Court is satisfied that the pleadings in question did not violate the Protective Order.

With respect to Rule 11(b), the question is not whether Plaintiff's counsel disclosed the non-party's medical records, or whether the non-party's medical information was previously part of the record in this case, as Plaintiff's counsel's response suggests. (*See* Dkt. 527 at 13-25). The question is whether the pleadings were presented for the purpose of harassment. In that regard, Plaintiff's counsel argues that it was necessary to include the details about the non-party's

psychiatric condition on the public docket because those details allegedly responded to the "pretextual nature" of Defendants' stated reasons for Plaintiff's suspension from the UVA School of Medicine. (Dkt. 527 at 20).

    That argument is meritless. The pleadings in question were a response to Defendants' motion to dismiss and a motion to compel motivated by Defendants' motion for summary judgment. The purpose of a response to a motion for summary judgment is to direct the Court to the evidence in the record that creates a genuine dispute of material fact. This case was a First Amendment retaliation case. The core question at summary judgment was whether there was a genuine dispute that Defendants retaliated against Plaintiff because of the content of his speech. The only remotely legitimate purpose that Plaintiff's counsel identifies for including the details about the non-party's psychiatric condition is that Defendants (per Plaintiff) used her complaints about Plaintiff's behavior as pretext for suspending Plaintiff from the medical school, while their actual reason for suspending him was his protected speech. (*See* Dkt. 527 at 8, 13–25). But there was zero evidence to substantiate that justification—*i.e.*, that Defendants conspired to "exploit" the non-party to create pretext for suspending Plaintiff for his protected speech.[1] And even if there had been, the gratuitous details about the non-party's psychiatric condition would still be irrelevant; the relevant evidence would be when and how Defendants used the non-party's condition as pretext to suspend Plaintiff for his protected speech.

    The response to the show cause order identifies no other remotely legitimate excuse. The response to the show cause order states that the non-party "does not 'ha[ve] a reasonable

---

[1] The response to the motion for summary judgment states that one of the UVA Defendants was "all too willing to simultaneously exploit and be exploited by this troubled individual to punish Mr. Bhattacharya and try to cover UVA's tracks about the reasons for doing so." (Dkt. 463 at 9).

3

expectation of privacy concerning the intimate details of her medical treatment and medication" because she disclosed that information to Defendants. (Dkt. 527 at 20) (quoting Dkt. 508 at 4). Similarly, the response states that "if [the non-party] wanted privacy with respect to what prescription drugs she took or did not take, then she should have not disclosed those details to others[.]" (Dkt. 527 at 21). But what actions the non-party took or did not take to protect her medical information is of little consequence to the question of whether Plaintiff's counsel included those details in the pleadings with the purpose of harassing or embarrassing her.

Plaintiff's counsel also argues that the details included in the pleadings were a legitimate response to Defendants' statement in their memorandum in support of their motion for summary judgment that "This is a case about mental illness." (Dkt. 527 at 20) (quoting Dkt. 460 at 1). But the fact that *Plaintiff's* mental condition was at issue—because it was Defendants' stated basis for taking adverse action against him—does not somehow automatically make a non-party witness's mental condition also at issue.

The Court emphasizes that the problem with Plaintiff's pleadings is not just that they included details about her psychiatric condition, but the extraordinary and unwarranted level of detail in which they did so. On the public docket. The Court points particularly to the allegations on pages 8–9 of Plaintiff's response to the motion for summary judgment (which are quoted nearly in full in the motion to compel), which go into painstaking detail about the non-party's psychiatric condition (including details significantly predating the events at issue in this case) and make an at-best-tenuous attempt to tie those details into the argument of the pleading.

Simply put, the allegations relating to the non-party in Plaintiff's response to Defendants' motion for summary judgment bore no legitimate purpose. They did not advance Plaintiff's argument that there were genuine disputes of material fact in this case. The gratuitous level of

4

detail included was seemingly designed to embarrass the non-party. The actions that the non-party took or did not take to protect her medical information do not give Plaintiff license to re-broadcast that information without proper purpose. The fact that Plaintiff's psychiatric condition was at issue in this case (because it was Defendants' argument for why they suspended him from the School of Medicine) does not make a non-party's psychiatric condition an issue. The same reasons apply to the motion to compel, which Plaintiff filed in response to Defendants' motion for summary judgment and quoted Plaintiff's response to the summary judgment motion at length. (*See* Dkt. 495 at 6).

However, the Court will not issue sanctions at this time, finding that although there was no legitimate basis for the including the details in question in their pleadings, that Plaintiff's counsel has adequately addressed the Court's concerns by moving to redact the details in question and by responding to the Court's show cause order.

## IV.  Conclusion

For those reasons, the show cause order (Dkt. 516) is hereby dismissed. The Court notes that the non-party's motion for attorney's fees (Dkt. 521) remains under advisement.

It is so **ORDERED**.

The Clerk of Court is directed to deliver this opinion and order to all counsel of record.

Entered this 24th day of August 2022.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE